**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| SOL IP, LLC | § § § | |
| v. | § § | Case No. 2:18-CV-0526-RWS-RSP LEAD CASE |
| AT&T MOBILITY LLC | § § | |

**JOINT MOTION FOR ENTRY OF A**
**PARTIALLY DISPUTED DOCKET CONTROL ORDER**

Plaintiff Sol IP, LLC ("Plaintiff") and Defendants AT&T Mobility LLC, Cellco

Partnership d/b/a Verizon Wireless, Verizon Communications, Inc., Sprint Communications

Company L.P., Sprint Corporation, Sprint Solutions, Inc. and Sprint Spectrum L.P. (together,

"Defendants") hereby move the Court for entry of a proposed Docket Control Order.

**INTRODUCTION**

The parties have met and conferred but have been unable to reach agreement on the

docket control schedule in this case.  The parties' disagreements on the remaining deadlines in

this case are set forth in the schedule below:

| Date Provided by the Court[1] | Plaintiff's Proposed Dates | Defendants' Proposed Dates | Event |
|---|---|---|---|
| June 15, 2020 | | | *Jury Selection – 9:00 a.m. in **Marshall** before Judge Robert Schroeder |
| May 21, 2020 | | | *Pretrial Conference – 9:00 a.m. **Marshall, Texas** before Judge Roy Payne |

---

[1] These dates are taken from the Docket Control Order the Court provided the parties at
the February 7, 2019 Case Management Conference.  The Court previously granted an extension
for Plaintiff's deadline to comply with P.R. 3-1 and 3-2, and Defendants' deadline to comply
with P.R. 3-3 and 3-4:  Those deadlines are now March 11, 2019 and July 20, 2019, respectively.
Dkt. 25.

| Date Provided by the Court[1] | Plaintiff's Proposed Dates | Defendants' Proposed Dates | Event |
|---|---|---|---|
| May 11, 2020 | | | *Notify Court of Agreements Reached During Meet and Confer<br><br>The parties are ordered to meet and confer on any outstanding objections or motions *in limine*. The parties shall advise the Court of any agreements reached no later than 1:00 p.m. three (3) business days before the pretrial conference. |
| May 11, 2020 | | | *File Joint Pretrial Order, Joint Proposed Jury Instructions, Joint Proposed Verdict Form, Responses to Motions *in Limine*, Updated Exhibit Lists, Updated Witness Lists, and Updated Deposition Designations |
| May 4, 2020 | | | *File Notice of Request for Daily Transcript or Real Time Reporting.<br><br>If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Shelly Holmes, at shelly_holmes@txed.uscourts.gov. |
| April 27, 2020 | | | File Motions *in Limine*<br><br>The parties shall limit their motions *in limine* to issues that if improperly introduced at trial would be so prejudicial that the Court could not alleviate the prejudice by giving appropriate instructions to the jury. |
| April 27, 2020 | | | Serve Objections to Rebuttal Pretrial Disclosures |
| April 20, 2020 | | | Serve Objections to Pretrial Disclosures; and Serve Rebuttal Pretrial Disclosures |
| April 6, 2020 | | | Serve Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) by the Party with the Burden of Proof |

| Date Provided by the Court[1] | Plaintiff's Proposed Dates | Defendants' Proposed Dates | Event |
|---|---|---|---|
| March 23, 2020 | | | *Response to Dispositive Motions (including *Daubert* Motions). Responses to dispositive motions that were filed <u>prior</u> to the dispositive motion deadline, including *Daubert* Motions, shall be due in accordance with Local Rule CV-7(e), not to exceed the deadline as set forth in this Docket Control Order.[2] Motions for Summary Judgment shall comply with Local Rule CV-56. |
| N/A | Plaintiff thinks this conference is not needed. | March __, 2020 | Case Management Conference – _____ **Marshall, Texas** before Judge Robert Schroeder |
| March 9, 2020 | | | *File Motions to Strike Expert Testimony (including *Daubert* Motions)<br><br>No motion to strike expert testimony (including a *Daubert* motion) may be filed after this date without leave of the Court. |
| March 9, 2020 | | | *File Dispositive Motions<br><br>No dispositive motion may be filed after this date without leave of the Court.<br><br>Motions shall comply with Local Rule CV-56 and Local Rule CV-7.  <u>Motions to extend page limits will only be granted in exceptional circumstances.  Exceptional circumstances require more than agreement among the parties.</u> |
| March 2, 2020 | Agreed:  March 5, 2020 | | Deadline to Complete Expert Discovery |

---

[2] The parties are directed to Local Rule CV-7(d), which provides in part that "[a] party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." If the deadline under Local Rule CV 7(e) exceeds the deadline for Response to Dispositive Motions, the deadline for Response to Dispositive Motions controls.

| Date Provided by the Court[1] | Plaintiff's Proposed Dates | Defendants' Proposed Dates | Event |
|---|---|---|---|
| N/A | March 2, 2020, or two days before the expert's deposition (whichever is earlier) | Defendants do not agree to add reply expert reports. | Serve Disclosures for Expert Testimony intended solely to contradict or rebut evidence in rebuttal expert witness reports under FRCP 26(a)(2)(D)(ii) |
| February 18, 2020 | | February 25, 2020 | Serve Disclosures for Rebuttal Expert Witnesses |
| January 27, 2020 | Agreed:  January 20, 2020 | | Deadline to Complete Fact Discovery and File Motions to Compel Discovery |
| January 27, 2020 | | January 20, 2020 | Serve Disclosures for Expert Witnesses by the Party with the Burden of Proof |
| January 2, 2020 | Agreed:  February 28, 2020 | | Deadline to Complete Mediation<br><br>The parties are responsible for ensuring that a mediation report is filed no later than 5 days after the conclusion of mediation. |
| December 26, 2019 | | | Comply with P.R. 3-7 (Opinion of Counsel Defenses) |
| December 4, 2019 | | | *Claim Construction Hearing – 9:00 a.m. in **Marshall, Texas** before Judge Roy Payne |
| November 20, 2019 | | | *Comply with P.R. 4-5(d) (Joint Claim Construction Chart) |
| November 13, 2019 | | | *Comply with P.R. 4-5(c) (Reply Claim Construction Brief) |
| November 6, 2019 | | | Comply with P.R. 4-5(b) (Responsive Claim Construction Brief) |
| October 23, 2019 | | October 9, 2019 | Comply with P.R. 4-5(a) (Opening Claim Construction Brief) and Submit Technical Tutorials (if any)<br><br>Good cause must be shown to submit technical tutorials after the deadline to comply with P.R. 4-5(a). |

| Date Provided by the Court[1] | Plaintiff's Proposed Dates | Defendants' Proposed Dates | Event |
|---|---|---|---|
| October 23, 2019 | | | Deadline to Substantially Complete Document Production and Exchange Privilege Logs<br><br>Counsel are expected to make good faith efforts to produce all required documents as soon as they are available and not wait until the substantial completion deadline. |
| October 9, 2019 | | September 25, 2019 | Comply with P.R. 4-4 (Deadline to Complete Claim Construction Discovery) |
| October 2, 2019 | | | File Response to Amended Pleadings |
| September 18, 2019 | | | *File Amended Pleadings<br><br>It is not necessary to seek leave of Court to amend pleadings prior to this deadline unless the amendment seeks to assert additional patents. |
| September 11, 2019 | | | Comply with P.R. 4-3 (Joint Claim Construction Statement) |
| August 21, 2019 | | | Comply with P.R. 4-2 (Exchange Preliminary Claim Constructions) |
| July 31, 2019 | | | Comply with P.R. 4-1 (Exchange Proposed Claim Terms) |
| July 20, 2019 | | | Comply with P.R. 3-3 & 3-4 (Invalidity Contentions) |
| N/A | September __, 2019 | April __, 2019 | Case Management Conference - _____ **Marshall, Texas** before Judge Roy Payne |
| March 11, 2019 | | | Comply with P.R. 3-1 & 3-2 (Infringement Contentions) |

| Date Provided by the Court[1] | Plaintiff's Proposed Dates | Defendants' Proposed Dates | Event |
|---|---|---|---|
| February 28, 2019 | | | *File Proposed Protective Order and Comply with Paragraphs 1 & 3 of the Discovery Order (Initial and Additional Disclosures)<br><br>The Proposed Protective Order shall be filed as a separate motion with the caption indicating whether or not the proposed order is opposed in any part. |
| February 21, 2019 | | | *File Proposed Docket Control Order and Proposed Discovery Order<br><br>The Proposed Docket Control Order and Proposed Discovery Order shall be filed as separate motions with the caption indicating whether or not the proposed order is opposed in any part. |
| February 14, 2019 | | March 14, 2019 | Join Additional Parties |

(*) indicates a deadline that cannot be changed without showing good cause.  Good cause is not shown merely by indicating that the parties agree that the deadline should be changed.

## THE PARTIES' POSITIONS

### A.      Plaintiff's Position

With one exception, Plaintiff does not seek contested changes to the sample Docket Control Order the Court provided the parties on February 7, 2019.  Not so for Defendants.  They propose a substantial number of problematic changes to the Court's proposed schedule.  Their proposed changes are premature and, in many instances, patently unfair to Plaintiff.  The Court should reject them.

Plaintiff was hopeful to reach agreement with Defendants on a Docket Control Order. The parties exchanged multiple draft orders in advance of the Court's original February 21, 2019 deadline.  With each exchange, Defendants added new disagreements.

Plaintiff's positions on the parties' disagreements are set forth below, in chronological order:

### 1.     *Deadline to Join Additional Parties*

The deadline to join additional parties (February 14, 2019) has already passed.  Dkt. 22. Defendants did not join any additional parties or request an extension of this deadline before it passed; nor have they explained to Plaintiff why more time is needed.  Defendants should not be allowed more time to join additional parties without seeking leave.

### 2.     *April 2019 Case Management Conference*

Defendants propose to hold a second case management conference in April 2019—weeks after Plaintiff serves its infringement contentions, and *months* before Defendants serve their invalidity contentions.  The Court has previously suggested holding a second case management conference after this case has sufficiently progressed.  But Defendants' proposed April 2019 conference will not serve that purpose.  The parties just appeared before the Court on February 7, after Plaintiff had already disclosed the claims it intends to assert.  *See* Dkt. 25 (calling for good-faith identification of claims intended to be asserted on January 24, 2019).

Plaintiff is amenable to a second case management conference.  But that conference will be productive only after the parties have exchanged infringement *and* invalidity conventions *and* proposed claim constructions.   At that point, the parties will be in a better position to understand the disputed issues and have an informed and meaningful conference.  For these reasons, Plaintiff proposes to hold the second case management conference in September 2019—after the

parties have exchanged infringement contentions, invalidity contentions, and preliminary claim constructions, but before claim construction briefing begins.

      3.          *Deadline to Comply with P-R 4.4; Deadline to Comply with P.R. 4-5(a)*

Plaintiff proposes to follow the claim construction schedule the Court originally proposed, which grants the parties adequate time to complete claim construction discovery and briefing.

Defendants propose to move up two claim construction deadlines by two weeks:  first, the deadline to complete claim construction discovery (from October 9, 2019 to September 25, 2019); second, Plaintiff's deadline to file its opening claim construction brief (from October 23, 2019 to October 9, 2019).   Defendants do not seek to change their deadline to file a responsive claim construction brief under P.R. 4-5(b), and they have not proposed to enlarge Plaintiff's time to file a reply claim construction brief under P.R. 4-5(c).   So under Defendants' proposal, Plaintiff will have to file its opening claim construction brief two weeks early; Defendants will have two additional weeks—i.e., a full month—to respond; but Plaintiff will continue to have only one week to reply.[3]

Defendants' proposed changes are lopsided, unwarranted, and unfair to Plaintiff.  There is no need for the Court to cut claim construction discovery short.  There is no need for the Court to give Defendants a full month—twice as long as this District's traditional schedule allows—to respond to Plaintiff's claim construction brief.  And there is no need for the Court to grant Defendants' requests now, when the parties are months away from engaging in any claim construction.

---

[3] In the interests of compromise, Plaintiff offered Defendants a counter-proposal that gave each side one additional week—i.e., one added week for Defendants' response and one added week for Plaintiff's reply.  Defendants rejected that counter-proposal.

4.     *Serve Disclosures for Expert Witnesses by the Party with the Burden of Proof; Serve Disclosures for Rebuttal Expert Witnesses*

Plaintiff proposes to follow the Court's deadlines for serving opening and rebuttal expert reports.

Defendants do not.  Defendants propose (1) to move up the deadline to serve opening expert reports by one week, from January 27, 2020 to January 20, 2020; and (2) to extend the deadline to serve rebuttal expert reports by one week, from February 18, 2020 to February 25, 2020.

These proposals are more of the same from Defendants, and the Court should reject them. There is no need to move up the deadline to serve opening expert reports—especially because Defendants' proposed deadline will coincide with the parties' agreed-upon date for the close of fact discovery (January 20, 2020), which will be logistically difficult for all parties.  Defendants have not demonstrated a need to shorten the time to serve expert reports while simultaneously *expanding* the time to respond.

5.     *Serve Disclosures for Expert Testimony intended solely to contradict or rebut evidence in rebuttal expert witness reports under F.R.C.P. 26(a)(2)(D)(ii)*

Plaintiff proposes that it be allowed to serve expert reports intended solely to contradict or rebut evidence in rebuttal expert witness reports, as allowed under Federal Rule of Civil Procedure 26(a)(2)(D)(ii), on the earlier of March 2, 2020 or two days before the expert's deposition.  Under that Federal Rule, the deadline is not until 30 days after a rebuttal report is served, but in this case that would put the deadline after the close of expert discovery.  Plaintiff's proposed deadline ensures timely disclosure and fairness for the parties.

6.      *March 2020 Case Management Conference*

Defendants propose to hold a *third* case management conference in March 2020, and they

insist that it be held before Judge Schroeder.

Plaintiff believes it is unnecessary to schedule yet another case management conference,

particularly because Defendants' proposed conference would occur just two months before the

May 21, 2020 pretrial conference.  To the extent having a *pre*-pretrial conference would be

beneficial, that is something that can be decided in early 2020 based on the state of the case at

that time.  In addition, Plaintiff's position is that it rests within the Court's discretion to decide

whether Judge Schroeder or Judge Payne (to whom this case has been assigned for pretrial

purposes) will hold that conference.

**B.      Defendants' Position**

Defendants set forth their positions on the disputed items identified above in the proposed

schedules, in chronological order in which they occur in the schedule.

1.      *Overall case schedule*

As expressed at the Scheduling Conference on February 7, 2019, Defendants object to the

timing of the schedule imposed, including the limited time for fact discovery, limited time for

expert discovery and the short time between now and trial, because it does not provide for

sufficient time to enable Defendants to prepare a full and fair defense in this case, and therefore

prejudices Defendants and raises due process and fundamental fairness concerns.  There are

currently 25 patents asserted, with a 26th patent Plaintiff indicated will soon to be added.  The 25

asserted patents represent 16 distinct patent families.  Sol IP accuses LTE and WiFi network and

handset equipment.  Sol IP recently submitted its initial good faith identification of asserted

claims, which asserts in excess of 400 claims.

There will also be significant foreign discovery.  There are 32 separate named inventors across the patents; each appears to be based in Korea.  The owner of the patents (to which Sol IP asserts it has an exclusive license) is the Electronics and Telecommunication Research Institute ("ETRI"), which is also based in Korea.  In addition, discovery regarding ETRI's interaction with the standards body that oversees LTE will require discovery from the European Telecommunications Standards Institute ("ETSI"), which is based in France.  Without agreement from Plaintiff to produce all inventors and ETRI witnesses in the US and to stipulate to documents submitted to, exchanged within, or issued by ETSI being admissible business records that were published or made publicly available on dates certain, a vast amount of foreign discovery through the Hague Convention will be required.  Such a process can take over nine months and often in excess of a year.

To date, Plaintiff has not agreed to produce all inventors and ETRI witnesses in the US despite defendants requesting plaintiff's position on such accommodations a month ago.  Moreover, Plaintiff has indicated that many documents are expected to be in Korean.  As a result, Defendants believe that the schedule should be modified to a timeframe consistent with Defendants' prior proposal of 30 months-to-trial.

### 2. *Deadline to Join Additional Parties*

Defendants propose that this deadline should be moved back a modest amount, to March 14, 2019, so that all parties can assess whether additional parties need to be joined.  The complexity of this case requires substantial investigation as to whether additional parties need to be joined.  As an example, Defendants have many vendors that supply or sell equipment or devices that have been accused of infringement.  To date, Plaintiff has refused to inform Defendants which of those vendors are licensed.  As such, Defendants cannot yet identify which vendors may be implicated by the infringement allegations and who may need to be joined as

parties.   Allowing a month to obtain the necessary information from Plaintiff and conduct an investigation seems reasonable, and there is no prejudice to Plaintiff.

### 3.       *April 2019 Case Management Conference*

Defendants propose a case management conference after the parties answer during the month of April 2019, at the convenience of the Court and as the Court invited at the end of the scheduling conference in Chambers.   This conference will be more useful at this time than in September 2019, when Plaintiff proposes.  By April, the parties will have a much better sense of discovery issues, including the extent and timing of foreign discovery.  Moreover, having served its infringement contentions, Plaintiff should be in a position to narrow its claims *before* the parties need to embark on invalidity and claim construction contentions on almost 400 claims, 95% of which will be dropped shortly thereafter with the first claim narrowing.  In a case this size, with as many issues as will likely arise under the current schedule, Defendants submit that an early case management conference after infringement contentions have been served and the scope of discovery has been ascertained will promote efficient management of this case.

### 4.       *Claim construction schedule*

Defendants object to Plaintiff's proposal to have the responsive claim construction brief due 14 days after the opening brief in a case involving 26 patents.  Plaintiff  has said that it will assert at least 26 patents.  Given the number of patents asserted, there are likely to be a huge number of claim construction disputes that will be addressed in claim construction briefing.  For example, if there are only four disputes per patent, there would be over 100 terms at issue in claim construction.  It is not reasonable to allow Plaintiff weeks to prepare its opening claim construction brief (knowing well in advance which claims it will ultimately assert), and then to allow Defendants only two weeks to respond to such a large number of issues.   Thus, Defendants' proposal allows four weeks instead of the typical two for responsive claim

construction brief.  Defendants are amenable to extending the time for Plaintiff's reply brief by a week to alleviate any purported prejudice Plaintiff identifies by not having enough time to reply.

Plaintiff complains that Defendants' proposal concerning claim construction briefing cuts into claim construction discovery.  That choice is merely a result of the unmovable dates of the reply claim construction brief and joint claim construction statement.[4]  Since those dates cannot move, Defendants proposed building in additional briefing time from the nearly one month that was devoted to claim construction discovery.

### 5.   *Schedule for expert reports*

Defendants contend that additional time between opening expert reports and rebuttal expert reports is needed given that 26 patents are asserted in this case.  Plaintiff's proposed schedule only allows a mere 3 weeks.   Defendants' schedule allows closer to 5 weeks. Defendants accomplished this change, within the confines of the Sample Order, by moving the opening reports up a week and the responsive reports back a week.

This change in time for responsive expert reports is necessitated by the scope of this case. Plaintiff can spend as long as it wants preparing its opening expert reports on infringement and damages for the 26 asserted patents.  Under Plaintiff's proposed schedule, Defendants will have only three weeks to respond to those reports.   Defendants' proposal does not move any unmovable dates and does not in any way prejudice Plaintiff.   Indeed, Plaintiff does not even suggest that it would suffer any prejudice by Defendants' proposal.

As for Plaintiff's complaint that Defendants' proposal would make opening reports coincide with the close of fact discovery, that is a common occurrence in patent schedules.  If

---

[4]         Those dates are identified with an asterix in the Sample Order.

there is truly a concern, Defendants would not object to moving the opening expert reports to January 22, 2020, which would be two days after the close of fact discovery.

6.      *Plaintiff's request for reply expert reports*

The Court's Sample Order does not contemplate reply reports.  Plaintiff's reliance on the Federal Rules of Civil Procedure is misplaced, as the cited Rule 26(a)(2)(d)(ii) provides a default "absent a stipulation or court order."  If there is a court order governing expert disclosures, as there will be in this case, each "party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(d).  Plaintiff provides no basis to depart from the Sample Order and provide reply expert reports.

Further, even if reply expert reports were added, there would be insufficient time to prepare them and not enough time to conduct expert depositions.  Receiving a reply expert report two days before an expert's deposition is insufficient time.  Given the Court's schedule in this case, it is not practical to add a third round of expert reports.

7.      *March 2020 Case management conference*

Defendants propose a case management conference after the filing of dispositive motions during the month of March 2020, at the convenience of the Court, to discuss scope and format of trial.  The reason for this conference in advance of the pre-trial conference is that the Court will then know what issues remain for trial against which defendants.  Thus the Court will be in a position to make an informed decision about how the trial(s) will proceed.  Waiting until the pretrial conference to do so leaves very little time for the parties to prepare for trial, including scheduling witnesses for travel depending on which issues are to be tried at which times. Finally, Defendants do not mean to presume whether Judge Schroeder or Judge Payne would preside over such a conference.  Of course, whoever the Court deems appropriate should preside over the hearing.

Dated:  February 26, 2019

Respectfully submitted,

*/s/ Max L. Tribble Jr.*

Max L. Tribble Jr.
Texas State Bar No. 20213950
mtribble@susmangodfrey.com
Bryce T. Barcelo
Texas State Bar No. 24092081
bbarcelo@susmangodfrey.com

**SUSMAN GODFREY LLP**
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Kalpana Srinivasan
California State Bar No. 237460
ksrinivasan@susmangodfrey.com
Kathryn P. Hoek
California State Bar No. 219247
khoek@susmangodfrey.com
**SUSMAN GODFREY LLP**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

Daniel J. Shih
Washington State Bar No. 37999
dshih@susmangodfrey.com
**SUSMAN GODFREY LLP**
1201 Third Avenue, Suite 3800
Seattle, Washington 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883

Jason Bertoldi
New York State Bar No. 5438916
jbertoldi@susmangodfrey.com
**SUSMAN GODFREY LLP**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

15

S. Calvin Capshaw
Texas State Bar No. 03783900
ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
Texas State Bar No. 05770585
ederieux@capshawlaw.com
**CAPSHAW DERIEUX LLP**
114 East Commerce Avenue
Gladewater, TX 75647
Telephone: (903) 845-5770

Seong Jun Park
edward.park@fidelis-laws.com
**FIDELIS LAW GROUP PLLC**
444 W Broad St Unit 426
Falls Church, VA 22046
Telephone: (571) 310-2302

*Attorneys for Plaintiff Sol IP, LLC*

*/s/ Theodore Stevenson III*
Theodore Stevenson III, Lead Attorney
TX State Bar No. 19196650
tstevenson@mckoolsmith.com
Nicholas Mathews
TX State Bar No. 24085457
nmathews@mckoolsmith.com
**MCKOOL SMITH, PC**
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Josh Krevitt
Benjamin Hershkowitz
Brian Rosenthal (*pro hac vice*)
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
jkrevitt@gibsondunn.com
bhershkowitz@gibsondunn.com
barosenthal@gibsondunn.com

Brian M. Buroker
1050 Connecticut Avenue, N.W.
Washington, DC 2036-5306
Telephone: (202) 955-8541
bburoker@gibsondunn.com

Ryan Iwahashi
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: (650) 849-5367
riwahashi@gibsondunn.com

*Counsel for Defendant AT&T Mobility LLC*

*/s/ Ross R. Barton*
Michael J. Newton (TX Bar No. 24003844)
**ALSTON & BIRD LLP**
2200 Ross Avenue, Suite 2300
Dallas, Texas 75201-2748
Telephone: (214) 922-3400
Facsimile: (214) 922-3899
Email: Mike.Newton@alston.com

Ross R. Barton (NC Bar No. 37179)
**ALSTON & BIRD LLP**
101 South Tryon Street, Suite 4000
Charlotte, NC 28280
Telephone: (704) 444-1000
Facsimile: (704) 444-1111
Email: Ross.Barton@alston.com

David S. Frist (GA Bar No. 205611)
Michael C. Deane (GA Bar No. 498195)
**ALSTON & BIRD LLP**
1201 W. Peachtree St.
Atlanta, GA 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Email: David.Frist@alston.com
Email: Michael.Deane@alston.com

Michael E. Jones (TX Bar No. 10929400)
**POTTER MINTON, a Professional Corporation**
110 North College Ave., Suite 500
Tyler, Texas 75702
Tel: 903-597-8311
Fax: 903-593-0846
Email: mikejones@potterminton.com

*Attorneys for Defendants Verizon Communications Inc. and Cellco Partnership d/b/a Verizon Wireless*

*/s/ David E. Finkelson*
David E. Finkelson (*pro hac vice*)
Lead Attorney
Andriana S. Daly (*pro hac vice*)
MCGUIREWOODS LLP
800 East Canal Street
Richmond, VA 23219-3916
Telephone:  804-775-1000
Facsimile:  804-698-2016
dfinkelson@mcguirewoods.com
adaly@mcguirewoods.com

Robert W. Weber (TX 21044800)
SMITH WEBER LLP
5505 Plaza Drive
PO Box 6167
Texarkana, TX 75505
Telephone: 903-223-5656
Facsimile: 903-223-5652
bweber@smithweber

*Attorneys for Defendants Sprint Corporation; Sprint Communications Company L.P.; Sprint Solutions, Inc.; and Sprint Spectrum L.P.*

18

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has

been served on all counsel of record via the Court's ECF system on February 26, 2019.


/s/ *Max L. Tribble Jr.*
Max L. Tribble Jr.