**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| SOL IP, LLC | § | |
| | § | |
| v. | § | Case No. 2:18-CV-0526-RWS-RSP |
| | § | |
| AT&T MOBILITY LLC | § | |

**DISCOVERY ORDER**

After a review of the pleaded claims and defenses in this action, in furtherance of the

management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving

the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Initial Disclosures.**   In lieu of the disclosures required by Federal Rule of Civil

    Procedure 26(a)(1), each party shall disclose to every other party the following

    information:

    (a)    the correct names of the parties to the lawsuit;

    (b)    the name, address, and telephone number of any potential parties;

    (c)    the legal theories and, in general, the factual bases of the disclosing party's claims

          or defenses (the disclosing party need not marshal all evidence that may be

          offered at trial);

    (d)    the name, address, and telephone number of persons having knowledge of

          relevant facts, a brief statement of each identified person's connection with the

          case, and a brief, fair summary of the substance of the information known by any

          such person;

    (e)    any indemnity and insuring agreements under which any person or entity carrying

          on an insurance business may be liable to satisfy part or all of a judgment entered

in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f)     any statement of any party to the litigation.

2.     **Disclosure of Expert Testimony.**  A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

(a)     if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

(b)     for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3.     **Additional Disclosures.**  Without awaiting a discovery request,[1] each party will make the following disclosures to every other party:

(a)     provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

> **P.R. 3-1(g):** If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

---

[1]  The Court anticipates that this disclosure requirement will obviate the need for requests for production.

**P.R. 3-3(e)**: If a party claiming patent infringement exercises the provisions of P.R. 3-1(g), the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a P.R. 3-1(g) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b)     produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c)     provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4.     **Protective Orders.**  The Court will enter the parties' Agreed Protective Order.

5.     **Discovery Limitations.**   The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with the following limitations:

(a)  *Interrogatories*.  Plaintiff may serve up to twenty (20) common interrogatories to the Defendants, as well as ten (10) specific interrogatories to each Defendant Group. (A "Defendant Group" consists of the defendants in each member case.) The Defendants collectively may serve up to twenty (20) common interrogatories to  Plaintiff. In addition, each Defendant Group may serve up to ten (10) additional individual interrogatories to Plaintiff.

(b)     For purpose of clarity, an interrogatory or other discovery request served on each party shall be counted as a single request and not multiple requests, even if multiple entities are part of the party. Defendants shall make their best efforts to coordinate requests so as to avoid duplicative efforts.  An interrogatory seeking discovery regarding multiple patents counts as a single interrogatory.

(b)     *Requests for Admission*.

i.      Plaintiff may serve up to fifty (50) requests for admission on each Defendant Group.

ii.     Defendants may serve up to twenty-five (25) common requests for admission to Plaintiff.   In addition, each Defendant Group may serve up to twenty-five (25) individual requests for admission on Plaintiff.

iii.    Notwithstanding the limitations of 5(b)(i) and (ii), any party may serve an unlimited number of requests for admission that seek an admission as to (a) the authenticity of a particular document or thing, (b) the admissibility of a particular document or thing, and/or (c) whether a document qualifies as a printed publication under 35 U.S.C. § 102.

iv.     The parties are required to meet and confer in good faith prior to serving any requests for admissions directed solely to the authentication of documents and things to determine whether the requests are necessary and/or reasonable.  Prior to serving any request for admission regarding the admissibility of documents, each party agrees to request that the opposing party stipulate to the admissibility of such documents.   If the opposing party fails to stipulate to the admissibility of all such documents within two

weeks of such request for stipulation, the requesting party may serve on the

opposing party requests for admission on all documents whose

admissibility has not been stipulated.

(c)     *Fact Depositions Under Fed. R. Civ. P. 30(b)(1), 30(b)(6) and 45.*

i.     Plaintiff shall be permitted up to 70 hours of  deposition  time  for  each

Defendant  Group's  witnesses,  including depositions under Rule 30(b)(1)

and 30(b)(6).

ii.     Defendants  shall  be  permitted  up  to seventy (70) hours total Rule 30

deposition time for Plaintiff's witnesses.

iii.     The  parties  shall  seek  to  limit  each  witness  to  one  appearance  by,  for

instance,  not  serving  successive  30(b)(6)  notices.  Unless  otherwise

stipulated, ordered, or set forth in this order, the time limit for any one

individual deposition will be no more than seven (7) hours.

iv.     In addition to the limits set forth above, Plaintiff may take up to eighty

(80) hours of third party deposition testimony (not including inventors).

Further, each Defendant Group may take up to sixty (60) hours of third party

deposition testimony (not including inventors).

Unless otherwise stipulated, noted, or ordered, a subpoena for documents or

testimony served by one Defendant may be used in this case by all Defendants

but only to the extent permitted by the terms of the Protective Order entered in

this case.  Similarly, questions posed or objections lodged by one Defendant

during a 30(b)(1), 30(b)(6), or third-party deposition shall be treated as having

been posed or lodged by all Defendants, unless otherwise specified.

v.      Unless otherwise agreed, ordered, or set forth in this order with respect to inventor and expert depositions, a witness will appear only once for a deposition of no more than seven (7) hours.  For example, absent agreement of the parties otherwise, to the extent a party seeks a Rule 30(b)(1) deposition of a corporate designee for a Rule 30(b)(6) topic, the Rule 30(b)(1) deposition will take place on the same day as the Rule 30(b)(6) deposition and the total deposition time for that witness shall be no more than seven (7) hours.

vi.    Each party reserves the right to seek an adjustment of these time limits based upon changes to the scope of discovery, or the addition or dismissal of any parties, in this case.  These provisions, further, may be amended by agreement of the parties.  The parties shall coordinate depositions to reduce redundancy and inconvenience to the parties.

(d)    *Inventor Depositions.*

i.      Depositions of any inventor of the asserted patents are not included in the hour limitations set forth above.

ii.    Defendants collectively may depose any inventor for four (4) hours and then each Defendant Group may depose the inventor for three (3) additional hours.

iii.    Plaintiff may depose any inventor for four (4) hours.

iv.    Fact deposition testimony of inventors is exclusive of any time the inventor spends testifying as either a designated party witness or expert witness.

(e)   *Translated Depositions.*

      i.    For any deposition that requires a translation between English and any foreign language for all or nearly all of the deposition, the time limits set forth above shall be increased by 50%.  For purposes of clarity, if an entire deposition is translated, the taking party is entitled to ten and a half (10.5) hours of deposition time, of which seven (7) hours shall count towards the deposition limits established in this Order and by the Federal Rules of Civil Procedure.  In no event, however, shall a witness be required to testify for more than seven (7) hours of actual deposition time in one day.

(f)   *Expert Depositions.*

      i.    Depositions of experts are not included in the hour limitations set forth above.

      ii.    Each party may depose each expert that serves an opinion against that party for up to seven (7) hours.

      iii.    Defendants shall use their best efforts to coordinate their depositions so that witnesses do not have to be deposed at different times by different Defendant Groups.

Any party may later move to modify these limitations for good cause.

**6.**   **Privileged Information.**   There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference.  By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess

the applicability of the privilege or protection.  Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log.  If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7.  The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.

7.  **Signature.**  The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.  If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5.  The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8.  **Duty to Supplement.**  After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9.  **Discovery Disputes.**

    (a)     Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written

statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

(b)     An opposed discovery related motion, or any response thereto, shall not exceed seven (7) pages. Attachments to a discovery related motion, or a response thereto, shall not exceed five (5) pages. No further briefing is allowed absent a request or order from the Court.

(c)     Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (see Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention. Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two (2) pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion

hearing set by the Court (though the lead attorney is not required to argue the motion).

(d)     Any change to a party's lead attorney designation must be accomplished by motion and order.

(e)     Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e).  If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10.     **No Excuses.**  A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.  Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11.     **Filings**.  Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12.      **Stipulations by the Parties Regarding Discovery:**

(a)     The parties agree to accept service of letters, discovery requests, and other documents (except in the case of documents required to be filed with the Court electronically, the service of which is governed by the Local Rules, or documents that are too voluminous for email) in PDF format via email.

(b)     Notwithstanding paragraph 6 of this Order, the parties are not required to identify on a privilege log  any documents or information withheld as privileged or protected that were created after the filing date of the Complaint.

**IT IS SO ORDERED.**

**SIGNED this 1st day of March, 2019.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE