**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| SOL IP, LLC ) | |
| Plaintiff, ) | **CIVIL ACTION NO. 2:18-CV-00526-RWS-RSP** |
| ) | |
| v. ) | |
| ) | |
| AT&T MOBILITY LLC, ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | **LEAD CASE** |
| ) | |
| ) | |
| ) | |
| SOL IP, LLC ) | |
| Plaintiff, ) | **CIVIL ACTION NO. 2:18-CV-00527-RWS-RSP** |
| ) | |
| v. ) | |
| ) | |
| SPRINT CORPORATION ; SPRINT ) | **JURY TRIAL DEMANDED** |
| COMMUNICATIONS COMPANY L.P.; ) | |
| SPRINT SOLUTIONS, INC.; and ) | |
| SPRINT SPECTRUM L.P., ) | |
| Defendants. ) | |
| ) | |
| SOL IP, LLC ) | |
| Plaintiff, ) | **CIVIL ACTION NO. 2:18-CV-00528-RWS-RSP** |
| ) | |
| v. ) | |
| ) | |
| VERIZON COMMUNICATIONS INC. ; ) | **JURY TRIAL DEMANDED** |
| and CELLCO PARTNERSHIP d/b/a ) | |
| VERIZON WIRELESS, ) | |
| Defendants. ) | |
| ) | |
| ) | |

**STIPULATED PROTECTIVE ORDER**

WHEREAS, Plaintiff Sol IP, LLC, Defendants AT&T Mobility LLC, Sprint

Communications Company L.P., Sprint Solutions, Inc., Sprint Spectrum L.P., Cellco Partnership

d/b/a Verizon Wireless, and Intervenor Ericsson, Inc.[1], hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.   Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").  Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL."  The word "CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought.  For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice  of  the designation of some or all of that transcript as "CONFIDENTIAL."

2.   Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only"

---

[1]     For purposes of this Protective Order, the term "Defendants" shall include Ericsson, Inc.

shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.     With respect to documents, information or material designated "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[2] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.     A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time.   Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by

---

[2] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

notifying the recipient(s), as soon as reasonably possible after the producing Party

becomes aware of the inadvertent or unintentional disclosure, and providing replacement

Protected Material that is properly designated.  The recipient(s) shall then destroy all copies

of the inadvertently or unintentionally produced Protected Materials and any documents,

information or material derived from or based thereon.

5.      "CONFIDENTIAL" documents, information and material may be disclosed only to the

following persons, except upon receipt of the prior written consent of the designating party,

upon order of the Court:

(a)      outside counsel of record in this Action for the receiving Party;

(b)      supporting personnel employed in the law firm(s) of outside counsel of record,
such as attorneys, paralegals, legal translators, legal secretaries, legal clerks and
shorthand reporters to whom it is reasonably necessary to disclose the information
for this litigation;

(c)      [PLAINTIFF'S PROPOSAL:  up to and including three (3) designated
representatives of each of the Parties who either have responsibility for making
decisions dealing directly with the litigation of this Action, or who are assisting
outside counsel in the litigation of this Action, except that (i) a Party may in good
faith request the other Parties' consent to designate one or more additional
representatives, the other Parties shall not unreasonably withhold such consent,
and the requesting Party may seek leave of Court to designate such additional
representative(s) if the requesting party believes the other Party/Parties has/have
unreasonably withheld such consent; and (ii) Defendants' representatives under
this paragraph shall not have access to any Co-Defendants' "CONFIDENTIAL"
documents, information or material;]

[DEFENDANTS' PROPOSAL:  up to three (3) in-house counsel for the Parties
(who shall be identified by each Party to the other Parties) who either have
responsibility for making decisions dealing directly with the litigation of this
Action, or who are assisting outside counsel in the litigation of this Action, except
that Defendants' in-house counsel and employees under this paragraph shall not
have access to any Co-Defendants' "CONFIDENTIAL" documents, information
or material;]

(d)      outside consultants or experts (i.e., not existing employees or affiliates of a Party
or an affiliate of a Party) retained for the purpose of this litigation, provided that:
[PLAINTIFF'S PROPOSAL:  (1) such consultants or experts are not presently

employed by the Parties hereto for purposes other than this Action;]

[**DEFENDANTS' PROPOSAL**: (1) such consultants or experts are not presently employed by the Parties or competitors to a Party for purposes other than this Action;]

(2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the Protected Material is to be given to that consultant or Undertaking to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. Along with the curriculum vitae, the following information shall be provided: employment history for the past three years and a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding five years. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(e)     independent litigation support services, including persons working for or as court reporters, videographers, translators, graphics or design services, jury or trial consulting services and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action, provided that all such outside vendors agree to maintain the confidentiality of DESIGNATED MATERIAL;

(f)     the Court and its personnel;

(g)     any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(h)     an author, signatory, or prior recipient of the document or the original source of the CONFIDENTIAL information. Such person shall be given access only to the specific document or information therein that the person authored, signed, or previously received.

6.     A Party shall designate documents, information or material as "CONFIDENTIAL" only

upon a good faith belief that the documents, information or material contains confidential

or proprietary information or trade secrets of the Party or a Third Party to whom the Party

reasonably believes it owes an obligation of confidentiality with respect to such documents,

information or material.

7.    Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.  Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.    To the extent that any one of Defendants in this litigation provides DESIGNATED MATERIAL under the terms of this Protective Order to Plaintiff, Plaintiff shall not share that material with the other Defendants in this litigation, absent express written permission from the producing Defendant.

9.    To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED -- ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

10.    For Protected Material designated RESTRICTED -- ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed

in paragraphs 5(a-b) and (d-h).

11.     For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE,

the following additional restrictions apply:

(a)     Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). Use or possession of any input/output device or other electronic device (e.g., USB memory stick, cameras, or any camera-enabled device, laptop, cellular telephones, etc.) is prohibited while in the room containing the stand-alone computer(s).

To the extent the producing Party does not waive this provision to allow the reviewer to utilize their own laptop to take notes, the reviewer shall be provided a laptop to take notes, and such notes shall be provided to the reviewing Party without review by the producing Party.  The stand-alone computer shall be provisioned with software sufficient to review and search the source code on the stand-alone computer.  Upon the receiving Party's request, other commercially available software tools for viewing and searching source code shall be installed on the computer, provided that (a) the receiving Party possesses an appropriate license to such software tools; and (b) the producing Party approves such software tools (which approval shall not be unreasonably withheld).  Such request and software shall be provided a at least ten (10) business days in advance of the date upon which the receiving Party wishes to have the additional software tools available for use on the computer.  Further, the stand-alone computer shall be of suitably modern grade, with a viewing screen measuring at least 21" diagonally, and with an external mouse and keyboard.

The stand-alone computer may be connected to a printer solely for the limited purposes permitted pursuant to paragraph 11 (h) below.  Additionally, the stand-alone computer may only be located at the offices of the producing Party's outside counsel (unless mutually agreed upon by the receiving and producing Parties);

(b)     The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. local time; However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c)     The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(d)     The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

(e)     Access to Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE shall be limited to (1) outside counsel; and (2) up to six (6) outside consultants or experts[3] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party), retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(d) above  A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(f)     To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated  as RESTRICTED CONFIDENTIAL SOURCE CODE;

(g)     No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code Material, except that the receiving Party may request a reasonable number of pages of Source Code Material to be printed on watermarked or colored pre-bates numbered paper, which shall be provided by the producing Party.

No more than 10% or 250 pages of the total Source Code produced by a producing Party, whichever is greater (but in no case more than a total of 5,000 pages from that producing Party), may be in printed form at any one time. If necessary, the receiving Party may request to print additional pages in excess of the amounts of a producing Party's total Source Code above, which request the producing Party will not unreasonably deny. In any event, no more than 50 pages of continuous Source Code will be printed without the authorization of the

---

[3] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

producing Party.

Within 5 business days or such additional time as necessary due to volume requested, the producing Party will provide a copy of the requested material on watermarked or colored paper bearing Bates numbers and the legend "RESTRICTED CONFIDENTIAL SOURCE CODE" unless objected to as discussed below.  The printed pages shall constitute part of the Source Code Material produced by the producing Party in this action. At the inspecting Parties' request, up to two additional sets (or subsets) of printed Source Code Material may be requested and provided by the producing Party in a timely fashion;

(h)     Except as set forth in paragraph 10(k) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically.

(i)     The receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed or photocopied;

(j)     Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

(k)     If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g*., a hotel prior to a Court proceeding or deposition); and

(l)     The receiving Party's outside counsel may only disclose a copy of the Source Code Material to individuals specified in paragraphs 5(a-b) and (d-h) above (not including jury consultants and mock jurors).  In no case shall any information designated as RESTRICTED CONFIDENTIAL SOURCE CODE by a Defendant be provided to any other Defendant or Defendant's counsel by any

Party or counsel absent explicit agreement from the Party designating the information;

(m)   Any technical advisor retained on behalf of a receiving Party who is to be given access to a producing Party's produced Source Code Material (whether in electronic form or otherwise) must agree in writing not to perform software development work directly or indirectly intended for commercial purposes relating to any functionality covered by the Source Code Material reviewed by such expert or consultant for a period of one year after the issuance of a final, non-appealable decision resolving all issues in the case, or two years after the expert or consultant ceases to have access to the Source Code Material, whichever is earlier. This shall not preclude such experts or consultants from consulting in future litigation, so long as such consulting does not involve software development work directly or indirectly intended for commercial purposes relating to any functionality covered by the Source Code Material reviewed by such expert or consultant; and

12.   Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive another Party's Protected Material related to the technical operation of a product or system in use or under development that is designated  RESTRICTED  --  ATTORNEYS'  EYES  ONLY and/or  RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not engage in any Prosecution Activity involving the field of

[**PLAINTIFF'S PROPOSAL**:  physical, MAC, and/or network layer technology for cellular telephony or wireless LAN communications]

[**DEFENDANTS' PROPOSAL**:  cellular telephony or wireless LAN communication]

during the pendency of this Action and for eighteen (18) months after its conclusion, including any appeals.  To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY

SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit. Participation in any post-grant proceeding, including but not limited to Inter Partes Review, Covered Business Method Review, and Post-Grant Review but excluding reissue, shall not constitute preparation or prosecution of a patent application.

13. Prosecution Activity shall mean

[**PLAINTIFF'S PROPOSAL**:  preparing, prosecuting, supervising, or assisting in the preparation or prosecution of patent applications relating to physical, MAC, and/or network layer technology for cellular telephony or wireless LAN communications on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate. Nothing in this paragraph prohibits any attorney representing a Party from advising a client as to whether a patent or claim is standard-essential.]

[**DEFENDANTS' PROPOSAL**:  any activity on behalf of any Party other than the producing Party related to (1) the preparation or prosecution (for any person or entity) of patent applications relating to cellular telephony or wireless LAN technology or advising or counseling clients regarding the same, including but not limited to providing any advice, counseling, preparing, prosecuting, editing, amending and/or drafting of claims, or communication with a domestic or foreign patent office for purpose of allowance of any claims, for any patent application, reexamination or reissue application before any domestic or foreign patent office; and/or (2) the acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the  right to

sublicense, relating to the functionality, operation, and design of cellular telephony or wireless LAN technology.]

Nothing in this paragraph shall prevent any attorney from sending non-confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor. Nothing in this provision shall prohibit any attorney of record in this litigation from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in this litigation with his/her client.

14.   Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.  Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material.  The recipient(s) shall gather and return all copies of such documents, information or other

material to the producing Party no later than five (5) business days after receiving a request for their return, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party..

15.   There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

16.   Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED

MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

17.     Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEY' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order.  Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.   Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "RESTRICTED – ATTORNEYS' EYES ONLY." To the extent that any DESIGNATED MATERIAL is protected by the Export Controls Act, or any similar federal or state law that prohibits such DESIGNATED MATERIAL from being transported outside of the United States, such material shall be additionally marked "EXPORT CONTROLLED," (or equivalent designation) and no party may remove, or cause to be removed, such DESIGNATED MATERIAL (whether in physical, electronic, or other form) produced by another Party from the territorial boundaries of the United States of America.   Notwithstanding this prohibition, DESIGNATED MATERIAL may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition in this litigation taken in a foreign country.

18.     Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER"

above the caption and conspicuously on each page of the filing.  Exhibits to a filing shall conform to the labeling requirements set forth in this Order.  If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

19.  The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

20.  A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.  If the designating Party does not agree to redesignation within five (5) days of receipt of the written request, the requesting Party may apply to the Court for relief.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.   In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.   Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

21.  Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this

Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

22. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

23. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED -- ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

24. Within sixty (60) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

25.    The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.    The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

26.    Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.    Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

27.    Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

28.    Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

29.    If at any time DESIGNATED MATERIAL in any form is subpoenaed by any court, arbitral, administrative or legislative body, or are otherwise requested in discovery, the

person or entity to whom the subpoena or other request is directed shall immediately (a) notify in writing the person or entity who caused the subpoena or other request to issue that some or all of the material covered by the subpoena or request is subject to a Protective Order and include a copy of this Order with such notice, (b) give written notice thereof to every Party or nonparty, and their counsel, who has produced such documents and include a copy of the subpoena or request with such notice, and (c) provide each such producing Party or nonparty with an opportunity to object to the production of such documents. The person or entity to whom the subpoena or other request is directed shall not take any position concerning the propriety of such request or subpoena or the discoverability of the information sought thereby that is adverse to any producing Party or producing nonparty opposing the request for production of such documents or materials.  If a producing Party or nonparty does not take steps to prevent disclosure of such documents within ten business days of the date written notice is given, the Party to whom the referenced subpoena is directed may produce such documents in response thereto, but shall take all reasonable measures to have such documents treated in accordance with terms of this Protective Order.

30. Testifying experts shall not be subject to discovery of any draft of their reports in this case, and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery. In addition, all communications between counsel for a Party and that Party's testifying expert(s) related to this case or the content of expert reports are exempt from discovery, provided that this limitation on discovery does not permit a Party to withhold any material relied upon by testifying experts solely on the ground that such material was provided to the expert by counsel.

All materials generated by a testifying expert with respect to that person's work are also exempt from discovery unless they identify facts, data or assumptions relied upon by the expert in forming any opinions in this litigation and such information is not already disclosed in the expert's report.

31.    The United States District Court for the Eastern District of Texas is responsible for the interpretation and enforcement of this Agreed Protective Order. After termination of this litigation, the provisions of this Agreed Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the DESIGNATED MATERIAL for enforcement of the provisions of this Agreed Protective Order following termination of this litigation. All disputes concerning DESIGNATED MATERIAL produced under the protection of this Agreed Protective Order shall be resolved by the United States District Court for the Eastern District of Texas.  In the event anyone shall violate or threaten to violate the terms of this Protective Order, the aggrieved designating Party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order.

32.    Nothing in this Protective Order shall preclude or impede outside litigation counsel of record's ability to communicate with or advise their client in connection with this litigation only based on such counsel's review and evaluation of DESIGNATED MATERIAL, provided however, that such communications or advice shall not disclose or reveal the substance or content of any DESIGNATED MATERIAL other than as permitted under this Protective Order.

33.     Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
[MARSHALL / TYLER / TEXARKANA] DIVISION**

| | | |
|---|---|---|
| [PLAINTIFF][, et al.,] | § | |
| | § | |
| v. | § | Case No. [2 / 6 / 5]:00-CV-000-[JRG / |
| | § | RSP / JDL / KNM / CMC] |
| | § | |
| [DEFENDANT][, et al.] | § | |

**APPENDIX A
UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING
PROTECTIVE ORDER**

I, _____, declare that:

1.  My address is _____.

    My current employer is _____.

    My current occupation is _____.

2.  I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3.  I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4.  Promptly upon termination of these actions, I will return all documents and things designated as  "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel

for the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _