## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

SOL IP, LLC,

                Plaintiff,

     v.

AT&T MOBILITY LLC,

                Defendant,

ERICSSON, INC.

                Intervenor,

Case No. 2:18-cv-00526-RWS-RSP
LEAD CASE

**JURY TRIAL DEMANDED**

## ERICSSON INC.'S ANSWER IN INTERVENTION, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO SOL IP'S FIRST AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 24(c), Intervenor Ericsson Inc. ("Ericsson") files this Answer in Intervention, Affirmative Defenses, and Counterclaims to Plaintiff Sol IP, LLC's ("Sol IP") First Amended Complaint for Patent Infringement ("First Amended Complaint").

## SCOPE OF ERICSSON'S ANSWER IN INTERVENTION

Ericsson's intervention in this case is limited to defending AT&T from and against claims arising out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Accordingly, any admission or denial in this Answer is likewise limited.  To the extent that Sol IP's claims and allegations do not arise out of or in connection with, in whole or in part, the products, software, service, or other information Ericsson provides to AT&T, Ericsson lacks knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies the same.

## GENERAL DENIAL

Except as expressly admitted below, Ericsson denies each and every allegation set forth

in the First Amended Complaint.  Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, or implications that might follow from the admitted facts.

## BACKGROUND

1.      Paragraph 1 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson admits that the First Amended Complaint asserts causes of action for infringement of alleged Sol IP licensed patents and includes Counts One through Twenty-Seven.

2.      Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the First Amended Complaint and therefore denies the same.

3.      Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the First Amended Complaint and therefore denies the same.

4.      Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the First Amended Complaint and therefore denies the same.

5.      Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the First Amended Complaint and therefore denies the same.

6.      Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the First Amended Complaint and therefore denies the same.

7.      Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the First Amended Complaint and therefore denies the same.

8.      Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the First Amended Complaint and therefore denies the same.

## THE PARTIES

9.      Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the First Amended Complaint and therefore denies the same.

10.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the First Amended Complaint and therefore denies the same.

## JURISDICTION AND VENUE

11.     Paragraph 11 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson admits that the First Amended Complaint purports to assert an action under the patent laws of the United States, Title 35 of the United States Code, including 35 U.S.C. § 271.

12.     Paragraph 12 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson admits that the First Amended Complaint purports to assert an action under 28 U.S.C. §§ 1331 and 1338(a) over which this Court has subject matter jurisdiction.

13.     Paragraph 13 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson lacks information sufficient to form a belief as to the truth of the allegations concerning AT&T's contacts with Texas and therefore denies the same.  Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.

14.     Paragraph 14 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson lacks information

sufficient to form a belief as to the truth of the allegations contains in Paragraph 14.

15.     Paragraph 15 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 and therefore denies the same.

16.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the First Amended Complaint and therefore denies the same.

17.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the First Amended Complaint and therefore denies the same.

18.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the First Amended Complaint and therefore denies the same.

## ACCUSED STANDARDS AND INSTRUMENTALITIES

19.     Ericsson admits that the Third Generation Partnership Project ("3GPP") is an organization that develops technical specifications including the Long Term Evolution ("LTE") Standards for mobile systems. Ericsson admits that 3GPP includes organizational partners including the Alliance for Telecommunications Industry Solutions ("ATIS"), which represents North America, the European Telecommunications Standards Institute ("ETSI"), which

represents Europe, and the Telecommunications Technology Association ("TTA"), which represents Korea. Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 19 of the First Amended Complaint and therefore denies the same.

20.    Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the First Amended Complaint and therefore denies the same.

21.    Ericsson admits that 3GPP refers to "releases," including Release 8 and Release 10.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 21 of the First Amended Complaint and therefore denies the same.

22.    Ericsson admits that the Institute of Electrical and Electronics Engineers ("IEEE") is an organization that develops industry standards, including "Wi-Fi" standards IEEE 802.11, IEEE 802.11a, IEEE 802.11b, IEEE 802.11g, IEEE 802.11n and IEEE 802.11ac. Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 22 of the First Amended Complaint and therefore denies the same.

23.    Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the First Amended Complaint and therefore denies the same.

24.    Ericsson denies that https://www.att.com/offers/network.html states "AT&T has the nation's largest network to connect with friends and family" or "Overall, AT&T covers over 325 million people with its voice and data service, with over 317 million people covered by our 4G LTE network."  Ericsson lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations of Paragraph 24 of the First Amended Complaint and therefore denies the same.

25.     Ericsson denies that https://www.att.com/offers/network.html states "Get the most out of our powerful LTE Advanced network. It's 50% faster than 4G LTE so go ahead and indulge in all your binge-worthy shows, stream season games, and download the hottest releases, now faster than ever" or that the page "identifies more than five hundred 'LTE-A Cities'" including "Marshall, Beaumont, Lufkin, Sherman-Denison, Tyler, and Texarkana." Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 25 of the First Amended Complaint and therefore denies the same.

26.     Ericsson denies that https://www.att.com/offers/network.html states "Shop LTE Advanced compatible phones." Ericsson admits that https://www.att.com/cellphones/att/cingular-flip-2.html#specs (which redirects to https://www.att.com/buy/phones/att-cingular-flip-2-4gb-dark-gray.html#specs) states "AT&T Cingular Flip 2" and that https://www.att.com/tablets/lenovo/moto-tab.html#specs (which redirects to https://www.att.com/tablets/lenovo/moto-tab.html#sku=sku8550291) states "Lenovo moto tab." Ericsson admits that https://www.att.com/shop/wireless/devices/cellphones.html?taxoFeatures=LTE-Advanced (which redirects to https://www.att.com/buy/phones/?taxoFeatures=LTE-Advanced) states "moto g play 6th Gen," "ZTE Axon M," "BlackBerry KEYone," "Sonim XP8," and "Sonim XP5s" but denies that it states "Moto Z2 Force Edition" or "AT&T Wireless Internet." Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 26 of the First Amended Complaint and therefore denies the same.

27.     Ericsson admits that

https://www.att.com/esupport/article.html#!/wireless/KM1008740 states "4G LTE allows the following benefits, at much faster speeds: Stream your favorite movies. Download and view HD movies. Download songs in a few beats. Share photos in a flash. Watch live TV in HD. Play multiplayer online games" and "With 4G Long Term Evolution (LTE) technology, we can meet your demands to access a variety of content over our mobile network." Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 27 of the First Amended Complaint and therefore denies the same.

28.   Ericsson admits that https://www.att.com/cellphones/motorola/moto-g6-play.html#specs (which redirects to https://www.att.com/buy/phones/motorola-moto-g-play-6th-gen-16gb-deep-indigo.html#specs) states "moto g play 6th Gen" ("802.11a/b/g/n" and "Mobile hotspot – Up to 10 devices.)" Ericsson admits that https://www.att.com/cellphones/blackberry/keyone.html#specs (which redirects to https://www.att.com/buy/phones/blackberry-keyone-32gb-space-black.html#specs) states "BlackBerry KEYone" ("802.11a/b/g/n/ac" and "Mobile hotspot – Up to 10 devices"). Ericsson admits that https://www.att.com/cellphones/sonim/xp5s.html#specs (which redirects to https://www.att.com/buy/phones/sonim-xp5s-16gb-black-on-grey.html#specs) states "Sonim XP5s" ("802.11a/b/g/n/ac/i/r/k" and "Mobile hotspot – Up to 10 devices"). Ericsson admits that https://www.att.com/cellphones/att/cingular-flip-2.html#specs (which redirects to https://www.att.com/buy/phones/att-cingular-flip-2-4gb-dark-gray.html#specs) states "AT&T Cingular Flip 2" ("802.11b/g/n"). Ericsson admits that https://www.att.com/tablets/lenovo/moto-tab.html#specs (which redirects to https://www.att.com/tablets/lenovo/moto-tab.html#sku=sku8550291) states "Lenovo moto tab" ("802.11a/b/g/n/ac" and "Mobile hotspot – Up to 8 devices"). Ericsson admits that https://www.att.com/cellphones/sonim/xp8.html#specs

(which redirects to https://www.att.com/buy/phones/sonim-xp8-64gb-black.html#specs) states "Sonim XP8" but denies that it states ("802.11a/b/g/n/ac/i/r/k" and "Mobile hotspot – Up to 10 devices"). Ericsson admits that https://www.att.com/cellphones/att/att-wireless-internet.html#specs (which redirects to https://www.att.com/buy/connected-devices-and-more/att-wireless-internet-paramount-black.html#specs) states "AT&T Wireless Internet" but denies that it states ("802.11a/b/g/n/ac" and "Mobile hotspot – Up to 20 devices"). Ericsson denies that https://www.att.com/cellphones/zte/axon-m.html#specs states "ZTE Axon M" ("802.11a/b/g/n/ac" and "Mobile hotspot – Up to 10 devices"). Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 28 of the First Amended Complaint and therefore denies the same.

29.     Ericsson                     admits                     that https://www.att.com/esupport/article.html#!/wireless/KM1011301 states "Each time you stream video and music, make video conference calls, play online interactive games, or download movies and other large data files, you use wireless data. These activities can eat up a lot of your wireless data plan," "Use less data," "Use Wi-Fi whenever you can," and "Connecting devices to Wi-Fi networks helps you use less wireless data. Once you join a Wi-Fi network, your devices automatically try to connect to it whenever it's available." Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 29 of the First Amended Complaint and therefore denies the same.

30.     Ericsson admits that https://www.att.com/plans/unlimited-data-plans.html states "On AT&T Unlimited & More, for all data usage, customer may temporarily experience reduced speeds on these line(s) during times of network congestion. Video streaming is limited to 1.5 Mbps (SD quality). * * * On AT&T Unlimited & More Premium, after 22GB of data usage on a

line in a bill cycle, for the remainder of the cycle a customer may temporarily experience reduced speeds on that line during times of network congestion. The plan includes Stream Saver plus you get 15GB per line of a Mobile Hotspot. After 15GB, the hotspot speed is slowed to 128Kbps." Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 30 of the First Amended Complaint and therefore denies the same.

31.     Ericsson                                    admits                              that https://www.att.com/esupport/article.html#!/wireless/KM1103818 states "Connect to AT&T Wi-Fi Hot Spots – Get online for free at thousands of locations across the U.S. * * * From your AT&T smartphone or wearable – It's simple! Your device automatically connects to our Wi-Fi® network when you're at an AT&T Wi-Fi Hot Spot location. * * * Your Wi-Fi usage doesn't count against your plan data." Ericsson admits that https://www.att.com/wi-fi/ states "Wi-Fi on the spot – You can take advantage of the AT&T Wi-Fi Hot Spot nationwide network even if you're not an AT&T customer. Prices and session times vary by location." Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 31 of the First Amended Complaint and therefore denies the same.

32.     Ericsson                                    denies                              that https://www.att.com/esupport/article.html#!/wireless/KM1009376 states "When you turn your device into a mobile hotspot, you're tethering it. Other devices can then connect to it by USB or Wi-Fi and use your mobile data," or "Watch & Learn Video." Ericsson admits that https://www.att.com/esupport/article.html#!/wireless/KM1009376 states "How to Set Up a Personal Mobile Hotspot" or "Learn what you need to use your smartphone as a personal mobile hotspot and how to set it up." Ericsson lacks knowledge or information sufficient to form a belief

as to the truth of the remaining allegations of Paragraph 32 of the First Amended Complaint and therefore denies the same.

33.     Ericsson admits that the First Amended Complaint purports to allege that "'Accused Usage Devices' refers to mobile devices used on AT&T's mobile network, excluding any devices subject to a license, covenant not to sue, or standstill for the applicable patent."

34.     Ericsson admits that the First Amended Complaint purports to allege that "'Accused Sale Devices' refers to mobile devices sold by AT&T, excluding any devices subject to a license, covenant not to sue, or standstill for the applicable patent."

## NOTICE OF THE ASSERTED PATENTS

35.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 35 of the First Amended Complaint and therefore denies the same.

36.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 36 of the First Amended Complaint and therefore denies the same.

37.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 37 of the First Amended Complaint and therefore denies the same.

38.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 38 of the First Amended Complaint and therefore denies the same.

39.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 39 of the First Amended Complaint and therefore

denies the same.

40.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 40 of the First Amended Complaint and therefore denies the same.

41.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 41 of the First Amended Complaint and therefore denies the same.

42.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 42 of the First Amended Complaint and therefore denies the same.

43.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 43 of the First Amended Complaint and therefore denies the same.

44.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 44 of the First Amended Complaint and therefore denies the same.

45.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 45 of the First Amended Complaint and therefore denies the same.

## COUNT ONE
### (Alleged Infringement of U.S. Patent No. 9,603,174)

46.     Ericsson repeats and incorporates by reference each preceding paragraphs as if fully set forth herein.

47.     Ericsson admits that United States Patent No. 9,603,174 B2 ("the '174 Patent")

states as its title "Error control method, medium access control (MAC) frame designing method, and terminal registration method in wireless communication system, and recording medium." Ericsson admits that Exhibit 1 to the First Amended Complaint appears to be a copy of the '174 Patent. Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 47 of the First Amended Complaint and therefore denies the same.

48.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 of the First Amended Complaint and therefore denies the same.

49.     Paragraph 49 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 49 and therefore denies the same.

50.     Paragraph 50 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 50 and therefore denies the same.

51.     Paragraph 51 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 51 and therefore denies the same.

52.     Paragraph 52 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 52 and therefore denies the same.

53.     Paragraph 53 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 53 and therefore denies the same.

54.     Paragraph 54 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically

denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 54 and therefore denies the same.

55.     Paragraph 55 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 55 and therefore denies the same.

56.     Paragraph 56 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 56 and therefore denies the same.

57.     Paragraph 57 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the

products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 57 and therefore denies the same.

58.     Paragraph 58 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 58 and therefore denies the same.

59.     Paragraph 59 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 59 and therefore denies the same.

60.     Paragraph 60 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 60 and therefore denies the same.

61.     Paragraph 61 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 61 and therefore denies the same.

62.     Paragraph 62 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 62 and therefore denies the same.

## COUNT TWO
## (Alleged Infringement of U.S. Patent No. 8,761,814)

63.     Ericsson repeats and incorporates by reference each preceding paragraphs as if fully set forth herein.

64.     Ericsson admits that United States Patent No. 8,761,814 B2 ("the '814 Patent") states as its title "Method for paging information in cellular system."  Ericsson admits that Exhibit 2 to the First Amended Complaint appears to be a copy of the '814 Patent.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 64 of the First Amended Complaint and therefore denies the same.

65.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 of the First Amended Complaint and therefore denies the same.

66.     Paragraph 66 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 66 and therefore denies the same.

67.     Paragraph 67 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 67 and therefore denies the same.

68.     Paragraph 68 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 68 and therefore denies the same.

69.     Paragraph 69 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 69 and therefore denies the same.

70.     Paragraph 70 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 70 and therefore denies the same.

71.     Paragraph 71 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 71 and therefore denies the same.

72.     Paragraph 72 contains conclusions of law and not averments of fact to which an

answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 72 and therefore denies the same.

73.     Paragraph 73 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 73 and therefore denies the same.

74.     Paragraph 74 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 74 and therefore denies the same.

75.     Paragraph 75 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted

patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 75 and therefore denies the same.

76.     Paragraph 76 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 76 and therefore denies the same.

77.     Paragraph 77 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 77 and therefore denies the same.

78.     Paragraph 78 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 78 and therefore denies the same.

79.     Paragraph 79 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 79 and therefore denies the same.

## COUNT THREE
### (Alleged Infringement of U.S. Patent No. 9,155,066)

80.     Ericsson repeats and incorporates by reference each preceding paragraphs as if fully set forth herein.

81.     Ericsson admits that United States Patent No. 9,155,066 ("the '066 Patent") states as its title "Method for paging information in cellular system."  Ericsson admits that Exhibit 3 to the First Amended Complaint appears to be a copy of the '066 Patent.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 81 of the First Amended Complaint and therefore denies the same.

82.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82 of the First Amended Complaint and therefore denies the same.

83.     Paragraph 83 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted

patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 83 and therefore denies the same.

84.     Paragraph 84 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 84 and therefore denies the same.

85.     Paragraph 85 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 85 and therefore denies the same.

86.     Paragraph 86 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 86 and therefore denies the same.

87.     Paragraph 87 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 87 and therefore denies the same.

88.     Paragraph 88 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 88 and therefore denies the same.

89.     Paragraph 89 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 89 and therefore denies the same.

90.     Paragraph 90 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 90 and therefore denies the same.

91.     Paragraph 91 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 91 and therefore denies the same.

92.     Paragraph 92 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 92 and therefore denies the same.

93.     Paragraph 93 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically

denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 93 and therefore denies the same.

94.     Paragraph 94 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 94 and therefore denies the same.

95.     Paragraph 95 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 95 and therefore denies the same.

96.     Paragraph 96 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the

products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 96 and therefore denies the same.

**COUNT FOUR**
**(Alleged Infringement of U.S. Patent No. 8,270,354)**

97.     Ericsson repeats and incorporates by reference each preceding paragraphs as if fully set forth herein.

98.     Ericsson admits that United States Patent No. 8,270,354 B2 ("the '354 Patent") states as its title "Method for transmitting up link control signal in mobile communication system."  Ericsson admits that Exhibit 4 to the First Amended Complaint appears to be a copy of the '354 Patent. Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 98 of the First Amended Complaint and therefore denies the same.

99.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 99 of the First Amended Complaint and therefore denies the same.

100.    Paragraph 100 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 100 and therefore denies the same.

101.    Paragraph 101 contains conclusions of law and not averments of fact to which an

answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 101 and therefore denies the same.

102.    Paragraph 102 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 102 and therefore denies the same.

103.    Paragraph 103 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 103 and therefore denies the same.

104.    Paragraph 104 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted

patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 104 and therefore denies the same.

105.    Paragraph 105 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 105 and therefore denies the same.

106.    Paragraph 106 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 106 and therefore denies the same.

107.    Paragraph 107 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 107 and therefore denies the same.

108.    Paragraph 108 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 108 and therefore denies the same.

109.    Paragraph 109 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 109 and therefore denies the same.

110.    Paragraph 110 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 110 and therefore denies the same.

111.    Paragraph 111 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 111 and therefore denies the same.

112.    Paragraph 112 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 112 and therefore denies the same.

113.    Paragraph 113 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 113 and therefore denies the same.

## COUNT FIVE
### (Alleged Infringement of U.S. Patent No. 8,311,031)

114.    Ericsson repeats and incorporates by reference each preceding paragraphs as if

fully set forth herein.

115.    Ericsson admits that United States Patent No. 8,311,031 B2 ("the '031 Patent") states as its title "Cell search method, forward link frame transmission method, apparatus using the same and forward link frame structure."  Ericsson admits that Exhibit 5 to the First Amended Complaint appears to be a copy of the '031 Patent.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 115 of the First Amended Complaint and therefore denies the same.

116.    Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 116 of the First Amended Complaint and therefore denies the same.

117.    Paragraph 117 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 117 and therefore denies the same.

118.    Paragraph 118 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 118 and therefore denies the same.

119.     Paragraph 119 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 119 and therefore denies the same.

120.     Paragraph 120 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 120 and therefore denies the same.

121.     Paragraph 121 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 121 and therefore denies the same.

122.     Paragraph 122 contains conclusions of law and not averments of fact to which an

answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 122 and therefore denies the same.

123.     Paragraph 123 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 123 and therefore denies the same.

124.     Paragraph 124 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 124 and therefore denies the same.

125.     Paragraph 125 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted

patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 125 and therefore denies the same.

126.     Paragraph 126 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 126 and therefore denies the same.

127.     Paragraph 127 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 127 and therefore denies the same.

128.     Paragraph 128 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 128 and therefore denies the same.

129.    Paragraph 129 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 129 and therefore denies the same.

130.    Paragraph 130 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 130 and therefore denies the same.

## COUNT SIX
### (Alleged Infringement of U.S. Patent No. 9,496,976)

131.    Ericsson repeats and incorporates by reference each preceding paragraphs as if fully set forth herein.

132.    Ericsson admits that United States Patent No. 9,496,976 B2 ("the '976 Patent") states as its title "Cell search method, forward link frame transmission method, apparatus using the same and forward link frame structure."  Ericsson admits that Exhibit 6 to the First Amended Complaint appears to be a copy of the '976 Patent.  Ericsson lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of Paragraph 132 of the First Amended Complaint and therefore denies the same.

133.    Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 133 of the First Amended Complaint and therefore denies the same.

134.    Paragraph 134 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 134 and therefore denies the same.

135.    Paragraph 135 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 135 and therefore denies the same.

136.    Paragraph 136 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the

products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 136 and therefore denies the same.

137. Paragraph 137 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 137 and therefore denies the same.

138. Paragraph 138 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 138 and therefore denies the same.

139. Paragraph 139 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 139 and therefore denies the same.

140.    Paragraph 140 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 140 and therefore denies the same.

141.    Paragraph 141 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 141 and therefore denies the same.

142.    Paragraph 142 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 142 and therefore denies the same.

143.    Paragraph 143 contains conclusions of law and not averments of fact to which an

answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 143 and therefore denies the same.

144.    Paragraph 144 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 144 and therefore denies the same.

145.    Paragraph 145 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 145 and therefore denies the same.

146.    Paragraph 146 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted

patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 146 and therefore denies the same.

147.    Paragraph 147 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 147 and therefore denies the same.

## COUNT SEVEN
### (Alleged Infringement of U.S. Patent No. 10,080,204)

148.    Ericsson repeats and incorporates by reference each preceding paragraphs as if fully set forth herein.

149.    Ericsson admits that United States Patent No. 10,080,204 B2 ("the '204 Patent") states as its title "Cell search method, forward link frame transmission method, apparatus using the same and forward link frame structure."  Ericsson admits that Exhibit 7 to the First Amended Complaint appears to be a copy of the '204 Patent.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 149 of the First Amended Complaint and therefore denies the same.

150.    Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 150 of the First Amended Complaint and therefore denies the same.

151.     Paragraph 151 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 151 and therefore denies the same.

152.     Paragraph 152 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 152 and therefore denies the same.

153.     Paragraph 153 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 153 and therefore denies the same.

154.     Paragraph 154 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically

denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 154 and therefore denies the same.

155.    Paragraph 155 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 155 and therefore denies the same.

156.    Paragraph 156 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 156 and therefore denies the same.

157.    Paragraph 157 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the

products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 157 and therefore denies the same.

158.    Paragraph 158 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 158 and therefore denies the same.

159.    Paragraph 159 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 159 and therefore denies the same.

160.    Paragraph 160 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 160 and therefore denies the same.

161.    Paragraph 161 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 161 and therefore denies the same.

162.    Paragraph 162 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 162 and therefore denies the same.

163.    Paragraph 163 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 163 and therefore denies the same.

164.    Paragraph 164 contains conclusions of law and not averments of fact to which an

answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 164 and therefore denies the same.

165.    Paragraph 165 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 165 and therefore denies the same.

## COUNT EIGHT
### (Alleged Infringement of U.S. Patent No. 8,320,565)

166.    Ericsson repeats and incorporates by reference each preceding paragraphs as if fully set forth herein.

167.    Ericsson admits that United States Patent No. 8,320,565 B2 ("the '565 Patent") states as its title "Method for generating downlink frame, and method for searching cell." Ericsson admits that Exhibit 8 to the First Amended Complaint appears to be a copy of the '565 Patent.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 167 of the First Amended Complaint and therefore denies the same.

168.    Ericsson lacks knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 168 of the First Amended Complaint and therefore denies the same.

169.     Paragraph 169 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 169 and therefore denies the same.

170.     Paragraph 170 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 170 and therefore denies the same.

171.     Paragraph 171 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 171 and therefore denies the same.

172.     Paragraph 172 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 172 and therefore denies the same.

173.     Paragraph 173 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 173 and therefore denies the same.

174.     Paragraph 174 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 174 and therefore denies the same.

175.     Paragraph 175 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically

denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 175 and therefore denies the same.

176.    Paragraph 176 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 176 and therefore denies the same.

177.    Paragraph 177 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 177 and therefore denies the same.

178.    Paragraph 178 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the

products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 178 and therefore denies the same.

179.    Paragraph 179 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 179 and therefore denies the same.

180.    Paragraph 180 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 180 and therefore denies the same.

## **COUNT NINE**
### **(Alleged Infringement of U.S. Patent No. 8,320,571)**

181.    Ericsson repeats and incorporates by reference each preceding paragraphs as if fully set forth herein.

182.    Ericsson admits that United States Patent No. 8,320,571 B2 ("the '571 Patent") states as its title "Method for generating downlink frame, and method for searching cell." Ericsson admits that Exhibit 9 to the First Amended Complaint appears to be a copy of the '571

Patent.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 182 of the First Amended Complaint and therefore denies the same.

183.    Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 183 of the First Amended Complaint and therefore denies the same.

184.    Paragraph 184 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 184 and therefore denies the same.

185.    Paragraph 185 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 185 and therefore denies the same.

186.    Paragraph 186 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted

patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 186 and therefore denies the same.

187.    Paragraph 187 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 187 and therefore denies the same.

188.    Paragraph 188 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 188 and therefore denies the same.

189.    Paragraph 189 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 189 and therefore denies the same.

190.     Paragraph 190 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 190 and therefore denies the same.

191.     Paragraph 191 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 191 and therefore denies the same.

192.     Paragraph 192 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 192 and therefore denies the same.

193.    Paragraph 193 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 193 and therefore denies the same.

194.    Paragraph 194 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 194 and therefore denies the same.

195.    Paragraph 195 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 195 and therefore denies the same.

196.    Paragraph 196 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically

denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 196 and therefore denies the same.

197.    Paragraph 197 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 197 and therefore denies the same.

## COUNT TEN
### (Alleged Infringement of U.S. Patent No. 9,144,064)

198.    Ericsson repeats and incorporates by reference each preceding paragraphs as if fully set forth herein.

199.    Ericsson admits that United States Patent No. 9,144,064 B2 ("the '064 Patent") states as its title "Generating downlink frame and searching for cell."  Ericsson admits that Exhibit 10 to the First Amended Complaint appears to be a copy of the '064 Patent.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 199 of the First Amended Complaint and therefore denies the same.

200.    Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 200 of the First Amended Complaint and therefore denies the same.

201.    Paragraph 201 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 201 and therefore denies the same.

202.    Paragraph 202 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 202 and therefore denies the same.

203.    Paragraph 203 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 203 and therefore denies the same.

204.    Paragraph 204 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically

denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 204 and therefore denies the same.

205.    Paragraph 205 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 205 and therefore denies the same.

206.    Paragraph 206 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 206 and therefore denies the same.

207.    Paragraph 207 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the

products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 207 and therefore denies the same.

208.    Paragraph 208 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 208 and therefore denies the same.

209.    Paragraph 209 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 209 and therefore denies the same.

210.    Paragraph 210 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 210 and therefore denies the same.

211.    Paragraph 211 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 211 and therefore denies the same.

212.    Paragraph 212 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 212 and therefore denies the same.

## COUNT ELEVEN
### (Alleged Infringement of U.S. Patent No. 9,204,438)

213.    Ericsson repeats and incorporates by reference each preceding paragraphs as if fully set forth herein.

214.    Ericsson admits that United States Patent No. 9,204,438 B2 ("the '438 Patent") states as its title "Generating downlink frame and searching for cell."  Ericsson admits that Exhibit 11 to the First Amended Complaint appears to be a copy of the '438 Patent.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 214 of the First Amended Complaint and therefore denies the same.

215.    Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 215 of the First Amended Complaint and therefore denies the same.

216.    Paragraph 216 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 216 and therefore denies the same.

217.    Paragraph 217 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 217 and therefore denies the same.

218.    Paragraph 218 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 218 and therefore denies the same.

219.    Paragraph 219 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 219 and therefore denies the same.

220.    Paragraph 220 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 220 and therefore denies the same.

221.    Paragraph 221 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 221 and therefore denies the same.

222.    Paragraph 222 contains conclusions of law and not averments of fact to which an

answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 222 and therefore denies the same.

## COUNT TWELVE
### (Alleged Infringement of U.S. Patent No. 9,888,435)

223.    Ericsson repeats and incorporates by reference each preceding paragraphs as if fully set forth herein.

224.    Ericsson admits that United States Patent No. 9,888,435 B2 ("the '435 Patent") states as its title "Generating downlink frame and searching for cell."  Ericsson admits that Exhibit 12 to the First Amended Complaint appears to be a copy of the '435 Patent.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 224 of the First Amended Complaint and therefore denies the same.

225.    Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 225 of the First Amended Complaint and therefore denies the same.

226.    Paragraph 226 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 226 and therefore denies the same.

227.    Paragraph 227 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 227 and therefore denies the same.

228.    Paragraph 228 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 228 and therefore denies the same.

229.    Paragraph 229 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 229 and therefore denies the same.

230.    Paragraph 230 contains conclusions of law and not averments of fact to which an

answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 230 and therefore denies the same.

231.    Paragraph 231 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 231 and therefore denies the same.

232.    Paragraph 232 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 232 and therefore denies the same.

## COUNT THIRTEEN
## (Alleged Infringement of U.S. Patent No. 8,320,337)

233.    Ericsson repeats and incorporates by reference each preceding paragraphs as if fully set forth herein.

234.     Ericsson admits that United States Patent No. 8,320,337 B2 ("the '337 Patent") states as its title "Method and apparatus for transmitting ACK/NACK."  Ericsson admits that Exhibit 13 to the First Amended Complaint appears to be a copy of the '337 Patent. Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 234 of the First Amended Complaint and therefore denies the same.

235.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 235 of the First Amended Complaint and therefore denies the same.

236.     Paragraph 236 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 236 and therefore denies the same.

237.     Paragraph 237 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 237 and therefore denies the same.

238.     Paragraph 238 contains conclusions of law and not averments of fact to which an

answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 238 and therefore denies the same.

239.    Paragraph 239 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 239 and therefore denies the same.

240.    Paragraph 240 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 240 and therefore denies the same.

241.    Paragraph 241 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted

patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 241 and therefore denies the same.

242.    Paragraph 242 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 242 and therefore denies the same.

243.    Paragraph 243 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 243 and therefore denies the same.

244.    Paragraph 244 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 244 and therefore denies the same.

245.     Paragraph 245 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 245 and therefore denies the same.

246.     Paragraph 246 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 246 and therefore denies the same.

247.     Paragraph 247 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 247 and therefore denies the same.

248.    Paragraph 248 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 248 and therefore denies the same.

249.    Paragraph 249 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 249 and therefore denies the same.

### COUNT FOURTEEN
### (Alleged Infringement of U.S. Patent No. 8,971,168)

250.    Ericsson repeats and incorporates by reference each preceding paragraphs as if fully set forth herein.

251.    Ericsson admits that United States Patent No. 8,971,168 B2 ("the '168 Patent") states as its title "Carrier aggregation in wireless communications systems."  Ericsson admits that Exhibit 14 to the First Amended Complaint appears to be a copy of the '168 Patent.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 251 of the First Amended Complaint and therefore denies the same.

252.    Ericsson lacks knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 252 of the First Amended Complaint and therefore denies the same.

253.     Paragraph 253 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 253 and therefore denies the same.

254.     Paragraph 254 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 254 and therefore denies the same.

255.     Paragraph 255 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 255 and therefore denies the same.

256.     Paragraph 256 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 256 and therefore denies the same.

257.     Paragraph 257 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 257 and therefore denies the same.

258.     Paragraph 258 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 258 and therefore denies the same.

259.     Paragraph 259 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically

denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 259 and therefore denies the same.

260.    Paragraph 260 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 260 and therefore denies the same.

261.    Paragraph 261 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 261 and therefore denies the same.

262.    Paragraph 262 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the

products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 262 and therefore denies the same.

263. Paragraph 263 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 263 and therefore denies the same.

264. Paragraph 264 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 264 and therefore denies the same.

265. Paragraph 265 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 265 and therefore denies the same.

266.     Paragraph 266 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 266 and therefore denies the same.

**COUNT FIFTEEN**
**(Alleged Infringement of U.S. Patent No. 8,593,936)**

267.     Ericsson repeats and incorporates by reference each preceding paragraphs as if fully set forth herein.

268.     Ericsson admits that United States Patent No. 8,593,936 B2 ("the '936 Patent") states as its title "Carrier aggregation in wireless communication systems."  Ericsson admits that Exhibit 15 to the First Amended Complaint appears to be a copy of the '936 Patent.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 268 of the First Amended Complaint and therefore denies the same.

269.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 269 of the First Amended Complaint and therefore denies the same.

270.     Paragraph 270 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the

products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 270 and therefore denies the same.

271.    Paragraph 271 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 271 and therefore denies the same.

272.    Paragraph 272 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 272 and therefore denies the same.

273.    Paragraph 273 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 273 and therefore denies the same.

274.   Paragraph 274 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 274 and therefore denies the same.

275.   Paragraph 275 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 275 and therefore denies the same.

276.   Paragraph 276 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 276 and therefore denies the same.

277.   Paragraph 277 contains conclusions of law and not averments of fact to which an

answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 277 and therefore denies the same.

278.    Paragraph 278 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 278 and therefore denies the same.

279.    Paragraph 279 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 279 and therefore denies the same.

280.    Paragraph 280 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted

patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 280 and therefore denies the same.

281.    Paragraph 281 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 281 and therefore denies the same.

282.    Paragraph 282 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 282 and therefore denies the same.

283.    Paragraph 283 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 283 and therefore denies the same.

## COUNT SIXTEEN
### (Alleged Infringement of U.S. Patent No. 10,075,946)

284.   Ericsson repeats and incorporates by reference each preceding paragraphs as if fully set forth herein.

285.   Ericsson admits that United States Patent No. 10,075,946 B2 ("the '946 Patent") states as its title "Method and apparatus for transmission and reception in multi-carrier wireless communication systems."   Ericsson admits that Exhibit 16 to the First Amended Complaint appears to be a copy of the '946 Patent.   Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 285 of the First Amended Complaint and therefore denies the same.

286.   Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 286 of the First Amended Complaint and therefore denies the same.

287.   Paragraph 287 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.   Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 287 and therefore denies the same.

288.   Paragraph 288 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically

denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 288 and therefore denies the same.

289.    Paragraph 289 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 289 and therefore denies the same.

290.    Paragraph 290 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 290 and therefore denies the same.

291.    Paragraph 291 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the

products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 291 and therefore denies the same.

292.    Paragraph 292 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 292 and therefore denies the same.

293.    Paragraph 293 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 293 and therefore denies the same.

294.    Paragraph 294 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 294 and therefore denies the same.

295.    Paragraph 295 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 295 and therefore denies the same.

296.    Paragraph 296 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 296 and therefore denies the same.

297.    Paragraph 297 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 297 and therefore denies the same.

298.    Paragraph 298 contains conclusions of law and not averments of fact to which an

answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 298 and therefore denies the same.

299.    Paragraph 299 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 299 and therefore denies the same.

300.    Paragraph 300 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 300 and therefore denies the same.

**COUNT SEVENTEEN**
**(Alleged Infringement of U.S. Patent No. 10,009,884)**

301.    Ericsson repeats and incorporates by reference each preceding paragraphs as if fully set forth herein.

302.    Ericsson admits that United States Patent No. 10,009,884 B2 ("the '884 Patent") states as its title "Method of error recovery in transmitting and receiving voice service in packet based mobile communication systems."  Ericsson admits that Exhibit 17 to the First Amended Complaint appears to be a copy of the '884 Patent.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 302 of the First Amended Complaint and therefore denies the same.

303.    Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 303 of the First Amended Complaint and therefore denies the same.

304.    Paragraph 304 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 304 and therefore denies the same.

305.    Paragraph 305 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 305 and therefore denies the same.

306.    Paragraph 306 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 306 and therefore denies the same.

307.    Paragraph 307 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 307 and therefore denies the same.

308.    Paragraph 308 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 308 and therefore denies the same.

309.    Paragraph 309 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically

denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 309 and therefore denies the same.

310.    Paragraph 310 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 310 and therefore denies the same.

311.    Paragraph 311 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 311 and therefore denies the same.

312.    Paragraph 312 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the

products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 312 and therefore denies the same.

313.    Paragraph 313 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 313 and therefore denies the same.

314.    Paragraph 314 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 314 and therefore denies the same.

315.    Paragraph 315 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 315 and therefore denies the same.

316.     Paragraph 316 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 316 and therefore denies the same.

317.     Paragraph 317 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 317 and therefore denies the same.

318.     Paragraph 318 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 318 and therefore denies the same.

**COUNT EIGHTEEN**
**(Alleged Infringement of U.S. Patent No. 9,265,063)**

319.    Ericsson repeats and incorporates by reference each preceding paragraphs as if fully set forth herein.

320.    Ericsson admits that United States Patent No. 9,265,063 B2 ("the '063 Patent") states as its title "Method to transmit downlink signaling message on cellular systems for packet transmission and method for receiving the message."  Ericsson admits that Exhibit 18 to the First Amended Complaint appears to be a copy of the '063 Patent.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 320 of the First Amended Complaint and therefore denies the same.

321.    Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 321 of the First Amended Complaint and therefore denies the same.

322.    Paragraph 322 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 322 and therefore denies the same.

323.    Paragraph 323 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 323 and therefore denies the same.

324.     Paragraph 324 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 324 and therefore denies the same.

325.     Paragraph 325 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 325 and therefore denies the same.

326.     Paragraph 326 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 326 and therefore denies the same.

327.     Paragraph 327 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 327 and therefore denies the same.

328.     Paragraph 328 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 328 and therefore denies the same.

329.     Paragraph 329 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 329 and therefore denies the same.

330.     Paragraph 330 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically

denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 330 and therefore denies the same.

331.    Paragraph 331 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 331 and therefore denies the same.

332.    Paragraph 332 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 332 and therefore denies the same.

333.    Paragraph 333 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the

products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 333 and therefore denies the same.

334.    Paragraph 334 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 334 and therefore denies the same.

335.    Paragraph 335 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 335 and therefore denies the same

## COUNT NINETEEN
### (Alleged Infringement of U.S. Patent No. 10,057,095)

336.    Ericsson repeats and incorporates by reference each preceding paragraphs as if fully set forth herein.

337.    Ericsson admits that United States Patent No. 10,057,095 B2 ("the '095 Patent") states as its title "Packet mode auto-detection in multi-mode wireless communication system, signal field transmission for the packet mode auto-detection, and gain control based on the

packet mode." Ericsson admits that Exhibit 19 to the First Amended Complaint appears to be a copy of the '095 Patent. Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 337 of the First Amended Complaint and therefore denies the same.

338.    Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 338 of the First Amended Complaint and therefore denies the same.

339.    Paragraph 339 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 339 and therefore denies the same.

340.    Paragraph 340 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 340 and therefore denies the same.

341.    Paragraph 341 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically

denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 341 and therefore denies the same.

342. Paragraph 342 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 342 and therefore denies the same.

343. Paragraph 343 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 343 and therefore denies the same.

344. Paragraph 344 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the

products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 344 and therefore denies the same.

345.    Paragraph 345 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 345 and therefore denies the same.

346.    Paragraph 346 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 346 and therefore denies the same.

347.    Paragraph 347 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 347 and therefore denies the same.

348.    Paragraph 348 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 348 and therefore denies the same.

349.    Paragraph 349 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 349 and therefore denies the same.

350.    Paragraph 350 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 350 and therefore denies the same.

351.    Paragraph 351 contains conclusions of law and not averments of fact to which an

answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 351 and therefore denies the same.

352.    Paragraph 352 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 352 and therefore denies the same.

### COUNT TWENTY
### (Alleged Infringement of U.S. Patent No. 9,432,940)

353.    Ericsson repeats and incorporates by reference each preceding paragraphs as if fully set forth herein.

354.    Ericsson admits that United States Patent No. 9,432,940 B2 ("the '940 Patent") states as its title "Power saving method in wireless communication system."  Ericsson admits that Exhibit 20 to the First Amended Complaint appears to be a copy of the '940 Patent. Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 354 of the First Amended Complaint and therefore denies the same.

355.    Ericsson lacks knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 355 of the First Amended Complaint and therefore denies the same.

356.     Paragraph 356 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 356 and therefore denies the same.

357.     Paragraph 357 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 357 and therefore denies the same.

358.     Paragraph 358 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 358 and therefore denies the same.

359.     Paragraph 359 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 359 and therefore denies the same.

360.     Paragraph 360 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 360 and therefore denies the same.

361.     Paragraph 361 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 361 and therefore denies the same.

362.     Paragraph 362 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically

denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 362 and therefore denies the same.

363.    Paragraph 363 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 363 and therefore denies the same.

364.    Paragraph 364 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 364 and therefore denies the same.

365.    Paragraph 365 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the

products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 365 and therefore denies the same.

366.    Paragraph 366 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 366 and therefore denies the same.

367.    Paragraph 367 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 367 and therefore denies the same.

368.    Paragraph 368 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 368 and therefore denies the same.

369.     Paragraph 369 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 369 and therefore denies the same.

**COUNT TWENTY-ONE**
**(Alleged Infringement of U.S. Patent No. 9,634,746)**

370.     Ericsson repeats and incorporates by reference each preceding paragraphs as if fully set forth herein.

371.     Ericsson admits that United States Patent No. 9,634,746 B2 ("the '746 Patent") states as its title "Method and apparatus for transceiving data in a MIMO system."  Ericsson admits that Exhibit 21 to the First Amended Complaint appears to be a copy of the '746 Patent. Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 371 of the First Amended Complaint and therefore denies the same.

372.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 372 of the First Amended Complaint and therefore denies the same.

373.     Paragraph 373 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted

patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 373 and therefore denies the same.

374.    Paragraph 374 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 374 and therefore denies the same.

375.    Paragraph 375 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 375 and therefore denies the same.

376.    Paragraph 376 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 376 and therefore denies the same.

377.    Paragraph 377 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 377 and therefore denies the same.

378.    Paragraph 378 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 378 and therefore denies the same.

379.    Paragraph 379 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 379 and therefore denies the same.

380.     Paragraph 380 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 380 and therefore denies the same.

381.     Paragraph 381 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 381 and therefore denies the same.

382.     Paragraph 382 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 382 and therefore denies the same.

383.     Paragraph 383 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically

denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 383 and therefore denies the same.

384.    Paragraph 384 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 384 and therefore denies the same.

385.    Paragraph 385 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 385 and therefore denies the same.

386.    Paragraph 386 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the

products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 386 and therefore denies the same.

**COUNT TWENTY-TWO**
**(Alleged Infringement of U.S. Patent No. 10,090,894)**

387.     Ericsson repeats and incorporates by reference each preceding paragraphs as if fully set forth herein.

388.     Ericsson admits that United States Patent No. 10,090,894 B2 ("the '894 Patent") states as its title "Method and apparatus for transceiving data in a MIMO system."  Ericsson admits that Exhibit 22 to the First Amended Complaint appears to be a copy of the '894 Patent. Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 388 of the First Amended Complaint and therefore denies the same.

389.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 389 of the First Amended Complaint and therefore denies the same.

390.     Paragraph 390 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 390 and therefore denies the same.

391.     Paragraph 391 contains conclusions of law and not averments of fact to which an

answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 391 and therefore denies the same.

392.    Paragraph 392 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 392 and therefore denies the same.

393.    Paragraph 393 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 393 and therefore denies the same.

394.    Paragraph 394 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted

patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 394 and therefore denies the same.

395.    Paragraph 395 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 395 and therefore denies the same.

396.    Paragraph 396 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 396 and therefore denies the same.

397.    Paragraph 397 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 397 and therefore denies the same.

398.    Paragraph 398 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 398 and therefore denies the same.

399.    Paragraph 399 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 399 and therefore denies the same.

400.    Paragraph 400 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 400 and therefore denies the same.

401.    Paragraph 401 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 401 and therefore denies the same.

402.    Paragraph 402 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 402 and therefore denies the same.

403.    Paragraph 403 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 403 and therefore denies the same.

## COUNT TWENTY-THREE
### (Alleged Infringement of U.S. Patent No. 8,654,881)

404.    Ericsson repeats and incorporates by reference each preceding paragraphs as if

fully set forth herein.

405.    Ericsson admits that United States Patent No. 8,654,881 B2 ("the '881 Patent") states as its title "Method and apparatus for transmitting and receiving data in a MIMO system." Ericsson admits that Exhibit 23 to the First Amended Complaint appears to be a copy of the '881 Patent.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 405 of the First Amended Complaint and therefore denies the same.

406.    Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 406 of the First Amended Complaint and therefore denies the same.

407.    Paragraph 407 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 407 and therefore denies the same.

408.    Paragraph 408 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 408 and therefore denies the same.

409.    Paragraph 409 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 409 and therefore denies the same.

410.    Paragraph 410 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 410 and therefore denies the same.

411.    Paragraph 411 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 411 and therefore denies the same.

412.    Paragraph 412 contains conclusions of law and not averments of fact to which an

answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 412 and therefore denies the same.

413.    Paragraph 413 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 413 and therefore denies the same.

414.    Paragraph 414 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 414 and therefore denies the same.

415.    Paragraph 415 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted

patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 415 and therefore denies the same.

416.    Paragraph 416 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 416 and therefore denies the same.

417.    Paragraph 417 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 417 and therefore denies the same.

418.    Paragraph 418 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 418 and therefore denies the same.

419.    Paragraph 419 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 419 and therefore denies the same.

420.    Paragraph 420 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 420 and therefore denies the same

## COUNT TWENTY-FOUR
### (Alleged Infringement of U.S. Patent No. 9,900,067)

421.    Ericsson repeats and incorporates by reference each preceding paragraphs as if fully set forth herein.

422.    Ericsson admits that United States Patent No. 9,900,067 B2 ("the '067 Patent") states as its title "Method and apparatus for transmitting and receiving data in a MIMO system." Ericsson admits that Exhibit 24 to the First Amended Complaint appears to be a copy of the '067 Patent.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of Paragraph 422 of the First Amended Complaint and therefore denies the same.

423.    Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 423 of the First Amended Complaint and therefore denies the same.

424.    Paragraph 424 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 424 and therefore denies the same.

425.    Paragraph 425 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 425 and therefore denies the same.

426.    Paragraph 426 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the

products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 426 and therefore denies the same.

427.    Paragraph 427 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 427 and therefore denies the same.

428.    Paragraph 428 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 428 and therefore denies the same.

429.    Paragraph 429 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 429 and therefore denies the same.

430.   Paragraph 430 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 430 and therefore denies the same.

431.   Paragraph 431 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 431 and therefore denies the same.

432.   Paragraph 432 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 432 and therefore denies the same.

433.   Paragraph 433 contains conclusions of law and not averments of fact to which an

answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 433 and therefore denies the same.

434.    Paragraph 434 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 434 and therefore denies the same.

435.    Paragraph 435 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 435 and therefore denies the same.

436.    Paragraph 436 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted

patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 436 and therefore denies the same.

437.    Paragraph 437 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 437 and therefore denies the same.

## COUNT TWENTY-FIVE
### (Alleged Infringement of U.S. Patent No. 10,045,256)

438.    Ericsson repeats and incorporates by reference each preceding paragraphs as if fully set forth herein.

439.    Ericsson admits that United States Patent No. 10,045,256 B2 ("the '256 Patent") states as its title "Method for transmitting data frame in wireless local area network and apparatus for the same."  Ericsson admits that Exhibit 25 to the First Amended Complaint appears to be a copy of the '256 Patent.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 439 of the First Amended Complaint and therefore denies the same.

440.    Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 440 of the First Amended Complaint and therefore denies the same.

441.     Paragraph 441 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 441 and therefore denies the same.

442.     Paragraph 442 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 442 and therefore denies the same.

443.     Paragraph 443 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 443 and therefore denies the same.

444.     Paragraph 444 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically

denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 444 and therefore denies the same.

445.    Paragraph 445 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 445 and therefore denies the same.

446.    Paragraph 446 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 446 and therefore denies the same.

447.    Paragraph 447 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the

products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 447 and therefore denies the same.

448.    Paragraph 448 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 448 and therefore denies the same.

449.    Paragraph 449 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 449 and therefore denies the same.

450.    Paragraph 450 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 450 and therefore denies the same.

451.    Paragraph 451 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 451 and therefore denies the same.

452.    Paragraph 452 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 452 and therefore denies the same.

453.    Paragraph 453 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 453 and therefore denies the same.

454.    Paragraph 454 contains conclusions of law and not averments of fact to which an

answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 454 and therefore denies the same.

### COUNT TWENTY-SIX
### (Alleged Infringement of U.S. Reissued Patent No. RE45,466)

455.    Ericsson repeats and incorporates by reference each preceding paragraphs as if fully set forth herein.

456.    Ericsson admits that U.S. Reissued Patent No. RE45,466 E ("the '466 Patent") states as its title "System and method for transmitting random access data using orthogonal frequency division multiple access."  Ericsson admits that Exhibit 26 to the First Amended Complaint appears to be a copy of the '466 Patent.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 456 of the First Amended Complaint and therefore denies the same.

457.    Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 457 of the First Amended Complaint and therefore denies the same.

458.    Paragraph 458 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 458 and therefore denies the same.

459.    Paragraph 459 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 459 and therefore denies the same.

460.    Paragraph 460 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 460 and therefore denies the same.

461.    Paragraph 461 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 461 and therefore denies the same.

462.    Paragraph 462 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 462 and therefore denies the same.

463.    Paragraph 463 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 463 and therefore denies the same.

464.    Paragraph 464 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 464 and therefore denies the same.

465.    Paragraph 465 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically

denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 465 and therefore denies the same.

466.    Paragraph 466 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 466 and therefore denies the same.

467.    Paragraph 467 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 467 and therefore denies the same.

468.    Paragraph 468 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the

products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 468 and therefore denies the same.

469. Paragraph 469 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 469 and therefore denies the same.

470. Paragraph 470 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 470 and therefore denies the same.

471. Paragraph 471 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 471 and therefore denies the same.

## COUNT TWENTY-SEVEN
### (Alleged Infringement of U.S. Patent No. 10,231,211)

472.     Ericsson repeats and incorporates by reference each preceding paragraphs as if fully set forth herein.

473.     Ericsson admits that United States Patent No. 10,231,211 B2 ("the '211 Patent") states as its title "Method for paging information in cellular system."  Ericsson admits that Exhibit 27 to the First Amended Complaint appears to be a copy of the '211 Patent.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 473 of the First Amended Complaint and therefore denies the same.

474.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 474 of the First Amended Complaint and therefore denies the same.

475.     Paragraph 475 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 475 and therefore denies the same.

476.     Paragraph 476 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the

products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 476 and therefore denies the same.

477.    Paragraph 477 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 477 and therefore denies the same.

478.    Paragraph 478 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 478 and therefore denies the same.

479.    Paragraph 479 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 479 and therefore denies the same.

480.    Paragraph 480 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 480 and therefore denies the same.

481.    Paragraph 481 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 481 and therefore denies the same.

482.    Paragraph 482 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 482 and therefore denies the same.

483.    Paragraph 483 contains conclusions of law and not averments of fact to which an

answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 483 and therefore denies the same.

484.    Paragraph 484 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 484 and therefore denies the same.

485.    Paragraph 485 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 485 and therefore denies the same.

486.    Paragraph 486 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted

patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 486 and therefore denies the same.

487.    Paragraph 487 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 487 and therefore denies the same.

488.    Paragraph 488 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 488 and therefore denies the same.

489.    Paragraph 489 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 489 and therefore denies the same.

## SOL IP's DEMAND FOR JURY TRIAL

490. Ericsson admits that the First Amended Complaint purports to demand a jury trial pursuant to Federal Rule of Civil Procedure 38.

## FEES AND COSTS

491. Paragraph 491 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson specifically denies that the conduct alleged in the First Amended Complaint infringes Sol IP's asserted patents to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T. Ericsson lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 491 and therefore denies the same.

## PRAYER FOR RELIEF

Ericsson denies that Sol IP is entitled to any relief in this action, as requested or otherwise.

## ERICSSON'S DEMAND FOR A JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38(b), Ericsson demands a trial by jury on all issues so triable.

## ERICSSON'S AFFIRMATIVE DEFENSES

492. Subject to its responses above, and upon information and belief, Ericsson alleges and asserts the following defenses in response to the allegations of the First Amended Complaint. Regardless of how such defenses are listed herein, Ericsson undertakes the burden of

proof only as to those defenses that are deemed affirmative defenses as a matter of law.   In addition to the defenses described below, Ericsson specifically reserves the right to allege additional defenses pursuant to any docket control order or that becomes known through the course of this action.

## FIRST AFFIRMATIVE DEFENSE
### (Invalidity)

493.   One or more claims of U.S. Patent Nos. 9,603,174; 8,761,814; 9,155,066; 8,270,354; 8,311,031; 9,496,976; 10,080,204; 8,320,565; 8,320,571; 9,144,064; 9,204,438; 9,888,435; 8,320,337; 8,971,168; 8,593,936; 10,075,946; 10,009,884; 9,265,063; RE45,466; and 10,231,211 (collectively the "Alleged LTE Patents-in-Suit") are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

## SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

494.   Ericsson has not infringed and does not infringe any valid and enforceable claim of the Alleged LTE Patents-in-Suit, directly, indirectly (such as, contributorily or by inducement), literally, by the doctrine of equivalents, or willfully, and has not contributed to the infringement of the Alleged LTE Patents-in-Suit.

## THIRD AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel/Disclaimer)

495.   Sol IP's claims are barred by the doctrine of prosecution history estoppel and disclaimer based on statements, representations, and/or admissions made during the prosecution of the Alleged LTE Patents-in-Suit.

## FOURTH AFFIRMATIVE DEFENSE
### (Damages Statutorily Limited)

496.     Any claim by Sol IP for damages and/or costs is limited by 35 U.S.C. §§ 252,

286, 287, 288, 307 and/or 318.

### FIFTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

497.     Sol IP's claims are barred by equitable doctrines including waiver, unclean hands

and estoppel.

### SIXTH AFFIRMATIVE DEFENSE
### (No Willful Infringement)

498.     Sol IP is not entitled to enhanced or increased damages for willful infringement.

### SEVENTH AFFIRMATIVE DEFENSE
### (No Injunctive Relief)

499.     Sol IP is not entitled to any form of injunctive relief because Sol IP has not

suffered, and will not suffer, irreparable harm as a result of the alleged conduct. Sol IP has an

adequate remedy at law, and the balance of hardships and the public interest do not favor

injunctive relief.  Ericsson further alleges that Sol IP is an entity which, upon information and

belief, does not make or sell any products or services.  Accordingly, Ericsson further alleges that

Sol IP could not meet the applicable standard to warrant an injunction.

### EIGHTH AFFIRMATIVE DEFENSE
### (Statutory Limitation)

500.     To the extent certain equipment accused of infringing the Alleged LTE Patents-

in-Suit are used by and/or manufactured for the United States Government, Sol IP's claims

involving Ericsson equipment supplied to AT&T with respect to such equipment may not be

pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

### NINTH AFFIRMATIVE DEFENSE
### (FRAND Limitation)

501.     Sol IP's claims for monetary relief are limited by its obligation to license the

Alleged LTE Patents-in-Suit on fair, reasonable and non-discriminatory ("FRAND") terms pursuant to the applicable standard setting organization's intellectual property right policies.

## TENTH AFFIRMATIVE DEFENSE
### (Implied License, Waiver)

502.    Sol IP's claims of patent infringement are barred by the doctrines of implied license and/or implied waiver.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

503.    To the extent that Sol IP was not the sole and total owner of all substantial rights in any of the Patents-in-Suit as of the filing date of the First Amended Complaint, Sol IP lacks standing to bring one or more claims in this lawsuit.

## TWELFTH AFFIRMATIVE DEFENSE
### (Ensnarement)

504.    Sol IP cannot assert its claims under the doctrine of equivalents to cover the accused products because such an asserted scope of equivalency would encompass or ensnare the prior art.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

505.    Sol IP's First Amended Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

## RESERVATION OF ADDITIONAL DEFENSES

Ericsson reserves the right to amend its Answer to add additional Affirmative Defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law and equity (including but not limited to instances of inequitable conduct and/or patent misuse) as they become known throughout the course of discovery in this

case.   Assertion of a defense is not a concession that Ericsson has the burden of proving the matter asserted.

## <u>INTERVENOR ERICSSON'S COUNTERCLAIMS</u>

### <u>THE PARTIES</u>

1.      Ericsson Inc. is a Delaware corporation with its principal place of business at 6300 Legacy Drive, Plano, Texas 75024.

2.      Based on assertions by Sol IP, LLC ("Sol IP"), Sol IP is organized and existing as a limited liability company under the laws of Virginia with a principal place of business at 8287 Spring Leaf Court, Vienna, Virginia 22182.

3.      Based on assertions by Sol IP, Sol IP has substantial rights and interest in United States Patent Nos. 9,603,174 (the "'174 Patent"); 8,761,814 (the "'814 Patent"); 9,155,066 (the "'066 Patent"); 8,270,354 (the "'354 Patent"); 8,311,031 (the "'031 Patent"); 9,496,976 (the "'976 Patent"); 10,080,204 (the "'204 Patent"); 8,320,565 (the "'565 Patent"); 8,320,571 (the "'571 Patent"); 9,144,064 (the "'064 Patent"); 9,204,438 (the "'438 Patent"); 9,888,435 (the "'435 Patent"); 8,320,337 (the "'337 Patent"); 8,971,168 (the "'168 Patent"); 8,593,936 (the "'936 Patent"); 10,075,946 (the "'946 Patent"); 10,009,884 (the "'884 Patent"); 9,265,063 (the "'063 Patent"); RE45,466 (the "'466 Patent"); and 10,231,211 (the "'211 Patent") (collectively the "Alleged LTE Patents-in-Suit").

4.      Sol IP has sued Ericsson's customer, AT&T Mobility LLC ("AT&T") with respect to the Alleged LTE Patents-in-Suit in Eastern District of Texas Case No. 2:18-cv-526 (the "AT&T Case").

5.      Sol IP's First Amended Complaint in the AT&T Case alleges infringement based, in part, upon functionality implemented by LTE base stations supplied by Ericsson to AT&T.

6.      In response, AT&T has tendered an indemnity demand to Ericsson with respect to the Alleged LTE Patents-in-Suit.

## JURISDICTION AND VENUE

7.      This is an action for a declaration that Ericsson's products and services do not infringe each and every claim of the Alleged LTE Patents-in-Suit.  Accordingly, this Court has subject matter jurisdiction under the Federal Declaratory Judgment Act, Title 28, United States Code §§ 2201 and 2202, and under Title 28, United States Code §§ 1331 and 1338(a).

8.      Sol IP is subject to personal jurisdiction of this Court by virtue of the First Amended Complaint for Patent Infringement ("First Amended Complaint") that Sol IP filed in this Court in the AT&T Case.

9.      Under 28 U.S.C. §§ 1391 and 1400(b), venue is proper for Ericsson's counterclaims against Sol IP.

10.      Ericsson brings the following counterclaims against Sol IP:

## COUNT ONE
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '174 PATENT

11.      Ericsson realleges and incorporates by reference the allegations in Paragraphs 1-10 as though fully set forth here.

12.      Sol IP has asserted that AT&T infringes the '174 Patent.

13.      An actual, substantial, and continuing justiciable controversy exists between Ericsson and Sol IP with respect to infringement of the '174 Patent.

14.      Ericsson has not infringed and does not infringe any valid and enforceable claim of the '174 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

15.      There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and

141

2202, between Ericsson and Sol IP as to whether Ericsson has infringed or infringes any valid and enforceable claim of the '174 Patent.

16.     A judicial declaration concerning these matters is necessary and appropriate so that Ericsson can ascertain its rights regarding the '174 Patent.

<u>**COUNT TWO**</u>
<u>**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '814 PATENT**</u>

17.     Ericsson realleges and incorporates by reference the allegations in Paragraphs 1-10 as though fully set forth here.

18.     Sol IP has asserted that AT&T infringes the '814 Patent.

19.     An actual, substantial, and continuing justiciable controversy exists between Ericsson and Sol IP with respect to infringement of the '814 Patent.

20.     Ericsson has not infringed and does not infringe any valid and enforceable claim of the '814 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

21.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Ericsson and Sol IP as to whether Ericsson has infringed or infringes any valid and enforceable claim of the '814 Patent.

22.     A judicial declaration concerning these matters is necessary and appropriate so that Ericsson can ascertain its rights regarding the '814 Patent.

<u>**COUNT THREE**</u>
<u>**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '066 PATENT**</u>

23.     Ericsson realleges and incorporates by reference the allegations in Paragraphs 1-10 as though fully set forth here.

24.     Sol IP has asserted that AT&T infringes the '066 Patent.

25.     An actual, substantial, and continuing justiciable controversy exists between Ericsson and Sol IP with respect to infringement of the '066 Patent.

26.     Ericsson has not infringed and does not infringe any valid and enforceable claim of the '066 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

27.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Ericsson and Sol IP as to whether Ericsson has infringed or infringes any valid and enforceable claim of the '066 Patent.

28.     A judicial declaration concerning these matters is necessary and appropriate so that Ericsson can ascertain its rights regarding the '066 Patent.

## COUNT FOUR
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '354 PATENT

29.     Ericsson realleges and incorporates by reference the allegations in Paragraphs 1-10 as though fully set forth here.

30.     Sol IP has asserted that AT&T infringes the '354 Patent.

31.     An actual, substantial, and continuing justiciable controversy exists between Ericsson and Sol IP with respect to infringement of the '354 Patent.

32.     Ericsson has not infringed and does not infringe any valid and enforceable claim of the '354 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

33.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Ericsson and Sol IP as to whether Ericsson has infringed or infringes any valid and enforceable claim of the '354 Patent.

34.     A judicial declaration concerning these matters is necessary and appropriate so

that Ericsson can ascertain its rights regarding the '354 Patent.

## COUNT FIVE
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '031 PATENT

35.     Ericsson realleges and incorporates by reference the allegations in Paragraphs 1-
10 as though fully set forth here.

36.     Sol IP has asserted that AT&T infringes the '031 Patent.

37.     An actual, substantial, and continuing justiciable controversy exists between
Ericsson and Sol IP with respect to infringement of the '031 Patent.

38.     Ericsson has not infringed and does not infringe any valid and enforceable claim
of the '031 Patent literally, directly, indirectly (such as contributorily or by way of inducement),
willfully, or under the doctrine of equivalents.

39.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and
2202, between Ericsson and Sol IP as to whether Ericsson has infringed or infringes any valid
and enforceable claim of the '031 Patent.

40.     A judicial declaration concerning these matters is necessary and appropriate so
that Ericsson can ascertain its rights regarding the '031 Patent.

## COUNT SIX
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '976 PATENT

41.     Ericsson realleges and incorporates by reference the allegations in Paragraphs 1-
10 as though fully set forth here.

42.     Sol IP has asserted that AT&T infringes the '976 patent.

43.     An actual, substantial, and continuing justiciable controversy exists between
Ericsson and Sol IP with respect to infringement of the '976 Patent.

44.     Ericsson has not infringed and does not infringe any valid and enforceable claim

of the '976 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

45.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Ericsson and Sol IP as to whether Ericsson has infringed or infringes any valid and enforceable claim of the '976 Patent.

46.     A judicial declaration concerning these matters is necessary and appropriate so that Ericsson can ascertain its rights regarding the '976 Patent.

**COUNT SEVEN**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '204 PATENT**

47.     Ericsson realleges and incorporates by reference the allegations in Paragraphs 1-10 as though fully set forth here.

48.     Sol IP has asserted that AT&T infringes the '204 Patent.

49.     An actual, substantial, and continuing justiciable controversy exists between Ericsson and Sol IP with respect to infringement of the '204 Patent.

50.     Ericsson has not infringed and does not infringe any valid and enforceable claim of the '204 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

51.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Ericsson and Sol IP as to whether Ericsson has infringed or infringes any valid and enforceable claim of the '204 Patent.

52.     A judicial declaration concerning these matters is necessary and appropriate so that Ericsson can ascertain its rights regarding the '204 Patent.

**COUNT EIGHT**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '565 PATENT**

53.     Ericsson realleges and incorporates by reference the allegations in Paragraphs 1-10 as though fully set forth here.

54.     Sol IP has asserted that AT&T infringes the '565 Patent.

55.     An actual, substantial, and continuing justiciable controversy exists between Ericsson and Sol IP with respect to infringement of the '565 Patent.

56.     Ericsson has not infringed and does not infringe any valid and enforceable claim of the '565 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

57.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Ericsson and Sol IP as to whether Ericsson has infringed or infringes any valid and enforceable claim of the '565 Patent.

58.     A judicial declaration concerning these matters is necessary and appropriate so that Ericsson can ascertain its rights regarding the '565 Patent.

## COUNT NINE
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '571 PATENT

59.     Ericsson realleges and incorporates by reference the allegations in Paragraphs 1-10 as though fully set forth here.

60.     Sol IP has asserted that AT&T infringes the '571 Patent.

61.     An actual, substantial, and continuing justiciable controversy exists between Ericsson and Sol IP with respect to infringement of the '571 Patent.

62.     Ericsson has not infringed and does not infringe any valid and enforceable claim of the '571 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

63.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and

2202, between Ericsson and Sol IP as to whether Ericsson has infringed or infringes any valid and enforceable claim of the '571 Patent.

64.     A judicial declaration concerning these matters is necessary and appropriate so that Ericsson can ascertain its rights regarding the '571 Patent.

## COUNT TEN
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '064 PATENT

65.     Ericsson realleges and incorporates by reference the allegations in Paragraphs 1-10 as though fully set forth here.

66.     Sol IP has asserted that AT&T infringes the '064 Patent.

67.     An actual, substantial, and continuing justiciable controversy exists between Ericsson and Sol IP with respect to infringement of the '064 Patent.

68.     Ericsson has not infringed and does not infringe any valid and enforceable claim of the '064 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

69.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Ericsson and Sol IP as to whether Ericsson has infringed or infringes any valid and enforceable claim of the '064 Patent.

70.     A judicial declaration concerning these matters is necessary and appropriate so that Ericsson can ascertain its rights regarding the '064 Patent.

## COUNT ELEVEN
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '438 PATENT

71.     Ericsson realleges and incorporates by reference the allegations in Paragraphs 1-10 as though fully set forth here.

72.     Sol IP has asserted that AT&T infringes the '438 Patent.

73.     An actual, substantial, and continuing justiciable controversy exists between Ericsson and Sol IP with respect to infringement of the '438 Patent.

74.     Ericsson has not infringed and does not infringe any valid and enforceable claim of the '438 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

75.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Ericsson and Sol IP as to whether Ericsson has infringed or infringes any valid and enforceable claim of the '438 Patent.

76.     A judicial declaration concerning these matters is necessary and appropriate so that Ericsson can ascertain its rights regarding the '438 Patent.

### COUNT TWELVE
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '435 PATENT

77.     Ericsson realleges and incorporates by reference the allegations in Paragraphs 1-10 as though fully set forth here.

78.     Sol IP has asserted that AT&T infringes the '435 Patent.

79.     An actual, substantial, and continuing justiciable controversy exists between Ericsson and Sol IP with respect to infringement of the '435 Patent.

80.     Ericsson has not infringed and does not infringe any valid and enforceable claim of the '435 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

81.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Ericsson and Sol IP as to whether Ericsson has infringed or infringes any valid and enforceable claim of the '435 Patent.

82.     A judicial declaration concerning these matters is necessary and appropriate so

that Ericsson can ascertain its rights regarding the '435 Patent.

## COUNT THIRTEEN
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '337 PATENT

83.     Ericsson realleges and incorporates by reference the allegations in Paragraphs 1-10 as though fully set forth here.

84.     Sol IP has asserted that AT&T infringes the '337 Patent.

85.     An actual, substantial, and continuing justiciable controversy exists between Ericsson and Sol IP with respect to infringement of the '337 Patent.

86.     Ericsson has not infringed and does not infringe any valid and enforceable claim of the '337 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

87.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Ericsson and Sol IP as to whether Ericsson has infringed or infringes any valid and enforceable claim of the '337 Patent.

88.     A judicial declaration concerning these matters is necessary and appropriate so that Ericsson can ascertain its rights regarding the '337 Patent.

## COUNT FOURTEEN
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '168 PATENT

89.     Ericsson realleges and incorporates by reference the allegations in Paragraphs 1-10 as though fully set forth here.

90.     Sol IP has asserted that AT&T infringes the '168 Patent.

91.     An actual, substantial, and continuing justiciable controversy exists between Ericsson and Sol IP with respect to infringement of the '168 Patent.

92.     Ericsson has not infringed and does not infringe any valid and enforceable claim

of the '168 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

93.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Ericsson and Sol IP as to whether Ericsson has infringed or infringes any valid and enforceable claim of the '168 Patent.

94.     A judicial declaration concerning these matters is necessary and appropriate so that Ericsson can ascertain its rights regarding the '168 Patent.

### COUNT FIFTEEN
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '936 PATENT

95.     Ericsson realleges and incorporates by reference the allegations in Paragraphs 1-10 as though fully set forth here.

96.     Sol IP has asserted that AT&T infringes the '936 Patent.

97.     An actual, substantial, and continuing justiciable controversy exists between Ericsson and Sol IP with respect to infringement of the '936 Patent.

98.     Ericsson has not infringed and does not infringe any valid and enforceable claim of the '936 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

99.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Ericsson and Sol IP as to whether Ericsson has infringed or infringes any valid and enforceable claim of the '936 Patent.

100.    A judicial declaration concerning these matters is necessary and appropriate so that Ericsson can ascertain its rights regarding the '936 Patent.

### COUNT SIXTEEN
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '946 PATENT

101.    Ericsson realleges and incorporates by reference the allegations in Paragraphs 1-10 as though fully set forth here.

102.    Sol IP has asserted that AT&T infringes the '946 Patent.

103.    An actual, substantial, and continuing justiciable controversy exists between Ericsson and Sol IP with respect to infringement of the '946 Patent.

104.    Ericsson has not infringed and does not infringe any valid and enforceable claim of the '946 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

105.    There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Ericsson and Sol IP as to whether Ericsson has infringed or infringes any valid and enforceable claim of the '946 Patent.

106.    A judicial declaration concerning these matters is necessary and appropriate so that Ericsson can ascertain its rights regarding the '946 Patent.

## COUNT SEVENTEEN
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '884 PATENT

107.    Ericsson realleges and incorporates by reference the allegations in Paragraphs 1-10 as though fully set forth here.

108.    Sol IP has asserted that AT&T infringes the '884 Patent.

109.    An actual, substantial, and continuing justiciable controversy exists between Ericsson and Sol IP with respect to infringement of the '884 Patent.

110.    Ericsson has not infringed and does not infringe any valid and enforceable claim of the '884 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

111.    There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and

2202, between Ericsson and Sol IP as to whether Ericsson has infringed or infringes any valid and enforceable claim of the '884 Patent.

112.    A judicial declaration concerning these matters is necessary and appropriate so that Ericsson can ascertain its rights regarding the '884 Patent.

## COUNT EIGHTEEN
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '063 PATENT

113.    Ericsson realleges and incorporates by reference the allegations in Paragraphs 1-10 as though fully set forth here.

114.    Sol IP has asserted that AT&T infringes the '063 Patent.

115.    An actual, substantial, and continuing justiciable controversy exists between Ericsson and Sol IP with respect to infringement of the '063 Patent.

116.    Ericsson has not infringed and does not infringe any valid and enforceable claim of the '063 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

117.    There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Ericsson and Sol IP as to whether Ericsson has infringed or infringes any valid and enforceable claim of the '063 Patent.

118.    A judicial declaration concerning these matters is necessary and appropriate so that Ericsson can ascertain its rights regarding the '063 Patent.

## COUNT NINETEEN
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '466 PATENT

119.    Ericsson realleges and incorporates by reference the allegations in Paragraphs 1-10 as though fully set forth here.

120.    Sol IP has asserted that AT&T infringes the '466 Patent.

121.    An actual, substantial, and continuing justiciable controversy exists between Ericsson and Sol IP with respect to infringement of the '466 Patent.

122.    Ericsson has not infringed and does not infringe any valid and enforceable claim of the '466 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

123.    There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Ericsson and Sol IP as to whether Ericsson has infringed or infringes any valid and enforceable claim of the '466 Patent.

124.    A judicial declaration concerning these matters is necessary and appropriate so that Ericsson can ascertain its rights regarding the '466 Patent.

**COUNT TWENTY**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '211 PATENT**

125.    Ericsson realleges and incorporates by reference the allegations in Paragraphs 1-10 as though fully set forth here.

126.    Sol IP has asserted that AT&T infringes the '211 Patent.

127.    An actual, substantial, and continuing justiciable controversy exists between Ericsson and Sol IP with respect to infringement of the '211 Patent.

128.    Ericsson has not infringed and does not infringe any valid and enforceable claim of the '211 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

129.    There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Ericsson and Sol IP as to whether Ericsson has infringed or infringes any valid and enforceable claim of the '211 Patent.

130.    A judicial declaration concerning these matters is necessary and appropriate so

that Ericsson can ascertain its rights regarding the '211 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Ericsson respectfully requests that the Court enter Judgment and Order against Sol IP as follows:

a.   A declaration that Ericsson does not infringe the '174 Patent;

b.   A declaration that Ericsson does not infringe the '814 Patent;

c.   A declaration that Ericsson does not infringe the '066 Patent;

d.   A declaration that Ericsson does not infringe the '354 Patent;

e.   A declaration that Ericsson does not infringe the '031 Patent;

f.   A declaration that Ericsson does not infringe the '976 Patent;

g.   A declaration that Ericsson does not infringe the '204 Patent;

h.   A declaration that Ericsson does not infringe the '565 Patent;

i.   A declaration that Ericsson does not infringe the '571 Patent;

j.   A declaration that Ericsson does not infringe the '064 Patent;

k.   A declaration that Ericsson does not infringe the '438 Patent;

l.   A declaration that Ericsson does not infringe the '435 Patent;

m.   A declaration that Ericsson does not infringe the '337 Patent;

n.   A declaration that Ericsson does not infringe the '168 Patent;

o.   A declaration that Ericsson does not infringe the '936 Patent;

p.   A declaration that Ericsson does not infringe the '946 Patent;

q.   A declaration that Ericsson does not infringe the '884 Patent;

r.   A declaration that Ericsson does not infringe the '063 Patent;

s.   A declaration that Ericsson does not infringe the '466 Patent;

t.      A declaration that Ericsson does not infringe the '211 Patent;

u.      An Order declaring that this is an exceptional case and awarding Ericsson its costs, expenses, and reasonable attorneys' fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

v.      Any such other relief as the Court may deem appropriate and just under the circumstances.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Ericsson demands a trial by jury on all issues so triable.

April 5, 2019                                Respectfully submitted,


                                            */s/ Theodore Stevenson III*
                                            Theodore Stevenson III, lead counsel
                                            TX State Bar No. 19196650
                                            tstevenson@mckoolsmith.com
                                            Nicholas Mathews
                                            TX State Bar No. 24085457
                                            nmathews@mckoolsmith.com
                                            Warren Lipschitz
                                            TX State Bar No. 24078867
                                            wlipschitz@mckoolsmith.com
                                            Chelsea A. Priest
                                            TX State Bar No. 24102375
                                            cpriest@mckoolsmith.com
                                            Erik B. Fountain
                                            TX State Bar No. 24097701
                                            efountain@mckoolsmith.com
                                            Marcus L. Rabinowitz
                                            TX State Bar No. 24098293
                                            mrabinowitz@mckoolsmith.com
                                            Eric Hansen
                                            TX State Bar No. 24062763
                                            ehansen@mckoolsmith.com
                                            **McKool Smith, PC**
                                            300 Crescent Court, Suite 1500
                                            Dallas, TX 75201
                                            Telephone: (214) 978-4000
                                            Telecopier: (214) 978-4044


                                            Kevin Burgess
                                            TX State Bar No. 24006927
                                            kburgess@mckoolsmith.com
                                            Kevin Hess
                                            TX State Bar No. 24087717
                                            khess@mckoolsmith.com
                                            Christine Woodin
                                            TX State Bar No. 24199951
                                            cwoodin@mckoolsmith.com
                                            **McKool Smith, PC**
                                            300 W. 6th Street, Suite 1700
                                            Austin, TX 78701
                                            Telephone: (512) 692-8700
                                            Telecopier: (512) 692-8744

Thomas M. Melsheimer
TX Bar No. 13922550
tmelsheimer@winston.com
M. Brett Johnson
Texas Bar No. 00790975
mbjohnson@winston.com
Michael A. Bittner
TX Bar No. 24064905
mbittner@winston.com
J. Travis Underwood
TX Bar No. 24102587
tunderwood@winston.com
Ahtoosa Dale
TX Bar No. 24101443
adale@winston.com
**Winston & Strawn LLP**
2121 North Pearl Street, Suite 900
Dallas, TX 75201
(214) 453-6500 – Telephone
(214) 453-6400 – Facsimile

Michael R. Rueckheim
Texas Bar No. 24081129
mrueckheim@winston.com
**Winston & Strawn LLP**
275 Middlefield Road, Suite 205
Menlo Park, CA 94025
(650) 858-6500 – Telephone
(650) 858-6550 – Facsimile

**ATTORNEYS FOR INTERVENOR
ERICSSON INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document was filed electronically in compliance with Local Rule CV-5(a), and so served on all counsel who have consented to electronic service. Under Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record who did not receive the attached will be served by electronic mail, facsimile transmission or first class mail, on April 5, 2019.

*/s/ Theodore Stevenson III*
Theodore Stevenson, III