# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SOL IP, LLC,<br>   Plaintiff,<br> v.<br>AT&T MOBILITY LLC,<br>   Defendant,<br> v.<br>SPRINT COMMUNICATIONS CO. L.P.;<br>SPRINT SOLUTIONS, INC.; and<br>SPRINT SPECTRUM L.P.,<br>   Defendants.<br> v.<br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,<br>   Defendants.<br>ERICSSON INC.,<br>   Intervenor | Case No. 2:18-cv-00526-RWS-RSP<br><br>*CONSOLIDATED LEAD CASE*<br><br>**JURY TRIAL DEMANDED**<br><br><br>Case No. 2:18-cv-00527-RWS-RSP<br><br><br><br>Case No. 2:18-cv-00528-RWS-RSP |

## E-DISCOVERY ORDER

The Court ORDERS as follows:

1. This order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This order may be modified in the court's discretion or by agreement of the parties. The parties shall jointly submit any proposed modifications within 30 days after the Federal Rule of Civil Procedure 16 conference. If the parties cannot resolve their disagreements

       regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute.

3. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall not include metadata. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production if such fields exist.

5. Absent agreement of the parties or further order of this court, the following parameters shall apply to ESI production:

    A. **General Document Image Format**. Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

    B. **Text-Searchable Documents**. No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then

        such documents shall be produced in the same text-searchable format at no cost to the receiving party.

    C. **Footer**. Each document image shall contain a footer with a sequentially ascending production number.

    D. **Native Files**. A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

    E. **No Backup Restoration Required.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

    F. **Voicemail and Mobile Devices.** Absent a showing of good cause, voice-mails, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). To obtain e-mail parties must propound specific e-mail production requests.

7. E-mail production requests, if any, shall be phased to occur timely after the parties have exchanged initial disclosures, infringement contentions and accompanying documents pursuant to P.R. 3-1 and 3-2, invalidity contentions and accompanying documents

pursuant to P.R. 3-3 and 3-4, and preliminary information relevant to damages. Thereafter, each party who seeks e-mail production from another party may serve e-mail production requests subject to the restrictions and procedures below.  Each requesting party may also propound up to five written discovery requests and take one deposition per producing party to identify the proper custodians, proper search terms, and proper time frame for e-mail production requests. However, the parties agree that before scheduling such a deposition, they will meet and confer and attempt in good faith to resolve any outstanding issues regarding the proper custodians, proper search terms, and/or the proper time frame for e-mail production requests.  The court may allow additional discovery upon a showing of good cause.

8. E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame. Each requesting party shall limit its e-mail production requests to up to a total of five custodians per producing party for all such requests. For clarity, the Defendants[1] will jointly agree on up to five custodians of the Plaintiff,[2] and the Plaintiff may identify up to five custodians per Defendant Group. To facilitate cooperation in identifying the proper custodians, the parties agree to the following procedure: (1) the requesting parties will identify the custodians, if any, from which it seeks e-mail production no later than July 11, 2019, (2) the producing party can object to the identification of a custodian within one week, and the parties will meet and confer to select an appropriate custodian. If the parties dispute the relevance or appropriateness of a

---

[1] "Defendants" refers collectively to the following four Defendant Groups (1) AT&T Mobility LLC, (2) Sprint Communications Co, L.P., Sprint Solutions, Inc., and Sprint Spectrum L.P., (3) Cellco Partnership d/b/a Verizon Wireless, and (4) Ericsson Inc.

[2] "Plaintiff" refers to Sol IP LLC.

potential custodian, they will raise it with the Court. After the objection is resolved, or the time for an objection passes, the requesting party may serve E-mail production requests, as described below. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case.

9. Defendants shall collectively limit their e-mail production requests to a total of five common search terms per custodian. Each Defendant Group may propound up to five additional individual search terms per custodian. Plaintiff will limit its e-mail production requests to a total of ten search terms per custodian.  The parties may jointly agree to modify this limit without the court's leave.  The court shall consider contested requests for additional or fewer search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. To facilitate cooperation in identifying search terms, the parties agree to the

following procedure: (1) the parties agree to serve initial E-mail production requests, if any, including a list of search terms, no later than August 8, 2019, (2) after receiving a list of search terms, the producing party will, by August 22, 2019, or sooner if technically feasible, identify search terms that are objectionable, (2) the producing party will propose narrower search terms for any objectionable search terms, (3) the parties will meet and confer to narrow the E-mail production requests.

10. To the extent a custodian communicates in a language other than English, the requesting party may request search terms be run in both English and the custodian's other language. The requesting party will provide the translated search terms, subject to the conditions described in Paragraph 9 of this Order, and translated search terms will not count as additional search terms toward the limit.

11. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

11. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

12. Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

**SIGNED this 3rd day of June, 2019.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE