# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| SOL IP, LLC, *Plaintiff*, v. AT&T MOBILITY LLC, *Defendant*, ERICSSON INC. and NOKIA OF AMERICA CORPORATION, *Intervenors*. | § § § § § § § § § § § § | Case No. 2:18-cv-00526-RWS-RSP LEAD CASE |
| SPRINT COMMUNICATIONS COMPANY L.P., SPRINT SOLUTIONS, INC., and SPRINT SPECTRUM L.P., *Defendants*, ERICSSON INC. and NOKIA OF AMERICA CORPORATION, *Intervenors*. | § § § § § § § § § | Case No. 2:18-cv-00527-RWS-RSP CONSOLIDATED CASE |
| VERIZON COMMUNICATIONS INC. and CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, *Defendants*, ERICSSON INC. and NOKIA OF AMERICA CORPORATION, *Intervenors*. | § § § § § § § § § § § | Case No. 2:18-cv-00528-RWS-RSP CONSOLIDATED CASE |

## **MEMORANDUM ORDER**

Before the Court is Ericsson's Motion to Disqualify Two Sol Technical Experts (Dkt. No. 241), which came on for hearing before the undersigned on December 4, 2019. The motion seeks to disqualify two experts retained by Plaintiff (Dr. Robert Akl and Mr. Robert Tidwell) based on confidential information they both allegedly obtained while working for Ericsson on a case against Ericsson in the District of Minnesota and on *inter partes* review proceedings before the PTAB.

As set out by the Fifth Circuit in *Koch Refining Co. v. Boudreaux*, 85 F.3d 1178, 1181 (5th Cir. 1996), in order to disqualify an expert witness, the moving party must show that it had an objectively reasonable basis for a confidential relationship with the expert, and that confidential information relevant to the instant case was disclosed to the expert during that prior relationship. It is not disputed that Ericsson had such a relationship with Dr. Akl. Ericsson represents, and Plaintiff has not rebutted, that "Dr. Akl has billed Ericsson $150,000 for work in 2016 and 2017 related to non-infringement, invalidity, and non-infringing alternatives for the same Ericsson products accused of infringement in this case, and for patents allegedly covering the same or closely related technical standards Sol points to here." (Dkt. No.241 at 1). Ericsson also represents that Dr. Akl worked directly with its engineers and lawyers on numerous confidential matters. The Court has observed that Dr. Akl's curriculum vitae lists 4 extensive projects undertaken by him for Ericsson in the wireless communications field (Dkt. No. 241-4), and Ericsson represents that it has been billed more than $900,000 for his work. (Dkt. No. 241-1).

Plaintiff does not argue that the work performed by Dr. Akl previously for Ericsson, and the confidential materials reviewed therewith, are not relevant to this case. Instead, it argues that those matters are not relevant to the work that Plaintiff has assigned to Dr. Akl in this case: reviewing prior art references in connection with the invalidity defenses asserted by Defendants. Ericsson disputes this claim, arguing that Dr. Akl's knowledge of its systems and strategies will inevitably impact Plaintiff's positions on validity. While the Court tends to credit Ericsson's position on this issue, it is not the central issue. Dr. Akl's extensive work for Ericsson, on the same accused products as this case, on patents rooted in very closely related technology, and so close in time that some of it is still ongoing, makes him off limits to Plaintiff.

Plaintiff points to the ruling of this Court in *Lake Cherokee Hard Drive Technologies, LLC v. Bass Computers, Inc.*, C.A. 2:10-cv-216 (E.D.Tex. March 5, 2012), where the Court disqualified an expert retained by the plaintiff who had extensive confidential knowledge from his long employment with the defendant. The Court nonetheless allowed plaintiff to consult with the expert "on issues relating to claim construction and validity." But that was because the expert was the named inventor on both of the patents-in-suit, and therefore had unique first hand knowledge. Plaintiff can make no such showing here. It concedes that it has numerous experts working even on the prior art issue. At the hearing, Plaintiff advised the Court that it was not seeking any schedule relief in the event of Dr. Akl's disqualification. Dr. Akl was only retained earlier this year, and Plaintiff was informed of Ericsson's objections as soon as it sought consent to give him access to confidential discovery materials under the protective order.

While the Court need not reach the issue, there are also serious questions concerning whether Dr. Akl's contract with Ericsson's counsel regarding his role as an expert in the IPR proceedings, which are ongoing, prevents him from being a witness against Ericsson in this case. (Dkt. No. 265-2 ¶8).

For the foregoing reasons, the motion to disqualify Dr. Akl from any further work as an expert on behalf of Plaintiff in this matter is granted.

The issues regarding Mr. Tidwell are very different. Ericsson consulted with Mr. Tidwell, who had been a graduate assistant of Dr. Akl, to get a proposal regarding computer simulations of certain possible non-infringing alternatives being considered in the Minnesota case against Ericsson. Ericsson's counsel exchanged some emails with Tidwell (which the Court has reviewed *in camera*) and had one or more telephone conferences regarding the scope of the work, but the Minnesota case was stayed pending the IPR proceedings before any engagements were signed or

any work was done.  Ericsson never paid Tidwell for any work on that matter.  There has been no credible showing that Tidwell was provided with any confidential material relevant to this litigation.  Accordingly, the motion to disqualify Mr. Robert Tidwell is denied.

In conclusion, Ericsson's Motion to Disqualify Two Sol Technical Experts (Dkt. No. 241) is GRANTED as to Dr. Robert Akl, and DENIED as to Mr. Robert Tidwell.

**SIGNED this 5th day of December, 2019.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE