# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| SOL IP, LLC,<br>  *Plaintiff*,<br>v.<br>AT&T MOBILITY LLC,<br>  *Defendant*,<br>ERICSSON INC. and NOKIA OF AMERICA CORPORATION,<br>  *Intervenors*. | § § § § § § § § § § § § | Case No. 2:18-cv-00526-RWS-RSP<br>LEAD CASE |
| SPRINT COMMUNICATIONS COMPANY L.P., SPRINT SOLUTIONS, INC., and SPRINT SPECTRUM L.P.,<br>  *Defendants*,<br>ERICSSON INC. and NOKIA OF AMERICA CORPORATION,<br>  *Intervenors*. | § § § § § § § § § § | Case No. 2:18-cv-00527-RWS-RSP<br>CONSOLIDATED CASE |
| VERIZON COMMUNICATIONS INC. and CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,<br>  *Defendants*,<br>ERICSSON INC. and NOKIA OF AMERICA CORPORATION,<br>  *Intervenors*. | § § § § § § § § § § § | Case No. 2:18-cv-00528-RWS-RSP<br>CONSOLIDATED CASE |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Motion to Compel Plaintiff Sol IP, LLC to Respond to Interrogatories ("Motion to Compel"), which was filed by Defendants AT&T Mobility LLC, Sprint Communications Co. L.P., Sprint Solutions, Inc., Sprint Spectrum, L.P., Cellco Partnership d/b/a Verizon Wireless, and Defendant-Intervenor Ericsson Inc. (collectively "Defendants"). Dkt. No. 213. This Motion to Compel seeks to compel further responses to Defendants' Common Interrogatory Nos. 2, 9, and 12. *Id*. Interrogatory No. 2 requests information related to Plaintiff Sol

IP, LLC's ("Plaintiff") claimed priority dates, Interrogatory No. 9 relates to Plaintiff's prior licensing negotiations for the patents-in-suit, and Interrogatory No. 12 requests that Plaintiff identify which ETRI contributions correspond to each of the asserted patents. *Id*. at 1–2.

After consideration, Defendants' Motion to Compel is **GRANTED-IN-PART**. The Motion is **DENIED** with respect to Interrogatory No. 2 and Interrogatory No. 12. For Interrogatory No. 9, Defendants' Motion to Compel is **DENIED** for requested information on negotiations that have not resulted in a license, but the Motion is **GRANTED** for requested information on negotiations that have resulted in a license.

## I.     INTERROGATORY NO. 2

Interrogatory No. 2 requests the following information:

> For any patent that claims priority to an earlier application (as contended in the cover pleading to Plaintiff Sol IP's Disclosures Pursuant to Local Patent Rules 3-1 and 3-2 (Mar. 11, 2019) and any amendments thereto), identify for each element of each Asserted Claim, by ***column, line, and/or figure number of each earlier application***, all disclosure You contend provides written description and enablement support required by 35 U.S.C. § 112.

Dkt. No. 213 at 2–3 (emphasis added).

Defendants argue that, "[t]o support its claim to priority, [Plaintiff] must show that each and every claim limitation is supported by written description in the cited applications." Id. at 5 (citing *New Railhead Mfg., L.L.C. v. Vermeer Mfg. Co*., 298 F.3d 1290, 1294 (Fed. Cir. 2002)). Defendants assert that Plaintiff only provides "large ranges of text" to support its claim to priority without identifying the portions of the cited applications that support Plaintiff's claims to priority. *Id*. Defendants argue that Plaintiff's failure to specifically identify the relevant portions of the applications prevents Defendants from having a chance to reasonably evaluate Plaintiff's priority

claims, and Defendants also argue that they will be significantly prejudiced if Plaintiff fails to provide this identification before Defendants are forced to make a prior art reduction. *Id*.

In response, Plaintiff argues that Defendants' interrogatories exceed the requirements of the local rules. Dkt. No. 227 at 2 (citing L.P.R. 3-1(e) ("Separately for each opposing party, the 'Disclosure of Asserted Claims and Infringement Contentions' shall contain the following information: . . . (e) For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled. . . .")). Plaintiff states that it "prepared and provided a chart that identified (by date) any applicable priority application for each of its asserted claims and provided citations to the pages and figures of those applications that support those priority dates." *Id*. Plaintiff contends that this chart provided "ample information from which defendants can evaluate how the earlier applications support plaintiff's claimed priority dates." *Id*. Plaintiff argues that requiring a response on an element-by-element basis is unreasonably burdensome and exceeds the scope of discovery. *Id*. at 2–3. To support this contention, Plaintiff cites to *Finjan, Inc. v. ESET, LLC*, in which the Southern District of California found similar requests to be unreasonably burdensome. *Id*. (citing *Finjan*, No. 3:17-CV-00183-CAB-BGS, 2018 WL 4772124, at *5 (S.D. Cal. Oct. 3, 2018), *adopted by*, No. 3:17-CV-00183-CAB-BGS, 2018 WL 6075797 (S.D. Cal. Nov. 21, 2018)). The *Finjan* court stated that

> Although this interrogatory is framed in terms of claim-by-claim priority dates, the request for mapping claim elements to particular portions of specifications, albeit to justify the associated priority dates, seems to make it more like some sort of written description contentions. And, although the Court does not find parties are absolutely precluded from seeking discovery in a chart format unless specified in the Patent Local Rules as Finjan seems to argue, the Court recognizes that demanding this level of specificity in a claim chart, particularly the mapping it demands, is a significant burden. It, as with Interrogatory No. 4, is the type of "scorched earth," "no stone unturned" (potentially numerous times) approach to discovery the changes to Rule 26 were intended to curb. Given

> the other avenues for discovering this information already provided and the burden imposed in responding to it, the Court finds no further response to the interrogatory is required.

*Finjan*, 2018 WL 4772124, at *5. Plaintiff also argues that "Defendants' interrogatory is also overbroad and disproportionate to the needs of the case because it is not limited to only those claims and elements that they contend are missing in the priority application or are the subject of an invalidity contention that turns on the earlier priority date." Dkt. No. 227 at 3.

The Court concludes that the information sought by this interrogatory is not proportional to the needs of this case. The local rules do not require this level of specificity that Defendants seek in their interrogatory. Instead, the local patent rules only require that priority must be provided on a claim-by-claim basis. L.P.R. 3-1(e) ("Separately for each opposing party, the 'Disclosure of Asserted Claims and Infringement Contentions' shall contain the following information: . . . (e) For any patent that claims priority to an earlier application, the priority date to which ***each asserted claim*** allegedly is entitled. . . .") (emphasis added). Further, Defendants do not limit this interrogatory to only claims for which Defendants reasonably assert that § 112 support is lacking — Defendants instead seek these contentions for every element of every asserted claim. The information sought within the contentions may also be obtained through other means such as by deposition. Due to the availability of alternative means for discovering this information and the burden that would be imposed if such detailed responses were required, the Court finds the reasoning of *Finjan* to be persuasive. Accordingly, the Court **DENIES** this Motion to Compel with respect to Interrogatory No. 2.

## II.  INTERROGATORY NO. 9

Interrogatory No. 9 requests

> Separately for each of the Patents-in-Suit, identify and describe in detail all Agreements or offers to make an Agreement between Sol

> IP, ETRI, and/or any third party regarding any Patent-in-Suit, and for each Agreement or offer to make an Agreement, identify all related facts and circumstances, including but not limited to: dates on which negotiations began and ended; all Persons involved with negotiations or the decision to negotiate; all Documents exchanged during negotiations; all proposed financial terms, whether accepted or not; all final financial terms; any terms or bases on which such proposed or final terms were calculated; any other consideration or value to be paid or given in the Agreement; any payments made or received; any royalty or royalty rate offered, and the terms or basis on which such proposed royalty or royalty rate was calculated; and any supporting or associated Documentation or agreement(s).

Dkt. No. 213 at 3.

Defendants request two different categories of offers: (1) offers to or from companies that agreed to licenses (Samsung and Apple) that preceded the executed agreements; and (2) any offers Plaintiff or ETRI has made (or received) for a license covering the patents-in-suit that did not result in an executed agreement. Dkt. No. 213 at 6. Defendants contend both categories of information are relevant to damages and the FRAND inquiry. *Id.* at 5–6.

As to the first category identified by Defendants (offers to or from companies that agreed to licenses [Samsung and Apple] that preceded the executed agreements), Plaintiff argues that "plaintiff has already produced and is continuing to produce non-privileged documents reflecting those negotiations . . . ." Dkt. No. 227 at 4 (citing Dkt. No. 227-1 at ¶ 4).

Plaintiff also argues that "Federal Rule of Civil Procedure 33 provides plaintiff with the option of answering an interrogatory by specifying certain relevant records when the answer 'may be determined by examining . . . or summarizing a party's business records . . . and if the burden of deriving or ascertaining the answer will be substantially the same for either party.'" *Id.* at 5 (quoting Fed. R. Civ. P. 33(d)). Plaintiff asserts that, "because plaintiff does not possess a document that provides an overarching summary of the various offers that were exchanged during negotiations with third parties regarding the patents-in-suit, . . . the burden of ascertaining the

answer to defendants' interrogatory is substantially the same for both parties." *Id*. (internal citations omitted). Because of this, Plaintiff contends that it "should not be required to compile information about the offers that were exchanged when defendants can also ascertain this information by reviewing the identified documents." *Id*.

After consideration, Defendants' Motion to Compel is **GRANTED** with respect to the first category of documents in Interrogatory No. 9. (offers to or from companies that agreed to licenses [Samsung and Apple] that preceded the executed agreements). Indeed, Plaintiff has agreed to provide the requested information. However, Plaintiff asserts that "the burden of ascertaining the answer to Defendants' interrogatory is substantially the same for both parties." Dkt. No. 227 at 5. Accordingly, Rule 33(d) is applicable in this situation. That rule provides that:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33.

The Court therefore orders that Plaintiff's shall (1) specify the records that must be reviewed, in sufficient detail to enable the Defendants to locate and identify the relevant portions as readily as the Plaintiff could; and (2) either produce those records or give the Defendants a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

As to the second category identified by Defendants (any offers Plaintiff or ETRI has made [or received] for a license covering the patents-in-suit that did not result in an executed agreement),

Plaintiff argues that "offers and negotiations that have not resulted in a license or agreement are not discoverable." *Id*. (citing *Mondis Tech., Ltd. v. LG Elecs., Inc.*, No. 2:07-CV-565, 2011 WL 1714304, at *5 (E.D. Tex. May 4, 2011)). Plaintiff contends that the *Mondis* case held that a "plaintiff's 'ongoing or unconsummated settlement and licensing negotiations with the patents-in-suit are not discoverable' because they are unreliable absent a final decision and may have a chilling effect on ongoing settlement negotiations." Id. (citing *Mondis*, 2011 WL 1714304, at *5). The Court finds that the reasoning of *Mondis* remains persuasive as to discovery of negotiations that did not result in license agreements. Accordingly, the motion is denied as to that category.

### III.  INTERROGATORY NO. 12

Interrogatory No. 12 requests

> Separately for each of the Cellular Claimed-Essential Patents-in-Suit and WiFi Claimed-Essential Patents-in-Suit, describe Your involvement in and/or Your knowledge of the development of the relevant Cellular Standard sections or relevant WiFi Standard section, including with particularity (1) Sol IP or ETRI's development of the relevant technology; (2) Sol IP or ETRI's decision to contribute the technology to 3GPP, ETSI, or IEEE, if any; (3) the relevant Documents submitted to 3GPP, ETSI, or IEEE, if any; (4) the relevant 3GPP or IEEE working group meetings, if any; and (5) any competing proposals to 3GPP, ETSI, or IEEE, if any; and identify the individuals involved or knowledgeable regarding Sol IP or ETRI's involvement in 3GPP, ETSI, or IEEE related to each Cellular Claimed-Essential Patent-in-Suit and WiFi Claimed-Essential Patent-in-Suit.

Dkt. No. 213 at 4; Dkt. No. 227 at 6.

Defendants argue that, "if [Plaintiff] intends to argue at trial that ETRI contributed the relevant technology to the standards, then it should identify those contributions so Defendants' experts can evaluate [Plaintiff's] allegations." Dkt. No. 213 at 7. Defendants also argue that Plaintiff "cannot have it both ways; it cannot argue it does not have this information, and then argue at trial that ETRI contributed the accused technology to the standard." *Id*. Defendants

therefore "request that the Court compel [Plaintiff] to identify the specific contributions that [Plaintiff] contends ETRI made to 3GPP, ETSI, or IEEE that disclose the functionality accused for each asserted claim." *Id*. Defendants alternatively request that, "[i]f, in response to the Court's order, [Plaintiff] maintains that it does not have this information, then [Plaintiff] should be precluded from arguing at trial that ETRI contributed the relevant functionality to the standard." *Id*.

Plaintiff argues that this interrogatory is "vastly overbroad and unduly burdensome." Dkt. No. 227 at 6. Plaintiff asserts that "defendants' new request calls for mapping the thousands of pages of proposals that ETRI has made to 3GPP, ETSI, and IEEE, onto hundreds of asserted claims to see which ones 'disclose the functionality for each asserted claim.'" *Id*. at 7. Plaintiff also asserts that this is not proportional to the needs of the case as ETRI's proposals are tangential to the issue of whether the relevant standards map onto the asserted claims and whether the Defendants' products practice those standards. *Id*. Plaintiff argues that it identified documents that "reflect any ETRI proposals to those standard-setting organizations or their applicable working group meetings." *Id*. at 6. Plaintiff argues that Defendants seek to have Plaintiff "identify the specific contributions that [Plaintiff] contends ETRI made to 3GPP, ETSI, or IEEE that disclose the functionality for each asserted claim" but that the motion to compel did not seek that information. *Id*. at 6–7 (citing *Knauf Insulation, LLC v. Johns Manville Corp*., No. 1:15-cv-00111-WTL, 2019 WL 3766094, at *1 (S.D. Ind. Aug. 8, 2019) ("It was not reasonable for [the defendant] to move to compel [the plaintiff] to respond to Interrogatory No. 1 with a specificity that was not warranted by the interrogatory as [the defendant] drafted it.")).

The Court **DENIES** Defendants' Motion to Compel with respect to Interrogatory No. 12. Defendants seek the "specific contributions that [Plaintiff] contends ETRI made to 3GPP, ETSI,

or IEEE that disclose the functionality for each asserted claim." Dkt. No. 213 at 7. However, requiring a response to this interrogatory would be unduly burdensome to Plaintiff. Further, Defendants do not fully explain how the interrogatory seeks information that will have significant probative value in this case. The Court agrees with the Plaintiff's argument that the critical issue here will be whether the claims read on the standard and whether the accused products practice the standard, not whether the Plaintiff actually contributed to the standard. Because the information requested by Defendants appears to have limited probative value and because requiring a response would create a significant burden on Plaintiff, the Court **DENIES** Defendants' Motion to Compel with respect to Interrogatory No. 12.

**SIGNED this 5th day of January, 2020.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE