IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SOL IP, LLC,<br>　　*Plaintiff*,<br>v.<br>AT&T MOBILITY LLC,<br>　　*Defendant*,<br>ERICSSON INC. and NOKIA OF AMERICA CORPORATION,<br>　　*Intervenors*. | § § § § § § § § § § § § | Case No. 2:18-cv-00526-RWS-RSP<br>LEAD CASE |
| SPRINT COMMUNICATIONS COMPANY L.P., SPRINT SOLUTIONS, INC., and SPRINT SPECTRUM L.P.,<br>　　*Defendants*,<br>ERICSSON INC. and NOKIA OF AMERICA CORPORATION,<br>　　*Intervenors*. | § § § § § § § § § § | Case No. 2:18-cv-00527-RWS-RSP<br>CONSOLIDATED CASE |
| VERIZON COMMUNICATIONS INC. and CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,<br>　　*Defendants*,<br>ERICSSON INC. and NOKIA OF AMERICA CORPORATION,<br>　　*Intervenors*. | § § § § § § § § § § § | Case No. 2:18-cv-00528-RWS-RSP<br>CONSOLIDATED CASE |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Opposed Motion for Leave to Amend Invalidity Contentions ("Motion for Leave"), which was filed by Defendants AT&T Mobility LLC, Cellco Partnership d/b/a Verizon Wireless, Sprint Communications Company L.P., Sprint Solutions, Inc., and Sprint Spectrum L.P. (collectively "Defendants"). Dkt. No. 248. This Motion seeks to add the IEEE 802.11n standard as a reference within Defendants' Invalidity Contentions. *Id*. After consideration,

the Court **DENIES** Defendants' Motion as the Court concludes that good cause has not been shown.

## I. APPLICABLE LAW

Under the Local Patent Rules, leave to amend or supplement invalidity contentions may be made "only upon a showing of good cause." P.R. 3–6(b). The Federal Circuit has stated that "'good cause' requires a showing of diligence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). Diligence includes a party's diligence in discovering the reference. "As other courts have recognized, 'the critical issue is not what the party did after they discovered the prior art; rather, the critical issue is whether or not [the party seeking to amend] exercised diligence in discovering the prior art.'" *Invensys Sys, Inc. v. Emerson Elec. Co.*, No. 6:12-CV-799, 2014 WL 12598865, at *3 (E.D. Tex. Dec. 3, 2014) (citing *Symantec Corp. v. Acronis Corp.*, 2013 WL 5368053, at *5 (N.D. Cal. Sept. 25, 2013) (internal quotation marks omitted)).

While courts have broad discretion to allow modifications, four factors are often considered in ruling on such motions: (1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535–36 (5th Cir. 2003) (citations omitted).

## II. ANALYSIS

Regarding the explanation for the failure to meet the deadline for filing invalidity contentions, Defendants argue that this is a very large case, with 27 asserted patents and 497 asserted claims before the July 22 deadline. Dkt. No. 248 at 3. Defendants contend that they "did

not appreciate the direct applicability of the 802.11n standard as an anticipatory reference to the asserted claims of one patent—the '940 patent." *Id*. Defendants state that "[u]pon realizing this during the week of October 14, 2019, Defendants immediately began preparing a claim chart illustrating the invalidity of the asserted claims of the '940 patent in view of the 802.11n standard and promptly notified Sol IP of its desire to amend." *Id*. Defendants also state that they provided Plaintiff with the amended claim chart on October 22, 2019. *Id*. Plaintiff argues in response that Defendants analyzed the 802.11n standard in depth in six other claim charts for the Wi-Fi Patents, showing that they knew about the 802.11n reference and made the conscious decision to exclude it as a reference for the '940 patent. Dkt. No. 263 at 3.

The Court concludes that Defendants have not shown sufficient diligence. Defendants focus on their diligence in adding the reference once they appreciated the applicability of the reference. However, "'the critical issue is not what the party did after they discovered the prior art; rather, the critical issue is whether or not [the party seeking to amend] exercised diligence in discovering the prior art.'" *Invensys*, 2014 WL 12598865, at *3 (citing *Symantec*, 2013 WL 5368053, at *5 (internal quotation marks omitted)). Here, the Court cannot conclude that Defendants were diligent because the 802.11n standard was publicly available and because Defendants asserted that standard as a prior art reference for other patents, showing that Defendants had knowledge of the reference. Whether Defendants made a mistake in failing to assert this standard as a reference or consciously made the decision not to assert this reference is unclear, but in either scenario, Defendants have not exercised sufficient diligence. *Cummins-Allison Corp. v. SBM Co., Ltd*., 2009 WL 763926, at *4 (E.D. Tex. March 19, 2009) (Clark, J.) ("Simply because Defendants later learned that they made a mistake in not asserting a potentially

invalidating piece of prior art because Plaintiff made a helpful admission is not sufficient 'good cause' for leave to amend.").

Regarding the importance of the proposed amendment, Defendants argue that the standard is important because it "discloses each and every limitation of the asserted claims of the '940 Patent. Dkt. No. 248 at 4. Defendants state that "[t]he 802.11n standard contains a complete, authoritative, and accurate description of how the prior art RTS/CTS frames were used in prior art devices." *Id*. However, Defendants have not asserted that this standard is the only prior art reference being asserted for the '940 Patent or that the standard provides critical information that is not present in other prior-art references. Other than pointing to the requested addition to the contentions (which is 120 pages in length), Defendants have not provided any argument as to why the standard discloses each and every limitation of the asserted claims of the '940 Patent. Despite Defendants' inclusion of this standard as a prior art reference for six other Wi-Fi Patents, Defendants failed to include this standard as an anticipatory reference in its contentions, suggesting that the importance of this reference is somewhat limited. Thus, the importance factor carries limited weight.

Even assuming that the prejudice factor weighs in favor of Defendants, the Court concludes that the other factors weigh against Defendants to such a degree as to warrant the denial of this Motion. The Court therefore **DENIES** Defendants' Motion.

**SIGNED this 7th day of January, 2020.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE