**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| SOL IP, LLC, | |
|      Plaintiff, | |
| v. | |
| AT&T MOBILITY LLC, | Case No. 2:18-CV-00526-RWS-RSP |
|      Defendant, | LEAD CASE |
| ERICSSON INC., | |
| and | |
| NOKIA OF AMERICA CORPORATION, | |
|      Intervenors. | |
| SPRINT CORPORATION, SPRINT COMMUNICATIONS COMPANY L.P., SPRINT SOLUTIONS, INC., and SPRINT SPECTRUM L.P., | |
|      Defendants, | Case No. 2:18-CV-00527-RWS-RSP |
| ERICSSON INC., | CONSOLIDATED CASE |
| and | |
| NOKIA OF AMERICA CORPORATION, | |
|      Intervenors. | |
| VERIZON COMMUNICATIONS INC. and CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, | |
|      Defendants, | Case No. 2:18-CV-00528-RWS-RSP |
| ERICSSON INC., | CONSOLIDATED CASE |
| and | |
| NOKIA OF AMERICA CORPORATION, | **FILED UNDER SEAL** |
|      Intervenors. | |

**DEFENDANTS' AND INTERVENORS' MOTION TO STRIKE SOL'S FIRST AND THIRD SUPPLEMENTS TO FIRST AMENDED INFRINGEMENT CONTENTIONS**

## TABLE OF CONTENTS

I.     INTRODUCTION ............................................................................................. 1

II.    BACKGROUND ................................................................................................ 1

    A.    Facts Relevant to Sol's First Supplement ................................................ 1

    B.    Facts Relevant to Sol's Third Supplement............................................... 2

III.    LEGAL STANDARD ........................................................................................ 4

IV.    ARGUMENT .................................................................................................... 5

    A.    Sol's First Supplement Should Be Stricken Because It Includes an Untimely DOE Theory and Lacks Good Cause. ...................................... 6

        1.    Sol Lacks Good Faith to Amend Its Contentions under P.R. 3-6(a)(1). ........................................................................... 6

        2.    Sol Lacks Good Cause to Amend Its Contentions under P.R. 3-6(b) ......................................................................... 7

            a)    Sol Lacks Diligence ............................................... 7

            b)    Sol's Amendment Is Not Important ......................... 8

            c)    Sol's Amendment Prejudices Defendants ..................... 9

            d)    A Continuance Would Not Cure Defendants' Prejudice ............. 10

    B.    Sol's Third Supplement Should Be Stricken Because It Untimely Accuses Hundreds of Additional Mobile Devices and Lacks Good Cause. ..................... 10

        1.    Sol's Amendment Is Not Proper under P.R. 3-6(a)(1) ............................. 10

        2.    Sol Lacks Good Cause to Amend under P.R. 3-6(b) ............................. 11

            a)    Sol Lacks Diligence ............................................... 11

            b)    Sol's Amendment Is Not Important ........................... 12

            c)    Sol's Amendment Prejudices Defendants and Their Suppliers ............................................... 12

            d)    A Continuance Would Not Cure the Prejudice ........................... 14

        3.    The Third Supplement Fails to Identify Accused Products with the Requisite Specificity ............................. 14

V.    CONCLUSION ................................................................................................ 15

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Adaptix, Inc. v. T-Mobile USA, Inc.*,
  No. 6:12cv369, 2014 U.S. Dist. LEXIS 198820 (E.D. Tex. Nov. 12, 2014) ...........................8

*Saffran v. Boston Scientific Corp.*,
  No. 2:05-cv-547, 2008 U.S. Dist. LEXIS 125225 (E.D. Tex. Jan. 28, 2008) .........................7

*CoreLogic Info. Sols., Inc. v. Fiserv, Inc.*,
  No. 2:10-cv-132, 2012 U.S. Dist. LEXIS 130554 (E.D. Tex. Sept. 12, 2012)........................6

*EON Corp. IP Holdings, LLC v. Sensus USA Inc*.,
  No. 6:09–cv–116, 2010 WL 346218 (E.D. Tex. Jan. 21, 2010) ................................................4

*EON Corp. Ip Holdings, LLC v. T-Mobile USA, Inc.*,
  No. 6:10-CV-379, 2012 U.S. Dist. LEXIS 196820 (E.D. Tex. Aug. 23, 2012) .....................14

*Global Sessions LP v. Travelocity.com LP*,
  No. 6:10-cv-00671, 2012 WL 1903903 (E.D. Tex. May 25, 2012) ...............................8, 9, 12

*Imperium IP Holdings (CAYMAN), Ltd. v. Samsung Elecs. Co.*,
  No. 4:14-cv-00371, 2016 WL 1244974 (E.D. Tex. Mar. 30, 2016).........................................8

*Nike, Inc. v. Adidas Am. Inc.*,
  479 F. Supp. 2d 664 (E.D. Tex. 2007)....................................................................................6

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc*.,
  467 F.3d 1355 (Fed. Cir. 2006)...........................................................................................5, 8

*Opal Run LLC v. C&A Mktg. Inc.*,
  No. 2:16-CV-24-JRG-RSP, 2017 U.S. Dist. LEXIS 126522, (E.D. Tex. May
  15, 2017) ................................................................................................................................11

*Packet Intelligence LLC v. NetScout Sys., Inc.*,
  No. 2:16-cv-00230, 2017 WL 2531591 (E.D. Tex. Apr. 27, 2017) ............................... passim

*Realtime Data, LLC v. Actian Corp.*,
  No. 6:15-CV-463, 2016 U.S. Dist. LEXIS 190740 (E.D. Tex. Aug. 11, 2016) ......................7

*Sybase, Inc. v. Vertica Sys., Inc.*,
  No. 6:08-cv-00024, 2009 WL 4574690 (E.D. Tex. Nov. 30, 2009)........................................9

*Sycamore IP Holdings LLC v. AT&T Corp*.,
  No. 2:16-CV-588-WCB, 2018 U.S. Dist. LEXIS 58863 (E.D. Tex. Apr. 6,
  2018) ..........................................................................................................................5, 6, 7, 8

*VirnetX Inc. v. Cisco Sys.*,
   No. 6:10-CV-417, 2012 U.S. Dist. LEXIS 191110 (E.D. Tex. Oct. 22, 2012) ........................8

**TABLE OF EXHIBITS**

| Ex. | Reference |
|---|---|
| **Ex. 1** | Plaintiff Sol IP's Supplement to First Amended Disclosures Pursuant to Local Patent Rules 3-1 and 3-2 (January 15, 2020) |
| **Ex. 2** | Plaintiff Sol IP's First Amended Disclosures Pursuant to Local Patent Rules 3-1 and 3-2 (March 22, 2019) |
| **Ex. 3** | Plaintiff's First Set of Common Interrogatories to Defendants (April 5, 2019) |
| **Ex. 4** | Verizon's First Supplemental Responses and Objections to Plaintiff's First Set of Common Interrogatories to Defendants (June 21, 2019) |
| **Ex. 5** | Verizon's Second Supplemental Responses and Objections to Plaintiff's First Set of Common Interrogatories to Defendants (August 5, 2019) |
| **Ex. 6** | Sprint's Second Supplemental and Amended Objections and Responses to Sol IP's First Set of Common Interrogatories (Nos. 1-6) (June 28, 2019) |
| **Ex. 7** | AT&T's First Supplemental Response to Plaintiff's Third Set of Common Interrogatories (Nos. 8-10) (August 28, 2019) |
| **Ex. 8** | AT&T's Third Supplemental Response to Plaintiff's First Set of Common Interrogatories (Nos. 1-6) (October 14, 2019) |
| **Ex. 9** | AT&T's Fifth Supplemental Response to Plaintiff's Third Set of Common Interrogatories (Nos. 8-10) (January 20, 2020) |
| **Ex. 10** | Sol IP's Third Supplement to First Amended Disclosures Pursuant to Local Patent Rules 3-1 and 3-2 (January 20, 2020) |
| **Ex. 11** | Defendants' and Intervenor's Identification of Claim Terms (July 31, 2019) |
| **Ex. 12** | P.R. 4-3 Joint Claim Construction and Prehearing Statement (September 11, 2019) |
| **Ex. 13** | Verizon's Second Supplemental Responses and Objections to Plaintiff's Fifth Set of Common Interrogatories to Defendants (No. 12) (January 18, 2020) |
| **Ex. 14** | Sprint's Second Supplemental Responses and Objections to Plaintiff's Fifth Set of Common Interrogatories (No. 12) (January 20, 2020) |
| **Ex. 15** | AT&T's Third Supplemental Responses and Objections to Plaintiff's Fifth Set of Common Interrogatories (No. 12) (January 20, 2020) |
| **Ex. 16** | Letter from Andriana Daly to Max L. Tribble re: Sol IP's Amended Infringement Contentions (May 16, 2019) |
| **Ex. 17** | E-mail from B. Rosenthal to E. Finley (February 14, 2020) |

## I.    INTRODUCTION

Sol served its operative infringement contentions on March 22, 2019.  Under the Local Rules, these were its final contentions.  Sol belatedly sought to expand the scope of accused products and infringement theories—without seeking leave—in the waning days of fact discovery.  First, Sol waited until January 15, 2020—five days before the close of fact discovery—to serve a First Supplement to its First Amended Infringement Contentions (the "First Supplement") containing a new doctrine-of-equivalents ("DOE") theory.  Second, Sol waited until the last day of fact discovery to serve a Third Supplement to its First Amended Infringement Contentions (the "Third Supplement"), which for the first time implicated *hundreds* of additional mobile devices— all of which were known to Sol for at least five months, and most of which should have been known to Sol based on publicly available information well before it filed suit.  Sol did not seek leave to serve either set of supplemental infringement contentions, but even if it had, Sol could not have established the good faith or good cause required to do so.  P.R. 3-6(a)(1); P.R. 3-6(b).  Consequently, Defendants[1] seek to strike Sol's First and Third Supplements in their entirety.

## II.    BACKGROUND

### A.    Facts Relevant to Sol's First Supplement

The asserted claims of four asserted patents[2] recite the term "short sequence."  On September 11, 2019, the parties filed a Joint Claim Construction and Prehearing Statement in which Defendants proposed construing "short sequence" as "a binary sequence (or binary code) representing cell group information that has a length corresponding to half the number of sub-carriers allocated to the secondary synchronization channel."  Dkt. 176 at 37-38.  Defendants also

---

[1] Defendants and Intervenors are collectively referred to here as "Defendants."  AT&T, Sprint, and Verizon are collectively referred to here as "Carriers."

[2] U.S. Patent Nos. 8,320,565; 8,320,571; 9,144,064; and 9,204,438.

offered briefing and an expert declaration in support of this construction.  *See* Dkt. 208-3 at 10-13; Dkt. 225 at 15-19.

On December 17, 2019, the Court adopted Defendants' construction.  *See* Dkt. 281 at 28-33.  On January 15, 2020, Sol served its First Supplement.  Ex. 1.  The First Supplement attempted to amend certain claim charts "[i]n light of the Court's claim construction rulings regarding the 'LTE Group A' and 'LTE Group B' patents." *Id.* at 1. The claim charts for these infringement contentions included—for the first time—a DOE theory regarding the "short sequence" term.  Ex. 1 at Exh. A8 at 7-8, Exh. A9 at 9-10, Exh. A10 at 9, Exh. A11 at 9-10.  Sol purportedly offered this theory in response to the Court's construction.

### B.    Facts Relevant to Sol's Third Supplement

On March 22, 2019, Sol served its First Amended Disclosures Pursuant to Local Patent Rules 3-1 and 3-2 and infringement claim charts (the "Operative Infringement Contentions").  Ex. 2.  At that time, Sol moved unopposed for leave to amend/correct its infringement contentions, and the Court granted Sol's motion to amend/correct.  Dkt. 107.  The Operative Infringement Contentions included a table that identified "Accused Usage Devices" and "Accused Sale Devices" as the "Infringing Instrumentalities" for certain asserted patents.  Ex. 2 at 3-7.  Below the table, Sol defined "Accused Usage Devices" and "Accused Sale Devices" to refer to a list of specific mobile devices[3] for each Carrier.[4]   Ex. 2 at 7-10.

---

[3] The Operative Infringement Contentions also included "catch-all" language like "not limited to" and "[a]ny additional devices are included within the scope of 'Accused Sale Devices' and 'Accused Usage Devices,' regardless whether listed above."   Ex. 2 at 7, 10.  This catch-all language failed to comply with P.R. 3-1(b) and purported to reserve a right for Sol to accuse devices without leave of court, contrary to P.R. 3-6(b).

[4] Sol later informed Defendants that mobile devices manufactured by ▮▮▮ were not accused.

On April 5, 2019, Sol served its first set of common interrogatories to Defendants, including Common Interrogatory No. 3 ("Common ROG 3"), requesting that Defendants "[i]dentify each and every Relevant Offering," which was defined to include "all mobile devices configured to communicate in accordance with LTE Release 8 (or later) or IEEE 802.11ac (or later)." Ex. 3 at 3-4, 8.  In response to this interrogatory, cognizant that *discovery* is not strictly limited to devices accused in a plaintiff's P.R. 3-1(b) disclosures, and recognizing that the Carriers lack visibility into whether devices communicate in accordance with the standards, each Carrier identified hundreds of mobile devices that they had sold or offered for sale since December 2012. In particular:

- On June 21, 2019 Verizon identified publicly available websites listing offered devices, and on August 5, 2019 Verizon provided a list of all such mobile devices.  Ex. 4 at 16; Ex. 5 at 17-32.
- On June 28, 2019, Sprint directed Sol to Sprint's publicly-available support website and identified by model name or number the hundreds of devices about which the support site contained information.  Ex. 6 at 20-29.
- On August 27, 2019, AT&T produced a spreadsheet identifying UE devices from December 2012 onwards, which AT&T identified to Sol on August 28, 2019.  Ex. 7 at 10; *see also* Ex. 8 at 16. AT&T supplemented this data on January 16, 2020 to include additional data from the entirety of 2012 and the last few months in 2019, and identified this to Sol on January 20, 2020.  Ex. 9 at 11.

By at least August 27, 2019, therefore, Sol had all the information it needed to decide which, if any, additional mobile devices to accuse of infringement.

Sol waited until January 20, 2020—five months later, and the *last day* of fact discovery—to serve its Third Supplement.  Ex. 10.  This Third Supplement attempted to "update [Sol's] disclosure of 'Infringing Instrumentalities'" by incorporating by reference "[a]ll . . . devices identified in [Defendants'] response[s] to Sol IP's Common Interrogatory No. 3" except for any "Excluded Devices," as defined therein.  Ex. 10 at 1, 6.  Defendants' responses to Sol's Common

ROG 3 implicated approximately the following number of additional accused devices and suppliers:[5]

| Carrier | Additional Accused Devices | Additional Suppliers |
|---------|---------------------------|---------------------|
| AT&T | 232 | 32 |
| Sprint | 338 | 20 |
| Verizon | 208 | 25 |

## III.   LEGAL STANDARD

This Court requires a party claiming infringement to serve proper infringement contentions that provide a defendant with notice of a plaintiff's infringement theories. *EON Corp. IP Holdings, LLC v. Sensus USA Inc.*, No. 6:09-cv-116, 2010 WL 346218, at *2 (E.D. Tex. Jan. 21, 2010).

"Local Patent Rule 3-1 requires a party claiming infringement to identify each accused product in its infringement contentions." *Packet Intelligence LLC v. NetScout Sys., Inc.*, No. 2:16-cv-00230, 2017 WL 2531591, at *1 (E.D. Tex. Apr. 27, 2017) (denying addition of new family of products). A party must "be as specific as possible" in its contentions. P.R. 3-1(b). "Each product, device, and apparatus must be identified by name or model number, if known." *Id.* The contentions must state "[w]hether each element of each asserted claim is claimed to be literally present or present under [DOE] in the Accused Instrumentality." P.R. 3-1(c).

The local patent rules permit two types of amendments to infringement contentions: (1) amendments as of right and (2) amendments by order of the Court. *See* P.R. 3-6. Amendments as of right are appropriate only when the patentee "believes in good faith that the Court's Claim Construction Ruling so requires." P.R. 3-6(a)(1). This "good faith" basis requires the claim construction adopted by the court to be "unexpected or unforeseeable" by the party seeking to

---

[5] This chart omits "Excluded Devices" as defined in Sol's Third Set of Common Interrogatories as well as mobile devices manufactured by ███, which Sol informed Defendants were no longer accused.

amend.  *Sycamore IP Holdings LLC v. AT&T Corp.*, No. 2:16-CV-588-WCB, 2018 U.S. Dist. LEXIS 58863, at *13-16 (E.D. Tex. Apr. 6, 2018).  The Local Patent Rules specifically limit the scope of amendments as of right to "the information required by Patent R. 3-1(c) and (d)." P.R. 3-6(a)(1).  In other words, amendment as of right does not extend to the identification of accused products that is required by P.R. 3-1(b).

A "good cause" standard attaches to leave by order of the Court.  P.R. 3-6(b).  As this Court noted in this case in its Order denying the Defendants' Motion for Leave to Amend Invalidity Contentions: "The Federal Circuit has stated that 'good cause' requires a showing of diligence.' Dkt. No. 293 at 2 (quoting *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006)).  In determining good cause, courts consider "(1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded if the proposed amendment is not allowed; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice." *Packet Intelligence*, 2017 WL 2531591, at *1.

## IV.    ARGUMENT

Sol's First Supplement injecting new DOE theories is improper because the Court's claim construction was not "unexpected or unforeseeable."  *See Sycamore*, 2018 U.S. Dist. LEXIS 58863, at *13-16.  As a result, Sol's amendment fails to meet the "good faith" requirement of P.R. 3-6(a)(1).

In addition, Sol's unilateral amendment of its infringement contentions on the last day of fact discovery to include hundreds of additional products is improper.  Sol cannot plausibly claim that it did not know about the products it now seeks to add to the case, and even if Sol had sought leave, its delay in disclosing its theories demonstrates a lack of the diligence required in this Court.

A.     **Sol's First Supplement Should Be Stricken Because It Includes an Untimely DOE Theory and Lacks Good Cause.**

Sol's First Supplement includes a DOE theory that should have been identified when Defendants disclosed their claim construction position regarding the "short sequence" limitation. Instead, Sol waited until after the Court adopted Defendants' construction to disclose its DOE theory in the First Supplement.  Because Sol lacks good faith and good cause in amending its contentions, the Court should strike Sol's First Supplement.

1.     <u>Sol Lacks Good Faith to Amend Its Contentions under P.R. 3-6(a)(1).</u>

This Court has consistently held that, to amend contentions under P.R. 3-6(a)(1) in response to the Court's Claim Construction Order, the Court's construction must have been "unforeseeable." *See Sycamore*, 2018 U.S. Dist. LEXIS 58863, at *13-16; *id.* at *35-36 (denying motion to amend infringement contentions to add DOE theory where the adopted construction was proposed by defendants and noting that defendants had no opportunity to make factual inquiries regarding new DOE theory); *CoreLogic Info. Sols., Inc. v. Fiserv, Inc.*, No. 2:10-cv-132, 2012 U.S. Dist. LEXIS 130554, at *1 (E.D. Tex. Sept. 12, 2012); *Nike, Inc. v. Adidas Am. Inc.*, 479 F. Supp. 2d 664, 667 (E.D. Tex. 2007) ("This *exception* is intended to allow a party to respond to an *unexpected claim construction by the court*. *This does not mean that after every claim construction order, new infringement contentions may be filed.*")[6].

Here, the Court adopted Defendants' construction, which was (1) nearly identical to the explicit definition provided in the asserted patents; and (2) proposed by Defendants on September 11, 2019.  Sol cannot credibly contend that the Court's construction of "short sequence" was unforeseeable.  Thus, Sol cannot amend its contentions without leave under P.R. 3-6(a)(1).

---

[6] All emphasis added unless otherwise noted.

2.     <u>Sol Lacks Good Cause to Amend Its Contentions under P.R. 3-6(b).</u>

Each of the *Packet Intelligence* factors weighs against Sol demonstrating good cause to amend its contentions with leave under P.R. 3-6(b).

a)     <u>Sol Lacks Diligence</u>

First, Sol failed to act diligently.  Sol waited until the end of fact discovery, which was more than ***four months*** after defendants identified their proposed claim construction.  Sol could have identified its DOE theories in the First Supplement shortly after Defendants disclosed their claim construction position, rather than waiting for the Claim Construction Order.  This Court has held that plaintiffs must seek to amend infringement contentions promptly upon receiving notice that a DOE theory is relevant, such as when the parties exchange proposed constructions or when the defendant reveals its non-infringement position in an interrogatory response.

For example, in *Sycamore*, the Court denied a motion to amend infringement contentions to add a DOE theory where the Court's construction was proposed by defendants.   2018 U.S. Dist. LEXIS 58863, at \*35-36.  The Court explained that the plaintiff could have sought leave to amend its contentions to include the DOE theory under P.R. 3-6(b) when the plaintiff was made aware that the construction of the relevant term was in issue, which in that case was when the defendant responded to a non-infringement interrogatory.  *Id.* at \*25.

Similarly, *Sycamore* discusses *Saffran v. Boston Scientific Corp.*, in which Judge Ward granted a plaintiff's motion to strike defendant's invalidity contentions served under P.R. 3-6(a).  *Sycamore*, 2018 U.S. Dist. LEXIS 58863, at \*18-19 (citing and discussing *Saffran*, No. 2:05-cv-547, 2008 U.S. Dist. LEXIS 125225 (E.D. Tex. Jan. 28, 2008)).  Judge Ward explained that "the defendant had known about the plaintiff's proposed claim constructions [for approximately six months], 'but [defendant] did not, however, seek to amend . . . when it learned of that position.'"  *Id.*; *see also Realtime Data, LLC v. Actian Corp.*, No. 6:15-CV-463 RWS-JDL, 2016 U.S. Dist.

LEXIS 190740, at *9-10, 15-16 (E.D. Tex. Aug. 11, 2016) (allowing plaintiff to add a DOE theory where plaintiff first became aware that the term was at issue via defendant's response to an interrogatory); *VirnetX Inc. v. Cisco Sys.*, No. 6:10-CV-417, 2012 U.S. Dist. LEXIS 191110, at *17-18 (E.D. Tex. Oct. 22, 2012) (allowing plaintiff to add a DOE position following claim construction but noting that "VirnetX has previously attempted to amend its contentions after it learned of the Defendants' proposed construction").

Delays much shorter than Sol's have been found to demonstrate a lack of diligence by this Court. *See Sycamore IP Holdings LLC*, No. 2:16-cv-00588, 2017 WL 4517953, at *2 (***two months***); *see also O2 Micro*, 467 F.3d at 1367 (***three months***); *Imperium IP Holdings (CAYMAN), Ltd. v. Samsung Elecs. Co.*, No. 4:14-cv-00371, 2016 WL 1244974, at *2 (E.D. Tex. Mar. 30, 2016) (***five weeks***); *Adaptix, Inc. v. T-Mobile USA, Inc.*, No. 6:12cv369, 2014 U.S. Dist. LEXIS 198820, at *22-23 (E.D. Tex. Nov. 12, 2014) (***two months***); *see also* Dkt. 293 at 3 (denying Defendants' motion to amend invalidity contentions four months after due date and one month after realizing need for amendment). Sol's delay of at least four months in identifying its DOE theories is more than that which has routinely resulted in a finding that the party failed to act diligently.

b)      Sol's Amendment Is Not Important

Second, Sol's delay in adding its DOE theory also belies any argument that the amendment is important to Sol's case. The case law is clear: there should be a direct relationship between diligence of a party in seeking to amend and the actual importance of the amendment. *Global Sessions LP v. Travelocity.com LP*, No. 6:10-cv-00671, 2012 WL 1903903, at *6 (E.D. Tex. May 25, 2012). Sol's lack of diligence telegraphs the lack of importance of the newly added theories to Sol's case. Had the DOE theory been of critical importance, Sol would have acted promptly to ensure the Operative Infringement Contentions contained the key theory.

c)      Sol's Amendment Prejudices Defendants

Third, Defendants would be severely prejudiced were the Court to allow Sol to amend its contentions to include the DOE theory.  Sol's tardiness deprived Defendants of having the full scope of Sol's allegations at the time of invalidity contentions many months ago.  Moreover, Defendants' non-infringement positions in response to the DOE theory may be very different from previous theories.  Finally, Defendants are prejudiced by Sol's decision to wait until after claim construction to introduce this new theory because, in this 27-patent case, Defendants had to pick and choose between potential terms to pursue in construction.  *Compare* Ex. 11 *with* Ex. 12 (defendants identifying 80 terms for construction in initial identification and reducing the number of terms to 56).  Those choices were made based on the infringement theories asserted, and Sol's decision to conceal its DOE theory until after claim construction precluded Defendants from pursuing other terms.

This Court routinely has rejected such a belated change in the scope of the case.  *See Global Sessions*, 2012 WL 1903903, at *6 (where "the claim construction hearing is one month away; [the accused infringer] would have little time to conduct new prior art searches or reassess its invalidity theories"); *Sybase, Inc. v. Vertica Sys., Inc.*, No. 6:08-cv-00024, 2009 WL 4574690, at *2 (E.D. Tex. Nov. 30, 2009) (where discovery was set to close in two months and trial was set in seven months, "allowing the amendment [of infringement contentions] would significantly prejudice [the accused infringer]").

Defendants are already prejudiced by having to defend against 27 asserted patents when it is clear that Sol does not actually intend to try 27 patents to a jury.  Sol should not be permitted to further "hide the ball" from the Defendants by not only refusing to meaningfully narrow the number of asserted patents in this case but also by expanding at this late hour its theories of infringement.  In contrast, even assuming the worst-case scenario to Sol—that striking its

9

attempted amendment would leave it without a viable infringement theory for those four patents—there is no undue prejudice to Sol because it would still have *23 remaining patents in this case*.

d)    <u>A Continuance Would Not Cure Defendants' Prejudice</u>

Finally, a continuance would not cure this prejudice.  There is simply no room in the schedule for a continuance, nor does Sol seek a continuance.  Sol has deprived Defendants of the ability to respond to Sol's newly introduced DOE position in their invalidity case.  Sol has also deprived Defendants of taking discovery that may be relevant to the DOE position and of time to evaluate their non-infringement defenses.  A continuance will not serve to mitigate this harm and resulting prejudice.

**B.     Sol's Third Supplement Should Be Stricken Because It Untimely Accuses Hundreds of Additional Mobile Devices and Lacks Good Cause.**

Sol waited until the last day of fact discovery to accuse hundreds of additional products. Because Sol lacks good faith and good cause in amending its contentions under P.R. 3-6, the Court should strike Sol's Third Supplement.  The Court should also strike Sol's Third Supplement because it fails to even adequately identify the accused products as required under P.R. 3-1(b).

1.    <u>Sol's Amendment Is Not Proper under P.R. 3-6(a)(1).</u>

Sol does not assert that its Third Supplement is in response to the Court's Claim Construction Orders under P.R. 3-6(a)(1).[7]  However, even if it did, Sol could not establish that its Third Supplement is proper under P.R. 3-6(a)(1) for three reasons: (1) the Third Supplement was not served within the 30-day window provided by P.R. 3-6(a)(1); (2) amendments in response to the Court's claim constructions may only update claim charts and DOE theories, not the identification of accused products, P.R. 3-6(a)(1);  and (3) the amendment is not in response to the

---

[7] *Compare* Ex. 10 at 1 *with* Ex. 1 at 1-2 (in the First Supplement, stating "[i]n light of the Court's claim construction rulings" and including no such statement in the Third Supplement).

Claim Construction Orders.  Thus, Sol's only avenue for amendment is through P.R. 3-6(b) and a showing of good cause.  However, each of the *Packet Intelligence* factors weighs against Sol demonstrating good cause.  2017 WL 2531591, at *1.

<b>2.</b>     <u>Sol Lacks Good Cause to Amend under P.R. 3-6(b).</u>

a)     <u>Sol Lacks Diligence</u>

First, Sol has no explanation for its delay and lack of diligence where the Third Supplement does not rely on any confidential information.  Sol could have identified these products with public information before filing suit, or at the very least following the Carriers' supplemental responses to Sol's Common ROG 3 that directed Sol to the relevant publicly available materials and/or further identified devices by name and model number.  *See, e.g.*, Ex. 4 at 16; Ex. 5 at 17-32; Ex. 6 at 19-29; Ex. 7 at 10; Ex. 8 at 16; Ex. 9 at 11.  Instead, Sol waited five months and until shortly before the due date for expert reports to dramatically expand the universe of accused products.  *See Opal Run LLC v. C&A Mktg. Inc.*, No. 2:16-CV-24-JRG-RSP, 2017 U.S. Dist. LEXIS 126522, at *2-3 (E.D. Tex. May 15, 2017) (striking newly introduced infringement theories when plaintiffs could have identified them in their infringement contentions based on publicly available information).

In this case, the Court denied Defendants' motion for leave to amend their invalidity contentions to add a single prior art reference largely on the ground of diligence, where Defendants moved to amend four months after service of its invalidity contentions and just one month after realizing the applicability of the relevant reference.  Dkt. 293 at 3; Dkt. 248.  The Court denied this motion in part because the proposed invalidity reference "was publicly available."  Dkt. 293 at 3.  Similarly, here, the Court should strike Sol's Third Supplement where Sol was not diligent

11

in adding the newly accused products to the case, particularly where the information is both publicly available and was disclosed by names and model numbers in discovery.[8]

### b) Sol's Amendment Is Not Important

Second, not only does Sol's amendment expand and complicate this case at the eleventh hour instead of narrowing and clarifying the issues in dispute, but it also belies any argument by Sol that the addition of these hundreds of new products is important. These additional products are products that the Carriers sold to the public and advertised on their webpages. Sol absolutely "could have charted these [products] at the initial outset of the litigation," and any alleged importance "***should have generated a commensurate amount of diligence***." *Global Sessions LP*, 2012 WL 1903903, at *6. Because Sol could have easily obtained this list of products even pre-suit through publicly available webpages, any cry of alleged importance must be viewed with a skeptical eye.

### c) Sol's Amendment Prejudices Defendants and Their Suppliers

Third, in addition to the significant burden posed by adding additional products just weeks before dispositive motions are due, both Defendants and the newly accused suppliers would be severely prejudiced by Sol's Third Supplement. For Verizon, the Third Supplement increases the number of accused suppliers from 9 to 35 and adds approximately an additional 208 accused models to the case. For AT&T, the Third Supplement increases the number of accused suppliers from 13 to 44 and adds approximately an additional 232 accused models to the case. For Sprint, the Third Supplement increases the number of accused suppliers from 9 to 29 and adds

---

[8] Notably, Sol's experts rely solely on publicly available information with respect to particular devices to purportedly show infringement.

Relatedly, Sol notified Defendants that their most recent election of prior art included a reference that was not explicitly listed in a prior election. In response, Defendants did not contend that their use of "catchall" language permitted this. Ex. 17

approximately an additional 338 accused models to the case.  By failing to properly identify the accused products and suppliers, Sol has unilaterally devalued the indemnity agreements in place between the Carriers and their suppliers, both by denying the Carriers the protection they are owed and stripping the suppliers of their options for defense.

Had Sol identified the products in the Third Supplement at an earlier date, those suppliers and Defendants would have had options regarding how to best protect their interests.  For example, just a few of the options that Defendants and their suppliers would have had include options to:

- File *inter partes* review petitions (as Ericsson has done);

- Intervene into the case (as Ericsson and Nokia have done); and/or

- Develop additional invalidity and non-infringement positions.

For example, with respect to additional invalidity positions, many of the newly accused suppliers were attendees at the 3GPP meetings, and their involvement in those meetings may have led to the identification of additional prior art.  Similarly, the accused suppliers may have had access to evidence helpful to establish prior-use defenses.  Moreover, with respect to non-infringement positions, in response to Sol's contention interrogatory regarding non-infringement, the Carriers were able to rely on Ericsson and Nokia's respective responses, which cite documents, source code, and deposition testimony.  Ex. 13 at 59; Ex. 14 at 65; Ex. 15 at 62.  Had Sol promptly identified the newly accused products and suppliers, Defendants may have been able to similarly rely on defenses based on those suppliers' confidential information.

As it stands, Sol is now attempting to implicate for the first time numerous suppliers in a matter where the bar date for IPR petitions passed, discovery is closed, invalidity positions are solidified, and at this late stage in the case, meaningful intervention may be unrealistic as a

practical matter.  The result of Sol's delay is that the Carriers would be now defending swaths of newly accused products in this 27-patent case when the case should be narrowing.  *See* Dkt. 173.

d)     <u>A Continuance Would Not Cure the Prejudice</u>

For the final *Packet Intelligence* factor, a continuance would not cure this prejudice.  Sol would have deprived Defendants and their suppliers from the opportunity to pursue all avenues of defense.  Because Sol's belated identification of accused products infects every aspect of this case from indemnity to discovery to invalidity to non-infringement to potential IPR petitions, there is no way to wind back the harm that Sol would have caused without striking the Third Supplement.

**3.**     <u>The Third Supplement Fails to Identify Accused Products with the Requisite Specificity.</u>

Finally, the Third Supplement should be stricken for the additional reason that it fails to comply with P.R. 3-1(b), requiring plaintiffs to make their identification of accused products "as specific as possible," including identifying "name[s] or model number[s]," if known.  For example, in *Alacritech Inc. v. CenturyLink, Inc.*, the Court struck Plaintiff's infringement contentions relying on "catchall language identifying the Accused Instrumentalities," such as "any version of [Defendant's] controller, card, or adapter products capable of providing, or configured to provide, infringing LSO functionality in combination with an associated server or computer (e.g., [list of more than 90 products])."  No. 2:16-CV-00693-JRG-RSP, 2017 U.S. Dist. LEXIS 109638, at *10-11 (E.D. Tex. July 14, 2017).  The Court agreed that this catch-all language did "not provide adequate notice to [Defendant] of the allegedly infringing devices," stating that "[i]nstead, this language puts the onus on [Defendant] to determine what devices infringe—which is contrary to the intent of the Patent Rules."  *Id.* at *11; *see also EON Corp. Ip Holdings, LLC v. T-Mobile USA, Inc.*, No. 6:10-CV-379 LED-JDL, 2012 U.S. Dist. LEXIS 196820, at *15-16 (E.D. Tex. Aug. 23, 2012).

14

Similarly, here, Sol has failed to provide Defendants with adequate notice where its Third Supplement accuses "all mobile devices used on each defendant's mobile network on or after the issuance of a patent-in-suit," as well as "[a]ll mobile devices identified in [the Carriers'] response[s]" to Sol's Common [ROG 3].[9]  Ex. 10 at 6; *see also* Ex. 16.  Sol failed to accuse particular products as required by P.R. 3-1(b), even where Defendants' interrogatory responses showed that such information was publicly available.

Moreover, Sol made no effort to correlate patents with allegedly infringing products, such as by providing claim charts or even stating which products have particular functionalities, such as LTE-Advanced or IEEE 802.11ac functionality.  For example, Defendants' identification of devices dates back to December 2012 and thus certain devices cannot have been enabled with newer functionalities such as 802.11ac.  Yet, again highlighting a lack of diligence, Sol did not separate out which products allegedly infringe which patents.  Instead, Sol has attempted to put the entire onus of this analysis on Defendants, merely stating that all products infringe all patents.  This "is contrary to the intent of the Patent Rules."  *Alacritech*, 2017 U.S. Dist. LEXIS 109638, at *11.  The Court should strike Sol's Third Supplement for this additional and crucial reason.

## V.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court strike the First and Third Supplements.

---

[9] The Carriers explained in their interrogatory responses that they lack information regarding whether devices sold or offered for sale by the Carriers comply with the standards identified in Sol's infringement contentions.  *E.g.*, Ex. 6 at 7-8, 20.

Dated: February 14, 2020          Respectfully submitted,

*/s/ Benjamin Hershkowitz*

Josh Krevitt
Benjamin Hershkowitz
Brian A. Rosenthal
Florina Yezril
Sarah Segal
Paul Kremer
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
jkrevitt@gibsondunn.com
bhershkowitz@gibsondunn.com
barosenthal@gibsondunn.com
fyezril@gibsondunn.com
ssegal@gibsondunn.com
pkremer@gibsondunn.com

Brian M. Buroker
Brian K. Andrea
Omar Amin
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Avenue, N.W.
Washington, DC 2036-5306
Telephone: (202) 955-8541
bburoker@gibsondunn.com
bandrea@gibsondunn.com
oamin@gibsondunn.com

Ryan Iwahashi
**GIBSON, DUNN & CRUTCHER LLP**
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: (650) 849-5367
riwahashi@gibsondunn.com

*Counsel for Defendant AT&T Mobility LLC*

*/s/ Ross R. Barton*

Michael J. Newton (TX Bar No. 24003844)
**ALSTON & BIRD LLP**
1950 University Avenue
5th Floor
East Palo Alto, CA 94303
Telephone: (650) 838-2000
Facsimile: (650) 838-2001
Email: Mike.Newton@alston.com

Ross R. Barton (NC Bar No. 37179)
**ALSTON & BIRD LLP**
101 South Tryon Street, Suite 4000
Charlotte, NC 28280
Telephone: (704) 444-1000
Facsimile: (704) 444-1111
Email: Ross.Barton@alston.com

David S. Frist (GA Bar No. 205611)
Michael C. Deane (GA Bar No. 498195)
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Email: David.Frist@alston.com
Email: Michael.Deane@alston.com

Michael E. Jones (TX Bar No. 10929400)
**POTTER MINTON, a Professional Corporation**
110 North College Avenue, Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846
Email: mikejones@potterminton.com

*Attorneys for Defendants Verizon Communications Inc. and Cellco Partnership d/b/a Verizon Wireless*

17

*/s/ Andriana S. Daly*

David E. Finkelson (pro hac vice)
Lead Attorney
Andriana S. Daly (pro hac vice)
**MᴄGᴜɪʀᴇWᴏᴏᴅꜱ LLP**
800 East Canal Street
Richmond, VA 23219-3916
Telephone: (804) 775-1000
Facsimile: (804) 698-2016
dfinkelson@mcguirewoods.com
adaly@mcguirewoods.com

Robert W. Weber (TX 21044800)
**Sᴍɪᴛʜ Wᴇʙᴇʀ LLP**
5505 Plaza Drive
PO Box 6167
Texarkana, TX 75505
Telephone: (903) 223-5656
Facsimile: (903) 223-5652
bweber@smithweber.com

*Attorneys for Defendants Sprint Communications Company L.P.; Sprint Solutions, Inc.; and Sprint Spectrum L.P.*

18

*/s/ Theodore Stevenson III*

Theodore Stevenson III, lead counsel
TX State Bar No. 19196650
tstevenson@mckoolsmith.com
Nicholas Mathews
TX State Bar No. 24085457
nmathews@mckoolsmith.com
Warren Lipschitz
TX State Bar No. 24078867
wlipschitz@mckoolsmith.com
Chelsea A. Priest
TX State Bar No. 24102375
cpriest@mckoolsmith.com
Erik B. Fountain
TX State Bar No. 24097701
efountain@mckoolsmith.com
Marcus L. Rabinowitz
TX State Bar No. 24098293
mrabinowitz@mckoolsmith.com
Eric Hansen
TX State Bar No. 24062763
ehansen@mckoolsmith.com
Jonathan Powers
TX State Bar No. 24098277
jpowers@mckoolsmith.com
**MCKOOL SMITH, PC**
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Kevin Burgess
TX State Bar No. 24006927
kburgess@mckoolsmith.com
Kevin Hess
TX State Bar No. 24087717
khess@mckoolsmith.com
Christine Woodin
TX State Bar No. 24199951
cwoodin@mckoolsmith.com
**MCKOOL SMITH, PC**
300 W. 6th Street, Suite 1700
Austin, TX 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

19

Thomas M. Melsheimer
TX Bar No. 13922550
tmelsheimer@winston.com
M. Brett Johnson
Texas Bar No. 00790975
mbjohnson@winston.com
Michael A. Bittner
TX Bar No. 24064905
mbittner@winston.com
J. Travis Underwood
TX Bar No. 24102587
tunderwood@winston.com
Ahtoosa Dale
TX Bar No. 24101443
adale@winston.com
**WINSTON & STRAWN LLP**
2121 North Pearl Street, Suite 900
Dallas, TX 75201
(214) 453-6500 – Telephone
(214) 453-6400 – Facsimile

Michael R. Rueckheim
Texas Bar No. 24081129
mrueckheim@winston.com
**WINSTON & STRAWN LLP**
275 Middlefield Road, Suite 205
Menlo Park, CA 94025
(650) 858-6500 – Telephone
(650) 858-6550 – Facsimile

*Attorneys for Intervenor Ericsson Inc.*

*/s/ Brianne M. Straka*

David A. Nelson
Stephen A. Swedlow
Brianne M. Straka
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
191 N. Wacker Dr., Suite 2700
Chicago, IL 60606
(312) 705-7400
(312) 705-7401 (Facsimile)
davenelson@quinnemanuel.com
stephenswedlow@quinnemanuel.com
briannestraka@quinnemanuel.com

Deron R. Dacus
State Bar No. 00790553
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
ddacus@dacusfirm.com

*Attorneys for Nokia of America Corporation*



## **CERTIFICATE OF CONFERENCE**

Pursuant to Eastern District of Texas Local Rule CV-7(h), I certify that counsel met and conferred telephonically on February 4, 2020, in a good faith effort to resolve all issues regarding this motion.  The parties met and conferred on February 4, 2020 (which included Ross Barton  and

Michael Jones on behalf of Verizon, David Finkelson and Robert Weber on behalf of Sprint, Brian Rosenthal on behalf of AT&T, Nicholas Mathews on behalf of AT&T and Ericsson, Brianne Straka and Deron Dacus on behalf of Nokia, and Max Tribble Jr., Rocco Magni, and Elizabeth DeRieux on behalf of Sol IP), but the parties were unable to resolve their differences and an impasse was declared.

*/s/ Ross R. Barton*
Ross R. Barton