# EXHIBIT 13

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SOL IP, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>AT&T MOBILITY LLC,<br><br>    Defendants, | No. 2:18-cv-00526<br><br>**LEAD CASE**<br>**JURY TRIAL DEMANDED** |
| SOL IP, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>VERIZON COMMUNICATIONS INC. and CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,<br><br>    Defendants, | No. 2:18-cv-00528<br><br>**MEMBER CASE**<br>**JURY TRIAL DEMANDED** |
| and<br><br>ERICSSON INC. and<br>NOKIA OF AMERICA CORPORATION,<br>    Intervenors. | |

**DEFENDANT CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS'S
SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
<u>PLAINTIFF'S FIFTH SET OF COMMON INTERROGATORIES TO DEFENDANTS</u>**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Civil Local Rules and Patent Local Rules of this Court (the "Local Rules"), Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon" or "Defendant") provides its Second Supplemental objections and

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 12:**

For each claim of the Asserted Patents that you contend is not infringed by any of the Accused Offerings, set forth in detail (on an element-by-element basis) the factual and legal basis for your contention of non-infringement.

**RESPONSE TO INTERROGATORY NO. 12:**

Defendant incorporates its general objections as if set forth here. Defendant further objects to this interrogatory as overly broad and unduly burdensome to the extent it seeks information regarding "each claim of the Asserted Patents" on "an element-by-element basis." Among other things, the interrogatory seeks information concerning 27 patents and nearly 500 claims. Defendant further objects to the term "in detail" as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case. Defendant further objects to the term "the factual and legal basis" to the extent that it seeks information not in the possession, custody, or control of Defendant. Defendant further objects to this interrogatory as prematurely seeking expert opinion and/or testimony in violation of the rules and practices of this Court. Defendant will provide expert discovery in accordance with the Court's Docket Control Order and Discovery Order. See Fed. R. Civ. P. 33(a)(2) (providing that "the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time"). Defendant further objects to this interrogatory to the extent it seeks a legal conclusion. Defendant objects to this interrogatory to the extent it seeks information or things protected by the attorney-client privilege, the attorney work-product doctrine, the common-interest or joint-defense doctrines, or any other applicable privilege or immunity. Defendant further objects to this interrogatory as improperly compound for seeking information about each element of each claim for each of any Accused Offerings. Any response to this interrogatory does not waive Defendant's

LEGAL02/39521604v2

or does not practice an Accused Standard (*e.g.*, 802.11ac), Defendant intends to rely on that information (as well as its expert disclosures) to show the Accused Offering does not infringe.

Defendant also incorporates by reference Ericsson's and Nokia's respective responses to this interrogatory, as well as Defendant's, Ericsson's, and Nokia's responses to Interrogatory Nos. 13-14.