**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| SOL IP, LLC | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Case No. 2:18-CV-00526-RWS-RSP |
| | § | (Lead) |
| AT&T MOBILITY LLC, | § | |
| | § | |
| Defendant, | § | |
| ERICSSON, INC., | § | |
| | § | |
| Intervenor, | § | |
| | § | |
| SPRINT COMMUNICATIONS COMPANY L.P., et al., | § | Case No. 2:18-CV-00527-RWS-RSP |
| | § | |
| CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS. | § | Case No. 2:18-CV-00528-RWS-RSP |
| | § | |
| Defendants. | § | |

## SOL IP, LLC'S RESPONSE TO MOTION TO STRIKE CERTAIN PORTIONS OF THE
## EXPERT TESTIMONY OF JONATHAN WELLS AND PHILIP GREEN

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

Defendants feign ignorance about Sol's infringement contentions in the hopes the Court will narrow the scope of accused products and, in turn, the damages presented to the jury at trial. Defendants have laid behind the log in order to claim that their receipt of expert reports was the first time they realized Sol had asserted infringement claims against *every* LTE device that practices Sol's standard essential patents, despite what Sol unequivocally stated. Instead they take the unsupported position that only a small subset of LTE devices are claimed to infringe. This tactic has been rejected by this Court on numerous occasions. *See, e.g.*, *Orion IP LLC v. Staples, Inc.*, 407 F. Supp. 2d 815, 818 (E.D. Tex. 2006) ("A defendant cannot lay behind the log until late in the case and then claim it lacks notice as to the scope of the case or the infringement contentions"). Defendants' claimed lack of notice is belied by their own discovery responses identifying every LTE device, multiple Sol filings in this case, and common sense. From the beginning of this lawsuit, Sol has consistently accused <u>all</u> LTE devices other than certain expressly excluded devices. *See, e.g.*, Plaintiff Sol IP's Disclosures Pursuant To Local Patent Rules 3-1 And 3-2 at 4 ("All Accused usage devices and accused sales devices configured to communicate with LTE Release 8 (or later).") [Exh. A]. Contrary to Defendants' assertion, Sol did not expand the universe of accused products through its expert reports. Sol respectfully requests that this Court recognize Defendants' Motion for the formalistic "gotcha" that it is and reject it as this Court has when presented with similar positions in the past.

I.   **The Accused Products Referenced In Mr. Green's And Dr. Wells' Reports Were Sufficiently Identified In Sol IP's Infringement Contentions.**

Defendants' Motion rests on the erroneous premise that Sol dramatically expanded the scope of accused products from its infringement contentions. From the beginning of this case, Sol IP's infringement contentions put Defendants on sufficient notice that the scope of accused

1

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

products included *all* LTE devices not expressly excluded. Any suggestion that the expert reports were the first occasion Defendants learned of these devices is not supported by fact.

> **A. Sol IP's Infringement Contentions Put Defendants On Notice Of The Accused Products Well Before Sol Served Green's And Dr. Wells' Reports.**

Sol IP's Infringement contentions provided sufficient notice to Defendants regarding the scope of its infringement claims, which is the purpose of infringement contentions under the local patent rules. *Mobility Workx, LLC v. Cellco P'ship*, 4:17-CV-00872, 2019 WL 5721814, at *5 (E.D. Tex. Nov. 5, 2019) ("A degree of generality is permitted because '[i]nfringement contentions are not intended to act as a forum for argument about the substantive issues but rather serve the purpose of providing notice to the Defendants of infringement theories beyond the mere language of the patent claim.'"); *Mobile Telecommunications Techs., LLC v. Sprint Nextel Corp.*, 2:12-CV-832-JRG-RSP, 2014 WL 12609359, at *1 (E.D. Tex. Apr. 25, 2014) ("Notice is the **core function** of P.R. 3-1 contentions.") (emphasis added).

From the very beginning of this case, Sol has made clear it is asserting numerous LTE-essential patents that are practiced by every single LTE device, only excluding a few expressly identified devices. In its original Complaint for Patent Infringement, Sol stated, "[each Defendants'] mobile network communicates with customer's mobile devices (also referred to as "terminals" or "user equipment"), such as mobile phones, smartphones, tablets, and mobile hotspots, in accordance with LTE Standards including LTE Release 8 (and later) and LTE Release 10 (and later)." Dkt. 1 at ¶ 23. Sol also referenced in the complaint its pre-suit letters to each Defendant, which stated in no uncertain terms: "We believe that **all LTE and/or LTE Advanced products** made, used, offered for sale, sold, or imported by your company use one or more claimed inventions of each of ETRI LTE Patents and thus infringe the ETRI LTE Patents." *Id.* at ¶ 36. (emphasis added).

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

Sol IP's first infringement contentions set a definition for accused devices sold directly by Defendants and another for accused devices sold by third-parties (but used on Defendants' networks):

> As used in the table below, "Accused Usage Devices" refers to all mobile devices used on each defendants' mobile network on or after the issuance of a patent-in-suit, excluding any Excluded Devices; and "Accused Sale Devices" refers to all mobile devices sold by defendants on or after the issuance of a patent-in-suit, excluding any Excluded Devices. "Excluded Devices"

Exh. A at 3. In either case, Sol ensured the scope included "**all mobile devices**," except for Amazon, Apple, and Samsung devices. Directly below those definitions, Sol included a table indicating which claims applied to which accused devices, noting for each one that Sol was accusing those mobile devices that used the carriers' LTE network:

| Patent | Infringing Instrumentalities |
|---|---|
| 9,603,174 | Claims 9–12, 14–16: All Accused Usage Devices and Accused Sale Devices configured to communicate in accordance with LTE Release 8 (or later), excluding any Apple Devices. |
|  | Claims 25–28, 30–32: Each defendants' mobile network, including all base station equipment configured to communicate in accordance with LTE Release 8 (or later). |
| 8,761,814 | All asserted claims: (1) Each defendants' mobile network, including all base station equipment configured to communicate in accordance with LTE Release 8 (or later); and (2) all Accused Usage Devices and Accused Sale Devices configured to communicate in accordance with LTE Release 8 (or later). |

*Id.* at 4.

In addition to unequivocally stating that the accused products encompassed **all LTE devices** not expressly excluded, Sol included in its infringement contentions a list of representative devices for each carrier. *Id.* at 7. ("'Accused Sale Devices and Accused Usage Devices' include, but are not limited to, the devices identified below."). And just in case someone could read all the references to "all devices" and think the accused products were limited to *just* the representative lists—as Defendants now contend—Sol stated that "**any additional devices** are included within

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

the scope of the 'Accused Sale Devices and Accused Usage Devices,' **regardless whether listed above**." *Id.* at 9. In the face of all of these statements, Defendants' confusion is not credible.

Sol's infringement contentions sufficiently identified the scope of accused products to include all LTE devices well before Sol served its expert reports. Sol was not required to provide an exhaustive list of every LTE device sold by each Defendant. Patent Rule 3-1(b) only requires "Each product, device, and apparatus must be identified by name or model number, **if known**." (emphasis added). *See also Secure Axcess LLC v. HP Enter. Services, LLC*, 6:15-CV-208, 2016 WL 7042229, at *3 (E.D. Tex. Sept. 20, 2016) ("[Rule 3-1] only require[es] plaintiffs to identify specific products that were publicly available and known by plaintiffs."). Sol provided all the devices known at the time. Further, the use of representative products has been recognized as proper by this Court on multiple occasions. *Rapid Completions LLC v. Baker Hughes Inc.*, 6:15-CV-724, 2016 WL 3407688, at *6 (E.D. Tex. June 21, 2016) ("PICs serve a notice function, and thus Rapid Completions is correct that it does not have to present every single permutation of its infringement case, provided it will have the same infringement theory regardless of the variability in Defendant's products.").

Defendants' own discovery responses confirm they were well aware of the accused products scope. For example, when Sol sought a list of all "Relevant Offerings," ██████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████ *See* Sprint's Third Supplemental and Amended Response to Common Interrogatory No. 3 [Exh. B].

Sol IP's Common Interrogatory No. 8 also asked each Defendant to "Provide, in the form of a chart **for each Accused Offering**, on a monthly basis starting with the first sale or usage of the Accused Offering, a complete description of: all quantities sold of the Accused Offering … the

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

amount of mobile network data utilized and … all revenues received from sales of the Accused Offering; all revenues received from mobile network data allowances or usage of the Accused Offering…" *See* Interrogatory No. 8, Plaintiff's Third Set Of Common Interrogatories To Defendants (Nos. 8–10) [Exh. C]. Contrary to the representations in the Motion, ████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████

Defendants seek to apply a heightened standard under Rule 3-1 for SEP cases in order to artificially limit damages at the eleventh hour. For example, even when both sides recognize an entire industry of a thousand models are at issue in an SEP case, Defendants would have Plaintiffs list out every single model or risk having a missed model deducted from a damages model. This is contrary to the purpose of the Rules. "The Patent Rules intend to strike a balance of providing fair notice to defendants without requiring unrealistic, overly factual contentions from plaintiffs, but the burden of notice the Patent Rules place on plaintiffs is intended to be a shield for defendants, **not a sword.**" *Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d 815, 818 (E.D. Tex. 2006) (emphasis added).

The exhaustive list approach is especially unhelpful in an SEP case, where infringement can be established by compliance with the standard. *Optis Wireless Tech., LLC v. Huawei Techs. Co. Ltd.*, 217CV00123JRGRSP, 2018 WL 3375192, at *1 (E.D. Tex. July 11, 2018) ("There are different ways of showing infringement of a standard essential patent. One could indirectly prove infringement by showing that (1) the standard necessarily meets the elements of the claim, (2) the accused product complies with the standard, and therefore (3) the accused product meets the claim. This indirect evidence approach may not require significant analysis of the accused product.");

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

*Panoptis Patent Mgmt., LLC v. Blackberry Corp*., 216CV00059JRGRSP, 2017 WL 780885, at *1 (E.D. Tex. Feb. 10, 2017) ("In fact, a party asserting a standard essential patent will often rely on compliance with the standard as the sole basis for infringement at trial. However unwise that practice might be, the point is that **alleging infringement of a standard essential patent is different than alleging ordinary infringement** because standard essential patent infringement rests on compliance with a universal industry standard.") (emphasis added); *Fujitsu Ltd. v. Netgear Inc*., 620 F.3d 1321, 1327 (Fed. Cir. 2010) ("We agree that claims should be compared to the accused product to determine infringement. However, if an accused product operates in accordance with a standard, then comparing the claims to that standard is the same as comparing the claims to the accused product.").

Therefore, requiring an exhaustive list of all device models in an SEP case would prioritize formalistic lists (that are in the possession of Defendants) above the recognized purpose of the disclosures.

### B. Defendants Waived Any Issues With Sol IP's Infringement Contentions Through Strategic Delay.

This Court has recognized that **Defendants** have the burden of clarifying any confusion over the scope of infringement contentions. *See Fenner Invs., Ltd. v. Hewlett–Packard Co.,* 6:08–CV–273, 2010 WL 786606, at *3 (E.D. Tex. Feb. 26, 2010) ("If Defendants were unclear as to the scope of the contentions, **it was their responsibility** to work with Plaintiff, informally or through motion practice, to clarify the issue.") (emphasis added). Defendants made the strategic decision to wait until the end of discovery—and only 3 months before trial—to complain about Sol IP's infringement contentions and to suggest they were unclear about the scope of the accused products. Though hoping to claim prejudice by waiting to raise the issue, Defendants' delay results in waiver.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

The defendants in *Orion IP, LLC v. Staples, Inc.*, tried the same gambit as Defendants here. 407 F. Supp. 2d 815, 817 (E.D. Tex. 2006). The *Orion* plaintiff served infringement contentions using screenshots of Toyota's website to identify the accused products *Id.* at 816. When the plaintiff later served an expert report analyzing portions of Toyota's website not included in its infringement contentions, the defendants moved to strike portions of the expert report and preclude the plaintiff from amending its infringement contentions. *Id.* This Court rejected the argument and, in the process, made clear that "defendants also have a responsibility to make sure they fully understand the nature of plaintiffs' allegations. **A defendant cannot lay behind the log until late in the case and then claim it lacks notice** as to the scope of the case or the infringement contentions." *Id.* at 818 (emphasis added)

In so holding, this Court noted that the plaintiff's broad discovery requests should have made Toyota realize it misunderstood the scope of the accused products. *Id.* at 817 ("Throughout this litigation, Orion has repeatedly requested discovery related to the entire Toyota website, and Toyota's own argument demonstrates it realized Orion's accusations extended beyond only the 'Model Selector' pathways.'"). The Court then juxtaposed Toyota's apparent notice with its lack of action: "Yet, Toyota apparently did not seek to clarify the breadth of Orion's PICs. If Toyota was unable to reach an understanding with Orion, Toyota could have filed a motion with the Court seeking clarification of Orion's PICs." *Id.* Toyota's intentions were clear to this Court: "**Toyota opted to wait to clarify the issue until such a time that it could claim prejudice if the PICs were not read as narrowly as it wanted.**" *Id.* (emphasis added).

This Court took the same position against strategic delays in *Fenner Investments, Ltd. v. Hewlett-Packard Co.*, CIV.A. 6:08-CV-273, 2010 WL 786606, at *3 (E.D. Tex. Feb. 26, 2010). The plaintiff in the case identified Windows Server 2003 as one example of the accused products,

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

just like Sol did with its list of exemplar LTE devices for each Defendant here. *Id.* at *3 (E.D. Tex. Feb. 26, 2010) ("[T]ools contained in server operating systems **such as** Windows Server 2003.") (emphasis in original). And similar to the Defendants in this case, the defendant in *Fenner* argued that "because Windows Server 2003 was the only operating system explicitly identified," the plaintiff's claims were limited to just Windows Server 2003." *Id.* This Court rejected the defendant's "explicitly identified" standard and put the burden on the defendant to resolve any confusion regarding infringement contentions: "If Defendants were unclear as to the scope of the contentions, it was their responsibility to work with Plaintiff, informally or through motion practice, to clarify the issue." *Id.*

Finally, this Court rejected the same dilatory tactics in *L.C. Eldridge Sales Co., Ltd. v. Azen Mfg. Pte., Ltd.*, 6:11CV599, 2013 WL 7937026, at *6 (E.D. Tex. Oct. 11, 2013), noting that "Defendants completed the entire claim construction process, more than a year of discovery, and expert discovery without complaining that they could not discern Plaintiffs' theory from their contentions. Thus, Defendants cannot now claim that they did not have notice.")

Just like the defendants in *L.C. Eldridge*, *Fenner*, and *Orion*, Defendants in this case "knew, or should have known" Sol intended to accuse more than the expressly named devices. *Orion*, 407 F. Supp. 2d at 818. Defendants received a multitude of interrogatories inquiring about all LTE devices and associated metrics such as revenues and data usage. *See* Exh. C. Defendants also sat through more than 40 depositions in which Sol made clear through its questions that its infringement theories pertained to *all* unlicensed LTE devices. *See, e.g.*, ███████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████

The rationale of the above cases is even more persuasive in this case, which involves SEPs. Defendants "could have easily sought clarification either informally or by motion. It did neither, and **now seeks to use its alleged lack of clarification to its advantage at this stage of the proceeding**." *Orion*, 407 F. Supp. 2d at 818 (emphasis added). Defendants should not be rewarded for their willful blindness.

### C.  Whatever Complaints Defendants May Have Are Now Moot.

Despite the fact that Sol's infringement contentions make clear that all unexcluded LTE devices are accused, Defendants claim that the contentions did not put them on sufficient notice that devices beyond those expressly listed are at issue. However, Sol mooted the issue when it served supplemented contentions on January 20, 2020. Defendants try to frame this supplement as an attempt to sneak in unknown devices. Not so. Sol merely replaced the exemplar device list with a direct citation to the **Defendants' own interrogatory responses**:



FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

The revision in no way altered the scope of the accused products which encompassed devices practicing the standard. But to the extent Defendants complain of a failure to exhaustively list each device in an SEP case, that complaint is now moot.

In *Mobile Telecommunications Techs., LLC v. Sprint Nextel Corp*, this Court faced a similar motion that it rejected as moot. 2:12-CV-832-JRG-RSP, 2014 WL 12609359 (E.D. Tex. Apr. 25, 2014). The defendant argued that the infringement contentions in the case were deficient because plaintiffs described the accused products as "Samsung Wireless Devices that utilize the Android operating system, including but not limited to those devices listed in Exhibit A." *Id.* at *1. While this Court did determine that the plaintiff needed more detail in its infringement contentions, the Court also "observe[d] that, since discovery began in this case, MTEL has already provided Samsung an updated list of allegedly infringing devices. Thus, this dispute is now moot. Accordingly, the Court DENIES the Motion on these grounds." *Id.* Sol IP's supplement should have the same effect here, as it also provided a list of devices to Defendants. In fact, Sol did so in an even clearer way: by citing to Defendants' own interrogatory responses. To the extent Defendants have any legitimate complaints about Sol IP's infringement contentions, they are now moot.

## II.    Dr. Wells Properly Included Doctrine Of Equivalents Theories After Sol Served Clarified Infringement Contentions.

Defendants incorporate by reference their arguments in their Motion to Strike Infringement Contentions. Motion at 7, citing Dkt. 319. Accordingly, Sol IP incorporates by reference its response to those arguments, contained in Section II of its Response in Opposition. Dkt. 339.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

### III.   Dr. Wells' Citation To Source Code Is Not A New Theory Of Infringement, It Is Evidence To Support The Functionalities Already Identified In Hundreds Of Pages Of Claim Charts.

Defendants' argument that parties must disclose all *evidence* in support of their infringement theories in their infringement contentions is wholly unsupported by case law or the local rules. Because the source code confirms that Defendants are infringing Sol's patents, Defendants are collaterally attacking the use of source code in this case by labeling it as a "theory of infringement." It is not an infringement theory. Sol's hundreds of pages of claim charts lay out the specific functionalities of the accused products and a comparison of those functions to the plaintiff's invention. How the identified functionalities that amount to infringement are *established with evidence* does not change the functionalities themselves. For example, Sol has accused the random-access procedure performed by the accused products. Whether Sol uses deposition testimony, compliance documents or source code to establish how the devices perform the random-access procedure does not change the way Sol accuses the functionality of working and infringing.

The purpose of the Patent Rules is to put defendants *on notice* of a plaintiff's infringement theories. Their purpose is not the marshaling of evidence. Rather, the Patent Rules and case law *expect* plaintiffs to identify additional evidence in expert reports to support infringement contentions. *Mobile Telecommunications Techs., LLC v. Sprint Nextel Corp.*, 2:12-CV-832-JRG-RSP, 2014 WL 12609359, at *1 (E.D. Tex. Apr. 25, 2014) ("Notice is the core function of P.R. 3-1 contentions—including contentions made under P.R. 3.1(g)—and although such "contentions must be reasonably precise and detailed ... they need not meet the level of detail required, for example, on a motion for summary judgment on the issue of infringement."); *Mobility Workx, LLC v. Cellco P'ship*, 4:17-CV-00872, 2019 WL 5721814, at *5 (E.D. Tex. Nov. 5, 2019) ("A degree of generality is permitted because '[i]nfringement contentions are not intended to act as a forum

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

for argument about the substantive issues but rather serve the purpose of providing notice to the Defendants of infringement theories beyond the mere language of the patent claim.'").

Defendants' position would require plaintiffs to disclose at the outset of the case all of its evidence to support its contentions. Not only is that an unreasonable burden on plaintiffs, it is also impossible. How could plaintiffs ever use deposition testimony to support their contentions? Or documents produced late in discovery? Plaintiffs are not limited to the evidence cited in their infringement contentions and are expected to add additional support, including source code, in expert reports and at summary judgment in order to further establish the way in which the accused products operate. Defendants do not argue that Sol has changed its description of the infringing functionality – they simply broadly claim that by virtue of citing source code Sol has changed its infringement theories. This is incorrect, and the Court should reject it.

## CONCLUSION

Defendants' Motion should be denied.

DATED: March 5, 2020

Respectfully submitted,

By: _____ /s/ Rocco Magni _____

Max L. Tribble Jr.
  Texas State Bar No. 20213950
  mtribble@susmangodfrey.com
Joseph S. Grinstein
  Texas State Bar No. 24002188
  jgrinstein@susmangodfrey.com
Bryce T. Barcelo
  Texas State Bar No. 24092081
  bbarcelo@susmangodfrey.com
**SUSMAN GODFREY LLP**

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Kalpana Srinivasan
    California State Bar No. 237460
    ksrinivasan@susmangodfrey.com
Kathryn P. Hoek
    California State Bar No. 219247
    khoek@susmangodfrey.com
Oleg Elkhunovich
    California State Bar No. 269238
    oelkhunovich@susmangodfrey.com
**SUSMAN GODFREY LLP**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

Daniel J. Shih
    Washington State Bar No. 37999
    dshih@susmangodfrey.com
**SUSMAN GODFREY LLP**
1201 Third Avenue, Suite 3800
Seattle, Washington 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883

Jason Bertoldi
    New York State Bar No. 5438916
    jbertoldi@susmangodfrey.com
**SUSMAN GODFREY LLP**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

S. Calvin Capshaw
    Texas State Bar No. 03783900
    ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
    Texas State Bar No. 05770585
    ederieux@capshawlaw.com
**CAPSHAW DERIEUX LLP**
114 East Commerce Avenue

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

Gladewater, TX 75647
Telephone: (903) 845-5770

Seong Jun Park
edward.park@fidelis-laws.com
**FIDELIS LAW GROUP PLLC**
444 W Broad St Unit 426
Falls Church, VA 22046
Telephone: (571) 310-2302

**ATTORNEYS FOR PLAINTIFF
SOL IP, LLC**

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 5th day of March, 2020, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

*/s/ Rocco Magni*
Rocco Magni

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

Pursuant to Local Rule CV-5(a)(7), I hereby certify that the filing under seal of the foregoing document is authorized by the Court pursuant to Paragraph 18 of the Protective Order entered by the Court on March 13, 2019, because the document contains "designated material" under the Protective Order.

*/s/ Rocco Magni*
Rocco Magni

15