**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| SOL IP, LLC | § § § | |
| Plaintiff, | § | |
| v. | § § | Case No. 2:18-CV-00526-RWS-RSP (Lead) |
| AT&T MOBILITY LLC, | § § § | |
| Defendant, | § | |
| NOKIA OF AMERICA CORPORATION, | § § | |
| Intervenor, | § § | |
| SPRINT COMMUNICATIONS COMPANY L.P., et al., | § § | Case No. 2:18-CV-00527-RWS-RSP |
| CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS. | § § § | Case No. 2:18-CV-00528-RWS-RSP |

**PLAINTIFF'S SUR-REPLY TO MOTION TO STRIKE CERTAIN PORTIONS OF THE EXPERT TESTIMONY OF JONATHAN WELLS AND PHILIP GREEN**

Defendants' Reply does not expressly dispute that each Defendant knew Sol had accused all LTE devices with the exception of a few expressly listed, carved-out manufacturers. In turn, Defendants had full knowledge of the accused products as to which Sol IP's experts would opine in their infringement reports and damages analyses. The very nature of this case—asserting infringement based on practicing of the telecommunications LTE and WIFI standards—precludes Defendants from doing so. Not surprisingly, discovery in the case, including dozens of depositions, only further corroborates that Defendants were on notice that Sol's infringement and damages theories pertained to *all* unlicensed LTE devices and that all parties had knowledge of this long before the service of expert reports in this case. *See, e.g.*, Deposition of Sidharth Sibal (Verizon) at 32:24-33:1 ▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ [Exh. A]; Deposition of David Jones

1

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

(AT&T) at 44:17-19 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ [Exh. B]; Deposition of Jennifer Riggs (Sprint) at 26:11-14 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ [Exh. C].

Defendants' inability to disclaim notice that all practicing LTE devices were accused by Sol's contentions—and in turn that Defendants did not suddenly learn of the accusations through expert reports—is fatal to their Motion. The infringement contentions sufficiently put Defendants on notice of the products in this case as to which the experts would opine. *Mobility Workx, LLC v. Cellco P'ship*, 4:17-CV-00872, 2019 WL 5721814, at *5 (E.D. Tex. Nov. 5, 2019) ("A degree of generality is permitted because '[i]nfringement contentions are not intended to act as a forum for argument about the substantive issues but rather serve the purpose of providing notice to the Defendants of infringement theories beyond the mere language of the patent claim.'"); *Mobile Telecommunications Techs., LLC v. Sprint Nextel Corp.*, 2:12-CV-832-JRG-RSP, 2014 WL 12609359, at *1 (E.D. Tex. Apr. 25, 2014) ("Notice is the **core function** of P.R. 3-1 contentions.") (emphasis added). Given that Defendants were put on notice that all LTE devices—minus those expressly enumerated—were accused, nothing in the expert reports are new theories meriting striking.

Without being able to demonstrate lack of notice prior to the expert reports, Defendants' claims of prejudice likewise fall completely flat. Since Defendants had notice, any unpursued legal strategies were deliberate. Any harm Defendants suffered was self-inflicted.

Overall, Defendants' attempt at striking portions of Sol's expert reports despite being on notice of supposedly new accusations turns the patent rules into a formalistic sword. And this Court has already expressed that such a strategy is inappropriate. *Orion IP, LLC v. Staples, Inc.*,

407 F. Supp. 2d 815, 818 (E.D. Tex. 2006) (emphasis added) ("The Patent Rules intend to strike a balance of providing fair notice to defendants without requiring unrealistic, overly factual contentions from plaintiffs, but the burden of notice the Patent Rules place on plaintiffs is intended to be a shield for defendants, **not a sword.**") (emphasis added).

Defendants' Reply only reinforces that they consciously chose *not* to raise the issue of accused products with the Court. Defendants point to a letter from Sprint raising discussing the use of exemplars in Sol's infringement contentions. Dkt. 395 at Exhibit 5. The letter was written nearly a year ago, yet Defendants waited to file their Motion to Strike until after Sol served expert reports. "If Defendants were unclear as to the scope of the contentions, **it was their responsibility** to work with Plaintiff, informally or through motion practice, to clarify the issue." *Fenner Invs., Ltd. v. Hewlett–Packard Co.,* 6:08–CV–273, 2010 WL 786606, at *3 (E.D. Tex. Feb. 26, 2010) (emphasis added). Defendants chose to ignore their responsibility for strategic advantage, just like Toyota's motion to strike expert reports in *Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d 815, 817 (E.D. Tex. 2006) ("Toyota opted to wait to clarify the issue until such a time that it could claim prejudice if the PICs were not read as narrowly as it wanted."); *Id.* at 818 (denying motion to strike expert report and stating, "Yet, Toyota apparently did not seek to clarify the breadth of Orion's PICs. If Toyota was unable to reach an understanding with Orion, Toyota could have filed a motion with the Court seeking clarification of Orion's PICs").

Defendants' Motion should be denied.

DATED: March 20, 2020                               Respectfully submitted,

                                                    By:   */s/ Rocco Magni*

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

    Max L. Tribble Jr.
        Texas State Bar No. 20213950
        mtribble@susmangodfrey.com
    Joseph S. Grinstein
        Texas State Bar No. 24002188
        jgrinstein@susmangodfrey.com
    Rocco Magni
        Texas State Bar No. 24092745
        rmagni@susmangodfrey.com
    Bryce T. Barcelo
        Texas State Bar No. 24092081
        bbarcelo@susmangodfrey.com
    **SUSMAN GODFREY LLP**
    1000 Louisiana Street, Suite 5100
    Houston, TX 77002
    Telephone: (713) 651-9366
    Facsimile: (713) 654-6666

    Kalpana Srinivasan
        California State Bar No. 237460
        ksrinivasan@susmangodfrey.com
    Kathryn P. Hoek
        California State Bar No. 219247
        khoek@susmangodfrey.com
    Oleg Elkhunovich
        California State Bar No. 269238
        oelkhunovich@susmangodfrey.com
    Eliza Finley
        California State Bar No. 301318
        efinley@susmangodfrey.com
    **SUSMAN GODFREY LLP**
    1900 Avenue of the Stars, Suite 1400
    Los Angeles, CA 90067
    Telephone: (310) 789-3100
    Facsimile: (310) 789-3150

    Daniel J. Shih
        Washington State Bar No. 37999
        dshih@susmangodfrey.com
    **SUSMAN GODFREY LLP**
    1201 Third Avenue, Suite 3800
    Seattle, Washington 98101
    Telephone: (206) 516-3880
    Facsimile: (206) 516-3883

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

        S. Calvin Capshaw
           Texas State Bar No. 03783900
           ccapshaw@capshawlaw.com
        Elizabeth L. DeRieux
           Texas State Bar No. 05770585
           ederieux@capshawlaw.com
        **CAPSHAW DERIEUX LLP**
        114 East Commerce Avenue
        Gladewater, TX 75647
        Telephone: (903) 845-5770

        Seong Jun Park
           edward.park@fidelis-laws.com
        **FIDELIS LAW GROUP PLLC**
        444 W Broad St Unit 426
        Falls Church, VA 22046
        Telephone: (571) 310-2302

        **ATTORNEYS FOR PLAINTIFF
        SOL IP, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2020, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

                                                      _/s/ Rocco Magni_
                                                      Rocco Magni

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

Pursuant to Local Rule CV-5(a)(7), I hereby certify that the filing under seal of the foregoing document is authorized by the Court pursuant to Paragraph 18 of the Protective Order entered by the Court on March 13, 2019, because the document contains "designated material" under the Protective Order.

*/s/ Rocco Magni*
Rocco Magni
