# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| SOL IP, LLC, *Plaintiff*, v. AT&T MOBILITY LLC, *Defendant*, ERICSSON INC. and NOKIA OF AMERICA CORPORATION, *Intervenors*. | § § § § § § § § § § § § | Case No. 2:18-CV-00526-RWS-RSP LEAD CASE |
| SPRINT CORPORATION, SPRINT COMMUNICATIONS COMPANY L.P., SPRINT SOLUTIONS, INC., and SPRINT SPECTRUM L.P., *Defendants*, ERICSSON INC. and NOKIA OF AMERICA CORPORATION, *Intervenors*. | § § § § § § § § § § § § | Case No. 2:18-CV-00527-RWS-RSP CONSOLIDATED CASE |
| VERIZON COMMUNICATIONS INC. and CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, *Defendants*, ERICSSON INC. and NOKIA OF AMERICA CORPORATION, *Intervenors*. | § § § § § § § § § § § § | Case No. 2:18-CV-00528-RWS-RSP CONSOLIDATED CASE |

## MEMORANDUM ORDER

Before the Court is Defendants'[1] Motion to Strike Plaintiff's First and Third Supplements

to First Amended Infringement Contentions ("Motion to Strike"). Dkt. No. 319. This Motion to

---

[1] The Court will refer to Defendants and Intervenors collectively as "Defendants" for the purposes of this Order. The Court will refer to AT&T Mobility LLC, Sprint Communications Co. L.P.,

Strike seeks to strike two different supplements to Plaintiff Sol IP, LLC's ("Sol IP") infringement contentions. Defendants seek to strike Sol IP's First Supplement to its infringement contentions because that supplement allegedly seeks to assert a new doctrine-of-equivalents ("DOE") theory. Defendants also move to strike Sol IP's Third Supplement to its infringement contentions because that supplement allegedly seeks to add hundreds of additional mobile devices that were not previously named in the infringement contentions. *Id.* at 1.

## I. DOCTRINE OF EQUIVALENTS ARGUMENT

The Court will deny the motion to strike and permit Sol IP to amend its infringement contentions to add specific allegations concerning DOE on the "short sequence" claim term.[2] The Court concludes that good cause is present under at least P.R. 3-6(b) to permit Sol IP to add allegations regarding DOE.[3]

Under the Local Patent Rules, leave to amend or supplement infringement contentions may be made "only upon a showing of good cause." P.R. 3–6(b). The Federal Circuit has stated that "'good cause' requires a showing of diligence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). While courts have broad discretion to allow modifications, four factors are often considered in ruling on such motions: "(1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded if the proposed

---

Sprint Solutions, Inc., Sprint Spectrum, L.P., Verizon Communications Inc., and Cellco Partnership D/B/A Verizon Wireless collectively as "Carriers."

[2] The "short sequence" terms appears in Claim 1 of the '565 Patent, Claims 1 and 5 of the '571 Patent, Claims 1 and 15 of the '064 Patent, and Claims 15 and 16 of the '438 Patent. Dkt. No. 281 at 29. The Court ultimately construed "short sequence" to mean "binary sequence (or binary code) representing cell group information that has a length corresponding to half the number of subcarriers allocated to the secondary synchronization channel." *Id.* at 33.

[3] Because the Court concludes that good cause is present here to permit an amendment pursuant to P.R. 3-6(b), the Court does not reach the issue of whether Sol IP is permitted to amend its infringement contentions pursuant to P.R. 3-6(a)(1).

amendment is not allowed; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice." *Packet Intelligence LLC v. NetScout Sys., Inc.*, No. 2:16-cv-00230, 2017 WL 2531591, at *1 (E.D. Tex. Apr. 27, 2017).

### a. Diligence and Explanation for the failure to meet the deadline

Sol IP was sufficiently diligent to permit a finding of good cause. The relevant claim construction order was entered on December 17, 2019 (Dkt. No. 281), and Sol IP served its First Supplement with the DOE theory on January 20, 2020 (Dkt. No. 319 at 3 (citing Dkt. No. 319-10 at 7)). Thus, Sol IP supplemented its infringement contentions shortly after the claim construction order in the case. Additionally, Sol IP points out that it supplemented its infringement contentions to add this DOE theory before Defendants argued within rebuttal reports that the "short sequence" term was not present under the Court's construction. Dkt. No. 339 at 12.

Defendants argue that Sol IP waited four months after Defendants identified their proposed claim constructions. Dkt. No. 319 at 7. The Court ultimately adopted Defendants' construction for the "short-sequence" term. *Compare* Dkt. No. 281 at 33 *with* Dkt. No. 176-1 at 37. The fact that Defendants asserted the same construction since September 11, 2019 prevents this factor from weighing significantly in Sol IP's favor. However, the Court concludes that this factor still weighs slightly in favor of Sol IP because Sol IP acted promptly in amending its contentions after the Markman Order was entered.

The Court also notes that this case involved two days of Markman proceedings and a very high number of disputed terms. *See* Dkt. No. 253-1; 253-2; 253-3 (showing 4-5(d) charts for this case and the significant number of terms that were in dispute here). If Sol IP were required to amend its contentions to account for Defendants' proposed constructions on every term before the Markman order, this would create a significant burden. Because of this, Defendants' arguments

that Sol IP was aware of Defendants' proposed construction for at least four months carry lesser weight.

### b. Importance

The Court concludes that the proposed contentions for DOE are important to this case and that this factor weighs in favor of Sol IP. The "short sequence" construction impacts all asserted claims within the '565 Patent, '571 Patent, '064 Patent, and '438 Patent. *Compare* Dkt. No. 281 at 29 *with* Dkt. No. 344 (showing that Sol IP has elected claim 3 of the '565 Patent, claim 5 of the '571 Patent, claim 1 of the '064 Patent, and claim 16 of the '438 Patent). Sol IP points out that Defendants' rebuttal reports argue non-infringement by "claiming that the secondary synchronization channel is composed of subcarriers with synchronization information and empty buffer subcarriers." Dkt. No. 339 at 13 (citing Dkt. No. 339-5 at ¶¶ 238–39).[4] Sol IP also argues that, "by counting empty buffer subcarriers to lengthen the transmission to more than 62 subcarriers, Defendants [] argue that half the secondary synchronization transmission was more than 31 subcarriers." Dkt. No. 339 at 11. Thus, infringement contentions regarding the DOE for the "short-sequence" term are important as they could be dispositive of the infringement claims for four different patents-in-suit.

While Defendants argue that the four affected patents constitute a mere fraction of the twenty-seven asserted patents (Dkt. No. 319 at 9–10), the Court concludes that this argument is entitled to limited weight as the amendments are related to a potentially dispositive issue for at least four patents. Defendants also argue that Sol IP's "delay in adding its DOE theory belies any

---

[4] As stated above, the "short sequence" term appears in Claim 1 of the '565 Patent, Claims 1 and 5 of the '571 Patent, Claims 1 and 15 of the '064 Patent, and Claims 15 and 16 of the '438 Patent. Dkt. No. 281 at 29.

argument that the amendment is important to Sol's case." Dkt. No. 319 at 8. However, the Court finds that the delay was not undue.

### c. Prejudice to Defendants if Sol IP is granted leave to amend

While Defendants have identified ways in which they will be prejudiced if these DOE contentions are permitted, this factor still weighs in favor of Plaintiff. Sol IP asserts that "Defendants were able to serve their non-infringement reports over a month after receiving the contentions, so no new expert work is necessary." Dkt. No. 339 at 13. Sol IP also asserts that Defendants have not taken any expert depositions (at least when Sol IP filed its Response). *Id*. at 14. The Court agrees with Sol IP on both of these points. Furthermore, the Court notes that the proposed amendments are limited to adding doctrine of equivalents theories for a specific term (*see* Dkt. No. 319-1), and they do not fundamentally change Sol IP's infringement theories for the case.

Defendants assert that Sol IP's "tardiness deprived Defendants of having the full scope of Sol's allegations at the time of invalidity contentions many months ago." Dkt. No. 319 at 9. However, this argument could be raised in essentially any situation where a plaintiff seeks to amend its infringement contentions, and it does not persuasively show prejudice in the current situation. Defendants argue that they had to make strategic decisions about which claim terms to seek constructions on in light of Sol IP's initial infringement contentions, and that, had they known about this DOE theory, they may have focused their claim construction efforts on other terms. *Id*. Again, this concern is largely present in any situation where a plaintiff seeks to amend its infringement contentions, and it does not persuasively show prejudice in the current situation. While Defendants may have been required to be selective in determining the claim construction arguments that they would present considering the size of this case, the Court concludes that any prejudice caused with respect to this argument is minor.

### d. Availability of a continuance to cure any prejudice

No party has sought a continuance regarding this issue.

### e. Weighing the factors together

Weighing the factors together, the Court concludes that good cause is present to allow Sol IP to include DOE theories in its infringement contentions for the "short sequence" term. Accordingly, the Court will permit Sol IP to amend its contentions to incorporate the First Supplement, and Defendants' Motion to Strike is therefore **DENIED** for this DOE argument.

## II. UNIDENTIFIED ACCUSED PRODUCTS

Sol IP concedes that it identified by name in its contentions only a subset of accused products, and then followed that with all other devices "configured to communicate in accordance with LTE Release 8 (or later)." Sol IP relies upon that "catch-all" language but this approach is contrary to this Court's local rules and to this Court's case law on the issue. Patent Local Rule 3-1(b) provides that:

> Separately for each opposing party, the "Disclosure of Asserted Claims and Infringement Contentions" shall contain the following information: . . . (b) Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. *This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known.* Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process . . . . (emphasis added).

While Sol IP does not actually assert that it did not know any of the product names omitted from the initial contentions, it emphasizes in Brief the phrase "if known." The only reasonable meaning of that phrase is "if reasonably knowable from information publicly available or otherwise in its possession." The rule cannot mean that a party can shield itself from its obligations by

declining to look at that which is reasonably available to it. Defendants even offer pre-suit correspondence from Sol IP naming some of those devices as infringing. It is simply not credible that Sol IP did not previously know of any of the devices added on the Third Supplement.

This Court has interpreted this rule in several cases. In *Keranos, LLC v. Silicon Storage Tech., Inc.*, Judge Schneider denied a late-stage motion for leave to amend infringement contentions to add additional products disclosed by the defendants during discovery. No. 2:13-cv-17, 2013 WL 5763738, at *2–4 (E.D. Tex. Aug. 5, 2013), *vacated in part*, 797 F.3d 1025 (Fed. Cir. 2015). Judge Schneider opined as follows:

> Plaintiff has failed to demonstrate that it acted diligently in searching for and naming the additional products that incorporate the accused technology. Defendants demonstrate a number of means through which Plaintiff could have identified products incorporating the SuperFlash technology. Instead of making these efforts, Plaintiff chose to list a handful of exemplar products and then demand that Defendants disclose additional products. But the burden is on Plaintiff, not Defendants, to search for and identify infringing products to the extent possible based on [publicly] available information. *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F.Supp.2d 558, 560 (E.D. Tex. 2005) ("The Patent Rules demonstrate high expectations as to plaintiffs' preparedness before bringing suit, requiring plaintiffs to disclose their preliminary infringement contentions before discovery has even begun.").

*Id*. at *3. Judge Schneider also stated that:

> the Court finds significant the sheer volume of the additional products Plaintiff seeks to add. It may be conceivable that even acting diligently, Plaintiff would have failed to identify some of the products that incorporate the accused technology. Instead, Plaintiff found the efforts to identify products to be expensive and cumbersome and instead disclosed only a few products in its original contentions, then demanded that Defendants identify the remaining products that incorporate the accused technology. This is contrary to Plaintiff's responsibility under the local patent rules and demonstrates a lack of diligence by Plaintiff.

*Id*. at *4.[5]

Other cases within this district echo the reasoning provided by Judge Schneider in *Keranos*. For example, in *Tivo Inc. v. Samsung Elecs. Co.*, Judge Gilstrap opined as follows:

> Under Local Patent Rule 3-1, TiVo was required to identify each accused product in its infringement contentions as specifically as possible, including name and model number, if known. This disclosure is intended to put defendants on reasonable notice of what products are accused. Here, TiVo only identified four accused DVR set-top box products and expects Samsung to locate the remaining Samsung products that might be implicated by TiVo's infringement theory. However, it is TiVo, not Samsung, who knows best what its infringement theory is. Samsung was not properly on notice that a previously-unnamed customer's products might be implicated based on the Original Contentions. TiVo cannot simply rely on the "same or similar functionality" language to sweep in additional products that have not been identified with sufficient specificity in the Original Contentions.
>
> Accordingly, the Court determines that model numbers SX022ANC and SX022ANM were not reasonably disclosed in the Original Contentions. Without leave of court to add additional accused products, which may only be entered upon a showing of good cause under Local Patent Rule 3-6(b), TiVo may not accuse these products.

Case No. 2:15-cv-1503, 2016 WL 5172008, at *3 (E.D. Tex. July 22, 2016); *see also Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-cv-00693-JRG-RSP, 2017 WL 3007464, at *3 (E.D. Tex. July 14, 2017) ("Plaintiffs are expected to rigorously analyze all publicly available information before

---

[5] While the Federal Circuit vacated a portion of this Order, this was only because the Court found that Plaintiff "had not shown it diligently searched for and identified infringing products based on all the publicly available information." *Keranos*, 797 F.3d at 1038. The Federal Circuit determined that the record indicated "that publicly available information might not have been available for the products of some appellees and, thus, [Plaintiff] could not have been more diligent with respect to those appellees." *Id*. Because of this, the Federal Circuit vacated and remanded so that the Court could consider on at least a party-by-party basis whether Plaintiff had shown good cause to amend its infringement contentions. *Id*. Thus, the Federal Circuit only vacated to address factual findings as to whether references were publicly available—it did not take issue with the Court's reasoning on legal issues.

bringing suit and must explain with great detail their theories of infringement.") (additional citations omitted).

Sol IP had an obligation to search for all accused products using publicly available information. *See Keranos*, 2013 WL 5763738, at *3. Sol IP also had an obligation to identify the products as specifically as possible, identifying accused products by name or model number, if known. P.R. 3-1(b). Sol IP failed to satisfy its obligations under P.R. 3-1(b) because (1) the vast majority of the newly accused mobile devices could have been identified using publicly available websites and (2) all of the newly accused mobile devices could have been included within amended infringement contentions as soon as Sol IP received a listing of Defendants' mobile devices in discovery. Defendants generated lists of relevant mobile devices mostly by relying on their own publicly available websites. Dkt. No. 319-4 ("The devices that support at least some portion of LTE Release 8 (or later) or IEEE 802.11ac (or later) that Verizon allows or has allowed to be used in its network are found at the following locations: https://www.verizonwireless.com/support/phones-and-devices/ and https://www.verizonwireless.com/internet-devices/"); Dkt. No. 319-5 (showing detailed list provided by Defendants); Dkt. No. 319-6 at 20–29 (pointing to publicly available information at https://support.sprint.com/support/pages/deviceLanding.jsp?pId=1&_requestid=108216 and providing a detailed list of mobile devices). AT&T's contentions, by way of example, merely point to a listing provided in one of the produced documents, and it is unclear whether the produced documents were publicly available. However, AT&T produced this on August 27, 2019, yet Sol IP has never attempted to seek leave to amend its contentions. Instead, Sol IP filed its Third Supplement on January 20, 2020, waiting almost five months after receiving AT&T's initial list.

Instead of providing these specific identifications, Sol IP only identified a small group of Defendants' mobile devices and then utilized a "catch-all" approach attempting to include all LTE products other than a select group of exempt products. Dkt. No. 339 at 3 (citing Dkt. No. 339-1 at 7) ("Accused Sale Devices and Accused Usage Devices' include, but are not limited to, the devices identified below."). This approach was also utilized when Sol IP stated that "any additional devices are included within the scope of the Accused Sale Devices and Accused Usage Devices, regardless whether listed above." Dkt. No. 339-1 at 9–10; *see also id*. at 3 (defining "Accused Usage Devices" as "all mobile devices used by defendants on each defendants' mobile network on or after the issuance of the patent-in-suit, excluding any Excluded Devices" and also defining "Accused Sale Devices" as "all mobile devices sold by defendants on or after the issuance of a patent-in-suit, excluding any Excluded Devices").

This Court has previously rejected the use of catch-all language to satisfy the requirements of 3-1(b). *Alacritech Inc. v. CenturyLink, Inc*., 2017 WL 3007464, at *3 (E.D. Tex. July 14, 2017). In *Alacritech*, the Court stated that the plaintiff's "use of [] catch-all language does not satisfy P.R. 3-1(b), because it does not provide adequate notice to [the defendant] of the allegedly infringing devices. Instead, this language puts the onus on [the defendant] to determine what devices infringe—which is contrary to the intent of the Patent Rules." *Id*. The Court also stated that "this catch-all language, either in [plaintiff's] current contentions or in any future contentions, has no effect under the rules and may be disregarded by [the defendant]." *Id.* at *5.

While Sol IP also argues that "the use of representative products has been recognized as proper by this Court on multiple occasions," *Id*. (citing *Rapid Completions LLC v. Baker Hughes Inc*., 6:15-CV-724, 2016 WL 3407688, at *6 (E.D. Tex. June 21, 2016)), this argument misses the point. It is true that representative products are permitted by this Court, but that is to satisfy the

charting requirement of the contentions, not the accused product identification. *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693-JRG-RSP, 2017 WL 3007464, at *4 (E.D. Tex. July 14, 2017) (permitting plaintiff to correct its infringement contentions for products that were listed but not charted by providing an explanation for why "there are no material differences between the accused instrumentalities that affect its infringement theories for the uncharted products"); *see also id.* ("[B]road conclusory allegations that the products are similar does not satisfy the rules, but [] a plaintiff could designate and chart only an exemplar accused product if the plaintiff also provided an explanation of the technical and functional identity of the products represented."); *Tivo*, 2016 WL 5172008, at *3 ("[Plaintiff] cannot simply rely on the 'same or similar functionality' language to sweep in additional products that have not been identified with sufficient specificity in the Original Contentions."). The Court rejected a similar approach taken in *Alacritech*, and the Court rejects Sol IP's approach here.

The violation of the rule is an easy conclusion, but the prejudice issue is more complex. The prejudice to Sol IP from striking the Third Supplement is clear, since those products will be removed from the damages model and they are represented to constitute a significant portion of the claim. However, the prejudice from not striking the supplement is less clear.

Sol IP also contends that Defendants' discovery responses confirm that they were aware of the scope of accused products as they provided a list of over 700 devices, showing that they had notice of Sol IP's theories. *Id*. However, discovery often exceeds the bounds of the accused products, and Defendants respond that the list they provided was all mobile devices, not just those that complied with the LTE standard, because the carriers don't know the details of all such devices.

Sol IP argues that this is an SEP case, making the exhaustive list approach unhelpful. *Id.* at 5–6 (citing *Optis Wireless Tech., LLC v. Huawei Techs. Co. Ltd.*, 2:17-CV-00123-JRG-RSP,

2018 WL 3375192, at *1 (E.D. Tex. July 11, 2018); *Panoptis Patent Mgmt., LLC v. Blackberry Corp.*, 2:16-CV-00059-JRG-RSP, 2017 WL 780885, at *1 (E.D. Tex. Feb. 10, 2017)). However, the cited cases do not say that there is any exception to the rule that accused products must be specifically identified in the infringement contentions for SEP cases. In fact, Sol IP's cited cases show why it is still important to identify products in SEP cases. For instance, in *Optis Wireless*, the Court recognized that "[o]ne could indirectly prove infringement by showing that (1) the standard necessarily meets the elements of the claim, (2) the ***accused product complies with the standard***, and therefore (3) the accused product meets the claim." No. 2:17-cv-00123-JRG-RSP, 2018 WL 3375192, at *1 (E.D. Tex. July 11, 2018) (emphasis added). The Court stated that this approach "relies upon a necessary inference ***tying the product to the standard*** and the standard to the claim." *Id*. (emphasis added). Thus, even in SEP cases, an identification of the products is important so that Defendants may be prepared to analyze whether the product is actually tied to the standard at issue.

Sol IP also contends that Defendants waived any issues with Sol IP's infringement contentions through strategic delay. *Id*. at 6–9. Defendants answer that it was not clear that Sol IP was attempting to assert claims of infringement against all of these mobile devices until it incorporated Defendants' interrogatory responses into Sol IP's amended contentions with the Third Supplement. Defendants also show that they raised this objection expressly with Sol IP both in their discovery responses and in correspondence. E.g. Dkt. No. 372-5 (May 16, 2019 correspondence). Accordingly, the Court cannot find that Defendants waived the objection by waiting until Sol IP attempted to expand the list of accused products with the Third Supplement. Furthermore, Sol IP has offered no explanation as to why, in the face of these objections, it waited until the last day of

fact discovery, four or five months after the discovery responses upon which it relied, to serve the Third Supplement.

Sol IP argues persuasively the Defendants were on notice that the theory of infringement applied to far more products than those named in the Infringement Contentions, and that Sol IP was seeking discovery regarding more products than those named. Those facts may persuade the Court that a continuance to lessen the prejudice to Defendants might be the just way to lessen the prejudice to Plaintiff. But they do not persuade the Court that Sol IP's clear violation of Rule 3-1(b) should be without effect.

### III.   CONCLUSION

Defendants' Motion is therefore **GRANTED-IN-PART**. The Motion is **DENIED** with respect to the First Supplement, but the Motion is **GRANTED** with respect to the Third Supplement's listing of additional accused mobile devices.

**SIGNED this 20th day of April, 2020.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE